## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JANETTE COOPER, JERAMIA COOPER,
JASMYNE COOPER and JOHN LILLARD

v.                                                    CIVIL ACTION NO:

FARMERS NEW CENTURY INSURANCE
COMPANY

### NOTICE OF REMOVAL OF ACTION

TO: **THE HONORABLE JUDGES OF THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

Defendant, Farmers New Century Insurance Company, by and through its attorneys, hereby files this Notice of Removal of the above-captioned matter from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia, and in support thereof avers as follows:

1.     Plaintiffs Janette Cooper, Jeramia Cooper, Jasmyne Cooper and John Lillard commenced this matter by filing a "Complaint For Trial by Jury for Compensatory, Punitive, and Treble Damages for Oligopolistic Corporate Bad Faith and Violation of the District of Columbia Unlawful Trade Practices Act" with the Superior Court of the District of Columbia.

2.     The Plaintiffs' action arises from two separate insurance claims made against two distinct policies issued by Defendant Farmers New Century Insurance Company: the first by Plaintiffs Janette Cooper, Jeramia Cooper and Jasmyne Cooper for damages arising from a motor vehicle accident with a Farmers insured; and the second, a homeowners claim by Plaintiff John Lillard.

3.     Plaintiffs commenced this litigation by filing a Complaint and Summons with the Superior Court for the District of Columbia on December 30, 2007.  A true and correct copy of the Complaint is attached hereto and marked as Exhibit "A."

4.     The Complaint set forth claims against "Farmers Insurance Group d/b/a Farmers New Century Insurance Company, Farmers/Zurich, N.D., Farmers-Zurich Ins. Co., Zurich American Insurance Co., Farmers New World Life Ins. Co., British American Tobacco Co. and MDU Resources Group, Inc."

5.     At all times relevant hereto, Farmers Insurance Group was a registered service mark used for marketing purposes only and thus not an entity that could sue or be sued.  Since it is not a legally cognizable entity, it has no citizenship.

6.     On February 14, 2008, this matter was dismissed without prejudice pursuant to Super. Ct. Civ. Rule 4(m) based upon the fact that no Affidavit of Service of Process had been filed.

7.     By Order dated April 15, 2008, this case was reinstated and the caption amended to name Farmers New Century Insurance Company as the defendant.  A true and correct copy of the Court's April 15, 2008 Order is attached hereto and marked as Exhibit "B."

8.     At the time the Complaint was filed and continuing to the present, Plaintiffs Janette Cooper, Jeramia Cooper and Jasmyne Cooper were citizens and residents of Maryland, residing at Route 249, Piney Point, MD  20674."  *See* Exhibit "A."

9.     Releases entered into by the Cooper Plaintiffs also indicate a residential address of 1662 Harvest Time Place, Galloway, Ohio. A true and correct copy of the Releases are attached hereto and marked as Exhibit "C."

10.    At the time the Complaint was filed and continuing to the present, Plaintiff John Lillard was a citizen of Maryland, residing at 8 Louden Lane, Annapolis, MD 21401. *See* Exhibit "A."

11.    At the time the Complaint was filed and continuing to the present, Defendant Farmers New Century Insurance Company was an Illinois corporation with a principal place of business at 2445 Sequoia Drive, Aurora, Illinois, 60506.

12.    The Complaint seeks monetary damages in an amount "in excess of Two Hundred Thousand ($200,000.00) Dollars." *See* Exhibit "A."

13.    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

14.    Under certain enumerated circumstances, original jurisdiction rests with the district court where there is diversity of citizenship. Thus, in accordance with 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different states." 28 U.S.C. § 1332(a)(1).

15.    Defendant Farmers New Century Insurance Company seeks to evoke the jurisdiction of the Court under the provisions of 28 U.S.C. §§ 1332 and 1441 to remove this action from the Superior Court for the District of Columbia, in which said action is now pending, to the United States District Court for the District of Columbia, which embraces the county where this action is now pending.

16.    For purposes of these proceedings, there is complete diversity of citizenship between Plaintiffs and the Defendant. Plaintiffs are Maryland citizens while Defendant Farmers New Century Insurance Company is Illinois corporation with a principal place of business at 2445 Sequoia Drive, Aurora, Illinois, 60506.

17.    Furthermore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs as Plaintiffs' Complaint seeks damages in excess of $200,000.00, as well as punitive damages, treble damages and attorney's fees pursuant to D.C. Code § 28-3905(g)(5).

18.    The action in the Superior Court for the District of Columbia is, therefore, a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332 and 1441, and is one which may be removed to this court pursuant to the provisions of 28 U.S.C. § 1446.

19.    Removal is now timely since prior to the reinstatement of the Complaint and the reformation of the caption, there was no proper defendant and no defendant whose citizenship was diverse to Plaintiffs. The first time that removal became appropriate to invoke the jurisdiction of the United States District Court was on April 15, 2008, when the Superior Court issued its Order.

20.    Thus, as required by 28 U.S.C. § 1446(b), this notice of removal is being filed within 30 days of first receipt of a copy of the initial pleadings setting forth the claims against Farmers New Century Insurance Company for the relief upon which this action is based.

21.    As Farmers New Century Insurance Company is the only Defendant, removal to federal court is proper at this time.

22.    Written notice of the filing of this Notice of Removal shall be given to Plaintiffs as required by 28 U.S.C. § 1446(d) and to the Superior Court for the District of Columbia.

23.    A copy of the Superior Court's docket and the pleadings reflected in that docket are attached hereto as Exhibit "D."

**WHEREFORE,** Defendant Farmers New Century Insurance Company respectfully requests that the above-captioned action pending against it in the Superior Court for the District of Columbia be removed to this Honorable Court, that this Honorable Court accept jurisdiction of this action, and that this action be placed on the docket of this District Court for further proceedings, the same as though this action had been originally instituted in this court.

**WRIGHT, CONSTABLE & SKEEN, LLP**

BY: _Robert W Hesselbacher/adm_

Robert W. Hesselbacher, Jr., Esquire
Attorneys for Defendant
DC 414412
100 N. Charles Street, 16th Floor
Baltimore, MD 21201-3812
(410) 659-1317
(410) 659-1350 fax
rhesselbacher@wcslaw.com

Dated: May 14, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANETTE COOPER, JERAMIA COOPER,
JASMYNE COOPER and JOHN LILLARD

v.

FARMERS NEW CENTURY INSURANCE
COMPANY

CIVIL ACTION NO:

## CERTIFICATE OF SERVICE

I, Robert W. Hesselbacher, Jr., Esquire, hereby certify that true and correct copies of the

Notice of Removal of Action were served on May 14, 2008, upon counsel listed below by United

States Mail, postage prepaid.

John F. Lillard, III, Esquire
8 Loudon Lane
Annapolis, MD 21401-9805

**WRIGHT, CONSTABLE & SKEEN, LLP**

BY: _Robert W. Hesselbacher/cdm_
Robert W. Hesselbacher, Jr., Esquire
Attorneys for Defendant
DC 414412
100 N. Charles Street, 16th Floor
Baltimore, MD 21201-3812
(410) 659-1317
(410) 659-1350 fax
rhesselbacher@wcslaw.com

Dated: May 14, 2008

6

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Janette Cooper, Jeramia Cooper, Jasmyne Cooper and John Lillard | Farmers New Century Insurance Company |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF St. Mary's, MD (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Kane, IL (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) John F. Lillard, III, Esquire  410 268-1900 8 Louden Lane Annapolis, MD 21401-9805 | ATTORNEYS (IF KNOWN) Robert W. Hesselbacher, Jr., Esquire 410 659-1317 100 N. Charles Street, 16th Floor Baltimore, MD 21201 |
|---|---|

## II. BASIS OF JURISDICTION
(PLACE an x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*     OR     ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. s 1332(a)(1) - Plaintiffs, who are Maryland residents, have filed this case against Defendant, and Illinois resident, for bad faith

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** in excess of $200,000 | Check YES only if demanded in complaint<br>**JURY DEMAND:** YES ☒ NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  May 14, 2008    SIGNATURE OF ATTORNEY OF RECORD  *Robert W Hasselbacher/can*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

*[handwritten notations at top:]*
100106032 0  1003137114   20-002562   08-0059
Doc 10/3/06              Ins: John Lillard d.
Ins: Robert Bean        D.O.L 5/16/03
15786-87-27             9992-02-15
21-103812               7-15-02 to 7-15-03

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER
JERASHA COOPER
JASMYNE COOPER
Route 249, P.O. Box 188
Piney Point, Md. 20674

    AND

JOHN LILLARD
1776 K STREET, N.W., SUITE 800
WASHINGTON, D.C.  20006
    MAIL#    8  LOUDON LANE
           ANNAPOLIS, Md. 21401-9805

      *Plaintiffs,*

    v.

FARMERS GROUP, INC.
d/b/a   FARMERS NEW CENTURY INSURANCE COMPANY
    FARMERS/ZURICH N.A.
    FARMERS-ZURICH INSURANCE COMPANY
    ZURICH AMERICAN INSURANCE COMPANY
    FARMERS NEW WORLD LIFE INSURANCE COMPANY
    BRITISH AMERICAN TOBACCO COMPANY
    MDU RESOURCES GROUP, INC.
4680 Wilshire Blvd.
Los Angeles, CA 90010

    Serve:  Thomas E. Hampton
           Department of Insurance, Securities and Banking
           810 First Street, NE, Suite 701
           Washington, DC 20002

      *Defendant.*

CIVIL Action No.

*[stamp:]* 00020?? AT RECEIVED CIVIL CLERK'S OFFICE DEC - 5 2007 SUPERIOR COURT OF THE DISTRICT OF COLUMBIA WASHINGTON DC

*[stamp:]* SAE GROUP JAN 07 2008

### COMPLAINT FOR TRIAL BY JURY FOR COMPENSATORY, PUNITIVE, AND TREBLE DAMAGES, FOR OLIGOPOLISTIC/CORPORATE BAD FAITH AND VIOLATION OF THE DISTRICT OF COLUMBIA UNLAWFUL TRADE PRACTICES ACT

Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921,

Unlawful Trade Practices act of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C.



EXHIBIT
A

4

Code § 28-3901 et seq., 28-3904(r), 28-3905(k)(1)( C), for enforcement of unconscionable interpretations denying coverage under provisions of insurance policy contracts, and for bad faith violation of certain duties and of the covenant of good faith and fair dealing [incorporating by reference allegations and findings in Athridge v. Aetna Cas. & Sur. Co., 351 F.3d 1166, 1171 (D.C. Cir. 2003) hereinafter "Athridge"];

    1.  plaintiffs Janette and Jasmyne Cooper [together with Jeramia Cooper, collectively "Cooper"] are claimants against Farmers' insured Robert A. Bean, policy number 59-0157868727, claim number 10090-670320-1-5 for injuries sustained in an October 3, 2006 motor vehicle accident, having since September, 2007 attempted to negotiate with Farmers, and entered into extorted settlements under duress under protest, as to which this claim against the insurer was neither released nor disposed of.  Plaintiff John F. Lillard, III ["Lillard"] is resident practicing Washington, D.C. attorney, Farmers' insured homeowner, under policy 91992-02-15, Farmers' claimant in loss which occurred in May 2003 when a tree struck Lillard's home insured by Farmers, 8 Loudon Lane, Annapolis, Md. 21401, and automobile accident claimants' attorney for the Coopers' bodily injury claim negotiation with Farmers.

    2.  defendant Farmers Insurance Group  d/b/a Farmers New Century Insurance Company, Farmers/Zurich NA, Farmers-Zurich Insurance Company, Zurich American Insurance Company, Farmers New World Life Insurance Company, British American Tobacco Company [herein "Farmers"] are licensed insurance companies for homeowners' and auto coverages, mandated to behave in the public interest, doing  business in the District of Columbia, and amenable to jurisdiction under the doctrine of Athridge v. Aetna Cas. & Sur. Co., 351 F.3d 1166, 1171 (D.C. Cir. 2003) [insurers liable under the CPPA].

<u>COUNT ONE</u>

    3.  Repeating and realleging paragraphs 1-2, Farmers' negotiation of the Coopers' claim involved intentional disparagement, delays, obfuscation, and rude bad faith, falsely claiming in negotiations of a bodily injury claim [also injuring her husband and daughter, when their car was totaled by Mr. Bean's negligence] that Mrs. Cooper's kidney transplant [which had alleviated all pain], was the cause of her back pain, numbness and tingling in her toes, left leg falling asleep, and objective test results demonstrating lipoma of the

filium terminale, which the doctor said was caused by Farmers' auto collision. During approximately 10 telephone conferences, Jeramia Cooper and counsel Lillard endured humiliating negotiations with Farmers representative Amanda J. Adams, characterized by Mr. Cooper as "rude and cruel to others. And I wonder are they able to sleep at night knowing they got over on someone again." Both Mr. Cooper's and Mrs. Cooper's settlement drafts were delayed as much as 10 days after settlement was reached, and Farmers' cavalier response showed no concern for the delay. Mr. Cooper, a disabled amputee, broke down and cried in response to Farmers' cavalier comments, and the adjuster indicated no reaction to his emotions but ratcheted up her aggression. The aforementioned conduct by the Defendant was extreme, outrageous, cruel, and beyond the limits of decency in society. The Defendant's aforementioned conduct was malicious, willful, and intentional.

4. Plaintiffs have suffered damage uncompensated by Farmers intimidating plaintiffs to accept far less than the proper value of the claim , and continue to be damaged, including suffering great mental anguish and psychological damage, by Farmers' bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations.

### . COUNT TWO

5. Repeating and realleging paragraphs 1-2, Farmers' negotiation of the Lillard homeowners' repair and loss of use claim involved intentional disparagement, delays, obfuscation, and rude bad faith, falsely claiming in negotiations that the structure was not a total loss, despite engineering reports to the contrary, denying the claim for the unreplaced pergola, denying the "loss of use" claim altogether, for which Farmers had an allowance of $51,600. Negotiations were ongoing with Farmers between May 2003 through October 2005, conducted by plaintiff Lillard, Lillard's contractor Insurance Repair Service, contractor-negotiator Richard Jamison, home-improvement contractor James Farrell, structural engineer David Wallace, and independent public adjuster Douglas Dinerman, demanding Farmers' offers for the uncompensated total loss tear-down value, for the unreplaced pergola after initial phase of reconstruction, and for the "loss of use" of personal property. Farmers was asked to consider the engineering report of serious fundamental major cracks in the foundation support beam transference which can even be seen on drywall, mis-alignment of doors and

6

windows, and is clear from the weak flooring, where repairs would be quite costly and ascertainable by a complete tear-out; but Farmers failed to re-visit the property to adjust these elements of damage. Not only did Farmers ignore claims for approximately $100,000 needed for a tear-down and rebuild of the structure, but Farmers refused to return to inspect the printer and computers damaged in the home, nor to make an estimate offer for the pergola replacement, nor consider approximately $100,000 for the "loss of use of personal property" claim to reimburse actually-paid labor costs for 2 years and more, to reconstruct the files, data, and IT and communications equipment for Lillard's home use labor it has taken, and continues to take, for the files, computer network, and filing data entry and systems organization to be re-systematized, paid for casual labor to re-store the personal financial records, computer systems, files, and other personal property destroyed in the covered loss. Rather, conspiring with the restoration contractor Insurance Repair Service, Farmers paid approximately $35,000 for a 'cosmetic job,' leaving even to the present large cracks in the foundation, interior and exterior walls, and a gaping hole in the kitchen ceiling, not repaired despite 3 roofing repairs, not to mention IT equipment, systems, integration, networking, wiring, configuration, and data for personal use, which was destroyed by water from the damaged roof and partial tear down of the structure, and uneven door jams, etc. [with structural engineer's certificate requiring tear down and cabinet maker bill to re-shape an outside door], and falsely implied that all "loss of use" claimed was business use vs. covered personal use, as evidenced by Farmers' green highlighting on the attached $51,600 Homeowners Declarations excerpt of exclusions. By these terms, none of the actual loss of use items were excluded: particularly the labor costs to reconstruct all personal property for which there was lost use. Nor was there reimbursement for the damaged equipment for personal use, which was partially replaced in 2004 at a cost of approximately $10,000 to Dell computers and HP printer.

6. Lillard plaintiff has suffered damage of the total loss valuation of the structure, replacement cost of the pergola, and the loss of use of personal property, and continue to be damaged, including suffering great mental anguish and psychological damage, by Farmers' bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations.

WHEREFORE, Plaintiffs demand judgment against defendants in accordance with D.C. Code § 28-3905(g)(5) remedies including punitive damages, treble damages, or reasonable attorney's fees, as are reasonable and necessary to identify, correct, or prevent the conduct which violated District law;

7.  in the sum of TWO HUNDRED THOUSAND DOLLARS [$200,000] for compensatory damages to Cooper plaintiffs for abusive claims practices for bodily injury,

8.  in the sum of TWO HUNDRED THOUSAND DOLLARS [$200,000] for compensatory damages to Lillard plaintiff for abusive claims practices and covered claim reimbursement for total loss of structure and loss of use;

9.  in the sum of SIX HUNDRED THOUSAND DOLLARS [$600,000], being the trebled damages to Cooper plaintiffs for bodily injury,

10. in the sum of SIX HUNDRED THOUSAND DOLLARS [$600,000], being the trebled damages to Lillard plaintiff for covered claim reimbursement for total loss of structure and loss of use;

11. in the sum of TWO MILLION EIGHT HUNDRED SEVENTEEN THOUSAND SIX HUNDRED EIGHTY DOLLARS [$2,817,680], representing punitive damages of 2% of Farmers' latest available 2006 10-Q net income [http://yahoo.brand.edgar-online.com/EFX_dll/EDGARpro.dll?FetchFilingHTML1?SessionID=gMXgCuNdQ_fWRT_&ID=4574238] of TWO HUNDRED EIGHTY-ONE MILLION SEVEN HUNDRED SIXTY EIGHT THOUSAND DOLLARS [$281,768,000] for plaintiffs Cooper.

12. in the sum of TWO MILLION EIGHT HUNDRED SEVENTEEN THOUSAND SIX HUNDRED EIGHTY  DOLLARS [$2,817,680], representing punitive damages of 2% of Farmers' latest available 2006 10-Q net income [http://yahoo.brand.edgar-online.com/EFX_dll/EDGARpro.dll?FetchFilingHTML1?SessionID=gMXgCuNdQ_fWRT_&ID=4574238] of TWO HUNDRED EIGHTY-ONE MILLION SEVEN HUNDRED SIXTY EIGHT THOUSAND DOLLARS [$281,768,000] for plaintiff Lillard.

13. for attorneys fees with interest and costs.

8

Respectfully submitted,

JOHN F. LILLARD, III D.C. Bar 197194
8  LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se* & Interim counsel for Plaintiffs

### PRAYER FOR JURY TRIAL

Plaintiffs hereby pray a trial by jury on their claims as set forth in the above complaint.

JOHN F. LILLARD, III

DISTRICT OF COLUMBIA, ss:

John Lillard, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendants to the plaintiffs, exclusive of all set-offs and just grounds of defense.

_____

Subscribed and sworn to before me this_____day of December, 2007_____

(Notary Public/Deputy Clerk)

9

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

JANETTE COOPER, *et al.*,           :
                                    :
        Plaintiffs,                 :
                                    :       **Case No. 2007 CA 007908 B**
v.                                  :       **Judge Judith E. Retchin**
                                    :       **Calendar 14**
FARMERS GROUP, INC.                 :
                                    :
        Defendant.                  :

<u>ORDER</u>
(April 15, 2008)

This matter is before the Court on three praecipes filed by Plaintiffs and Defendant's

opposition to those praecipes. After reviewing the documents the Court treats Plaintiffs'

February 26, 2008, praecipe as a motion pursuant to Super. Ct. Civ. R. 41(b), grants in part the

motion, and provides the relief discussed below.

On December 3, 2007, Plaintiffs filed a complaint against Defendant Farmers Group, Inc.

This case was dismissed without prejudice on February 14, 2008, by the Clerk's Office pursuant

to Super. Ct. Civ. R. 4(m) because no affidavit of service of process as to Defendant had been

filed by Plaintiffs. On February 25, 2008, the Court issued a *Sua Sponte* Notice informing the

parties that the case had been dismissed. The Court issued the notice because the parties had

been incorrectly electronically filing documents and improperly attempting to file documents

through the mail. (Both parties are represented by counsel; therefore mandatory eFiling applies

to this case).

After the February 25, 2008, *Sua Sponte* Notice from the Court, the following four

documents were filed and docketed with the Court:



1) Plaintiff's Praecipe – *Sua Sponte* Notice Now Moot Case Should Be Reinstated (filed February 26, 2008)

2) Plaintiff's Praecipe – Correction (filed March 19, 2008)

3) Plaintiff's Praecipe – Defense Counsel Indicates there Is No Objection to Reinstatement and Re-Caption (filed March 19, 2008)

4) Opposition of Defendant Farmers New Century Insurance Company, incorrectly identified as Farmers Insurance Group, to "Plaintiff's Praecipe - *Sua Sponte* Notice Now Moot Case Should Be Reinstated" Dated February 25, 2008, "Plaintiff's Praecipe" Dated March 17, 2008 and "Plaintiff's Praecipe – Correction" Dated March 19, 2008 and Motion to Strike all Three Praecipes (filed March 20, 2008)

These are the only pertinent documents pending before the Court.

Ultimately, Plaintiffs seek to reinstate this case, have the Court acknowledge proper service of process upon Defendant, re-caption the case so that the named defendant reads "Farmers New Century Insurance Company" instead of "Farmers Group, Inc.," and reschedule this case for a Scheduling Conference.

Defendant opposes the reinstatement of this case. Defendant seeks to strike Plaintiffs' three praecipes and further argues that the Court lacks jurisdiction in this matter and additionally that Plaintiffs' complaint fails to set forth a claim upon which relief can be granted.

The Court will treat Plaintiffs' February 26, 2008, praecipe as a motion timely filed pursuant to Super. Ct. Civ. R. 41(b). The Court finds the motion establishes good cause why the case should not be dismissed because Plaintiffs appear to have been attempting to file proof of service of process as to Defendant but were improperly doing so. Reinstating this case is further supported by the District of Columbia Court of Appeals' well-established preference for deciding cases on their merits. *See, e.g., Redman v. Kelty*, 795 A.2d 684, 687 (D.C. 2002). Therefore, the Court reinstates this case.

2

Although the Court reinstates this case, Plaintiffs must effectuate service of process upon Defendant and file proof of service. To date, no proof of service appears on the Court's docket.[1] The Court has received from Plaintiffs a mailed original copy of a U.S. Postal Service Certified Mail Receipt with identification number 7007 1490 0002 4280 1715 and a PS Form 3811 certified mail green return request card addressed to Hon. Thomas E. Hampton containing identification number 7007 1490 0002 4280 1715. The Court does not consider this properly filed with the Court and does not accept it as proof of service.[2] Regardless, the Court additionally notes that a review of those forms leads the Court to conclude that even if they were properly before the Court, the Court would not accept them as proper proof of service upon Defendant because the Court cannot determine that the signature on the green return request card is that of the addressee Thomas E. Hampton. Plaintiff shall now have additional time, as indicated below, to effectuate service of process upon Defendant and to file proof of service. Failure to do so could lead to another dismissal of this case.

Based on the filings, the parties appear to agree that Plaintiffs improperly captioned this action as being against "Farmers Group, Inc." when the true defendant is "Farmers New Century Insurance Company." The Court will therefore amend the caption so that the named defendant is "Farmers New Century Insurance Company."

The Court does not address Defendant's arguments regarding the Court's potential lack of jurisdiction and the alleged insufficiency of Plaintiffs' complaint. If those issues remain

---

[1] Although Plaintiffs have mailed various original documents directly to the chambers of the undersigned judge or to the chief judge, the Court does not accept those documents as properly filed and directs the parties to properly file documents. Additionally, the parties shall not send letters directly to chambers unless otherwise directed by the Court. All documents must be filed with the Clerk's Office and served on the other party to avoid any *ex parte* contacts.

[2] The Court will mail these two documents back to Plaintiffs with a hard copy of this Order.

3

relevant after Plaintiffs have served process upon Defendant, Defendant can file a motion to address those, and any other, issues.

Wherefore, it is this 15th day of April 2008, hereby

**ORDERED** that Plaintiff's Praecipe – *Sua Sponte* Notice Now Moot Case Should Be Reinstated filed on February 26, 2008, and treated by the Court as a motion, is **GRANTED**; it is further

**ORDERED** that the February 14, 2008, Order dismissing this case is **VACATED** and this case is **REINSTATED**; it is further

**ORDERED** that the caption of this case is hereby amended so that the defendant is listed as Farmers New Century Insurance Company; it is further

**ORDERED** that Farmers New Century Insurance Company is added as a named defendant and Farmers Group, Inc. is **DISMISSED** as a named defendant; it is further

**ORDERED** that the Clerk of the Court shall issue a summons for defendant Farmers New Century Insurance Company; it is further

**ORDERED** that Plaintiff shall have until and including June 15, 2008, to effectuate service of process upon Farmers New Century Insurance Company and to file proof of service of process; it is further

**ORDERED** that this matter is scheduled for a Scheduling Conference on July 25, 2008, at 9:30 a.m. in Courtroom 316.



Judith E. Retchin
Associate Judge

4

<u>Copies Electronically Served to:</u>

John F. Lillard, III, Esq.
D.C. Bar No. 197194

George J. Vorgin, Esq.
D.C. Bar No. 456892


**FARMERS**

National Document Center
P O Box 268993
Oklahoma City OK 73126 8993
claimsdocuments@farmersinsurance.com
Fax (877) 217-1389

October 26, 2007

Claim Unit Number 1009060320-1-5

## RELEASE IN FULL OF ALL CLAIMS AND RIGHTS

For and in consideration of the sum of Eleven Thousand Five Hundred Dollars and Zero Cents ($ 11500 00), RECEIPT OF WHICH IS ACKNOWLEDGED, I release and forever discharge Robert A Bean their principals, agents and representatives, insureds and assigns from any and all rights, claims, demands and damages of any kind, known or unknown, existing or arising in the future, resulting from or related to bodily injury arising from an accident that occurred on or about 10/03/2006 at or near Buse Rd at Patuxent Naval Airstation

This release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is made, or persons who may claim to be damaged by reason of the accident other than the undersigned to pursue any legal remedies they may have against the undersigned or any other person

I understand that this is a compromise settlement of all my claims arising out of the accident referred to above, and there is no admission of liability  I understand that this is all the money or consideration I will receive from the above-described parties for any and all of my claims as a result of this accident

FURTHER, I agree to reimburse and indemnify all released parties of any amounts which any insurance carriers, government entities, hospitals or other persons or organizations may recover from them in reimbursement for amounts paid to me or on my behalf as a result of this accident by way of CONTRIBUTION, SUBROGATION, INDEMNITY or OTHERWISE

## I HAVE READ THIS RELEASE AND UNDERSTAND IT

Signed this 26th day of October, 2007, at 1.20pm

_Janette A. Cooper_
Signature

_Janetta A Cooper_
Signature

_____
Witness

_____
Witness

1162 Harvest Time Pl
Galloway OH 43119

For your protection please be advised of the following  any person who knowingly presents a false or fraudulent claim for payment of a loss, or knowingly presents false or misleading information to an insurance company for the purposes of defrauding or attempting to defraud an insurance company, or provides false information concerning a material fact on an application for insurance, or helps any other person commit such acts, may be guilty of fraud, and may be subject to substantial civil and criminal penalties pursuant to the laws of the state in which those acts occur

**EXHIBIT**

tabbies

**C**

 **FARMERS**

National Document Center
P O Box 268994
Oklahoma City, OK 73126 8994
claimsdocuments@farmersinsurance com
Fax Number (877) 217 1389

October 26, 2007

Claim Unit Number 1009060320-1-4

## RELEASE IN FULL OF ALL CLAIMS AND RIGHTS
## FROM MINOR & PARENT OR GUARDIAN

For and in consideration of the sum of One Thousand Two Hundred and Fifty Dollars and Zero Cents ($ 1250 00), RECEIPT OF WHICH IS ACKNOWLEDGED, the undersigned, a minor and the parent (guardian) of Jasmyne Cooper releases and forever discharge Robert A Bean , Farmers Direct Insurance Company, their principals, agents and representatives from any and all rights, claims, demands and damages of any kind, known or unknown, existing or arising in the future, and accordingly does hereby expressly, voluntarily, knowingly and advisedly WAIVE any and all rights granted to Jasmyne Cooper or "said minor" resulting from or related to bodily injury arising from an accident that occurred on or about 10/03/2006 at or near Buse Rd at Patuxtent Naval Airstation

This release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is made, or persons who may claim to be damaged by reason of the accident other than the undersigned to pursue any legal remedies they may have against the undersigned or any other person

It is understood that this is a compromise settlement of all my claims arising out of the accident referred to above, and there is no admission of liability It is further understood that this is all the money or consideration to be received from the above-described parties for any and all of my claims as a result of this accident

FURTHER, the undersigned agree to reimburse and indemnify all released parties of any amounts which any insurance carriers, government entities, hospitals or other persons or organizations may recover from them in reimbursement for amounts paid to me or on my behalf as a result of this accident by way of CONTRIBUTION, SUBROGATION, INDEMNITY or OTHERWISE

The undersigned represents that all other medical expenses, lost wages, loss of household services, or other losses or claims shall be his/her own responsibility to pay The undersigned agrees that the consideration paid to her/him for this Release by the parties being released herein is good and sufficient consideration to cover such expenses, claims, and losses

## I/WE HAVE READ THIS RELEASE AND UNDERSTAND IT

Signed this 26th day of October 20___ at 1 20 pm



Signature (Parent or Guardian) _____    Signature _____

Witness _____    Witness _____
Janette A Cooper
1662 Harvest Time Pl
Broadway OH 43119

For your protection please be advised of the following any person who knowingly presents a false or fraudulent claim for payment of a loss, or knowingly presents false or misleading information to an insurance company for the purposes of defrauding or attempting to defraud an insurance company, or provides false information concerning a material fact on an application for insurance, or helps any other person commit such acts, may be guilty of fraud, and may be subject to substantial civil and criminal penalties pursuant to the laws of the state

0T154WTW3



**FARMERS**

National Document Center
P.O. Box 268993
Oklahoma City, OK 73126-8993
claimsdocuments@farmersinsurance.com
Fax (877) 217-1389

October 10, 2006

Claim Unit Number: 1009060320-1-3

## RELEASE IN FULL OF ALL CLAIMS AND RIGHTS

Seventeen hundred and Fifty Dollars ($1,750)

For and in consideration of the sum of ~~Dollars~~ ($~~~~)
RECEIPT OF WHICH IS ACKNOWLEDGED, I release and forever discharge Robert A Bein and
the Insurer their principals, agents and representatives, insurers and assigns from any and all rights,
claims, demands and damages of any kind, known or unknown, existing or arising in the future,
resulting from or related to bodily injury arising from an accident that occurred on or about
10/03/2006 at or near PATUXENT NAVAL AIRSTATION, MD.

This release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is
made, or persons who may claim to be damaged by reason of this accident other than the undersigned
to pursue any legal remedies they may have against the undersigned or any other person.

I understand that this is a compromise settlement of all my claims arising out of the accident referred
to above, and there is no admission of liability. I understand that this is all the money or consideration
I will receive from the above-described parties for any and all of my claims as a result of this accident.

FURTHER, I agree to reimburse and indemnify all released parties of any amounts which any
insurance carriers, government entities, hospitals or other persons or organizations may recover from
them in reimbursement for amounts paid to me or on my behalf as a result of this accident by way of
CONTRIBUTION, SUBROGATION, INDEMNITY or OTHERWISE.

I HAVE READ THIS RELEASE AND UNDERSTAND IT.

Signed this 18 day of October 20 06 at 11:00 Am

_____          _____
Signature                        Signature

_____          _____
Witness                          Witness

For your protection please be advised of the following: any person who knowingly presents a
false or fraudulent claim for payment of a loss, or knowingly presents false or misleading
information to an insurance company for the purposes of defrauding or attempting to defraud
an insurance company, or provides false information concerning a material fact on an
application for insurance, or helps any other person commit such acts, may be guilty of fraud,
and may be subject to substantial civil and criminal penalties pursuant to the laws of the state
in which those acts occur.

292DHMLP41

2007 CA 007908 B COOPER, JANETTE vs. FARMERS GROUP, INC.

| File Date | 12/03/2007 | Case Status | Reopen (RO) | Case Status Date | 04/15/2008 |
|---|---|---|---|---|---|
| | | Case Disposition | Undisposed | Case Disposition Date | |

## Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| COOPER, JANETTE | | PLAINTIFF | LILLARD, III, Mr JOHN F | (202)624-8000 |
| COOPER, JERAMIA | | PLAINTIFF | LILLARD, III, Mr JOHN F | (202)624-8000 |
| COOPER, JASMYNE | | PLAINTIFF | LILLARD, III, Mr JOHN F | (202)624-8000 |
| LILLARD, JOHN | | PLAINTIFF | LILLARD, III, Mr JOHN F | (202)624-8000 |
| FARMERS GROUP, INC. | BRITISH AMERICAN TOBACCO COMPANY MDU RESOURCES GROUP, INC. FARMERS/ZURICH NA FARMERS-ZURICH INSURANCE COMPANY ZURICH AMERICAN INSURANCE COMPANY FARMERS NEW WORLD LIFE INSURANCE COMPANY FARMERS NEW CENTURY INSURANCE COMPANY | Defendant | | |

## Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 07/25/2008 | 09:30 AM | Scheduling Conference Hearing | |

## Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 96927 | 02/27/2008 | LILLARD III, Mr JOHN F | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 89824 | 12/03/2007 | LILLARD III, Mr JOHN F | | 120.00 |
| | **Payment** | | **Fee** | |
| | Check | 120.00 | Cost | 120.00 |

EXHIBIT
tabbies
D

## Docket Entries

| Date | Text |
|---|---|
| 04/15/2008 | Proof of Service to Order Granting Plaintiffs Praecipe to Reinstate Case Signed by Judge Retchin on |

| 04/15/2008 | Order Granting Plaintiffs Praecipe to Reinstate Case Signed by Judge Retchin on April 15, 2008. Submitted 04/15/2008 11:21. sams. |
| 04/15/2008 | Order Granting Plaintiff's Praecipe to Reinstate Case Entered on the Docket 4-15-08. Signed by Judge Retchin on 4-15-08. Order efiled on 4-15-08. amj |
| 04/15/2008 | Event Scheduled Event: Scheduling Conference Hearing Date: 07/25/2008 Time: 9:30 am Judge: RETCHIN, JUDITH E Location: Courtroom 316 |
| 04/15/2008 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 04/15/2008 11:25:02 |
| 04/15/2008 | Case Reopened |
| 03/20/2008 | Additional eFiling Document to Opposition of Defendant Farmers New Century Insurance Company, incorrectly identified as Farmers insuarance Gruoup, to Plaintiff's Praecipe-Sua Sponte Notice Now Moot-Case should be reinstated date February 25, 2008, Plaintiff's Praecipe-Correction Dated March 19, 2008 and Motion to Strike all three Praecipes Filed. Submitted 03/20/2008 15:47. ts. |
| 03/20/2008 | Opposition of Defendant Farmers New Century Insurance Company, incorrectly identified as Farmers insuarance Gruoup, to Plaintiff's Praecipe-Sua Sponte Notice Now Moot-Case should be reinstated date February 25, 2008, Plaintiff's Praecipe-Correction Dated March 19, 2008 and Motion to Strike all three Praecipes Filed. Submitted 03/20/2008 15:47. ts. Attorney: VOGRIN Jr, Mr GEORGE J (456892) |
| 03/19/2008 | Praecipe Defense Counsel Indicates There is no Objection to Reinstatement and Re-Caption. Filed. Submitted. 03/19/2008 09:55. ncv. Attorney: LILLARD III, Mr JOHN F (197194) JANETTE COOPER (PLAINTIFF); JERAMIA COOPER (PLAINTIFF); JASMYNE COOPER (PLAINTIFF); JOHN LILLARD (PLAINTIFF); |
| 03/19/2008 | Plaintiff's Praecipe-Correction Filed. submitted 03/19/2008 12:26. ck Attorney: LILLARD III, Mr JOHN F (197194) JANETTE COOPER (PLAINTIFF); JERAMIA COOPER (PLAINTIFF); JASMYNE COOPER (PLAINTIFF); JOHN LILLARD (PLAINTIFF); |
| 02/26/2008 | Plaintiff's Praecipe-Sua Sponte Notice now Moot Case Should be Reinstated Filed. Submitted 02/26/2008 14:51 jhc. Attorney: LILLARD III, Mr JOHN F (197194) JANETTE COOPER (PLAINTIFF); JERAMIA COOPER (PLAINTIFF); JASMYNE COOPER (PLAINTIFF); JOHN LILLARD (PLAINTIFF); Receipt: 96927 Date: 02/27/2008 |
| 02/25/2008 | Proof of Service to Sua Sponte Notice Signed by Judge Retchin on February 25, 2008. Submitted 02/25/2008 13:17. sams. |
| 02/25/2008 | Sua Sponte Notice Signed by Judge Retchin on February 25, 2008. Submitted 02/25/2008 13:17. sams. |
| 02/25/2008 | Order notifying Parties that the case was dismissed on February 14, 2008. Entered on Docket 2-25-08. Signed by Judge Retchin 2-25-08. Order efiled 2-25-08. amj |
| 02/14/2008 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 03/07/2008 at 9:30 am has been resulted as follows: Result: Event Not Held Case Dismissed by rule 4(m)-Plaintiff failed to file an affidavit evidencing service on the defendant the Clerk enters a dismissal of the complaint without prejudice. (V.R.Y.) Judge: RETCHIN, JUDITH E Location: Courtroom 316 |
| 02/14/2008 | Dismissed Without Prejudice Pursuant to SCR 4(m) as to DEFENDANT FARMERS GROUP, INC. Notice Mailed |
| 12/03/2007 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 03/07/2008 Time: 9:30 am Judge: RETCHIN, JUDITH E Location: Courtroom 220 Result: Event Not Held Case Dismissed |
| 12/03/2007 | Complaint for Breach of Warranty Filed Receipt: 89824 Date: 12/03/2007 |

Doc 10/3/06
Ins&Robert Jean
15786-87-27
21-103812

Ins&John Lillar d.
D.O.L 5/16/03
9x792-02-15
7-15-02 to 7-15-03

08-0059

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION
500 Indiana Ave., N.W., Rm-JM-170
Washington, D.C. 20001

JANETTE COOPER
JERAMIA COOPER
JASMYNE COOPER
Route 249, P.O. Box 188
Piney Point, Md. 20674

AND

JOHN LILLARD
1776 K STREET, N.W. SUITE 800
WASHINGTON, D.C. 20006
MAIL:    8 LOUDON LANE
            ANNAPOLIS, MD. 21401-9805

*Plaintiffs*

v.

CIVIL Action No.

FARMERS GROUP, INC.
d/b/a:  FARMERS NEW CENTURY INSURANCE COMPANY
        FARMERS/ZURICH NA
        FARMERS ZURICH INSURANCE COMPANY
        ZURICH AMERICAN INSURANCE COMPANY
        FARMERS NEW WORLD LIFE INSURANCE COMPANY
        BRITISH AMERICAN TOBACCO COMPANY
        MDU RESOURCES GROUP, INC.
4680 Wilshire Blvd.
Los Angeles, CA 90010



Serve:  Thomas E. Hampton
        Department of Insurance, Securities and Banking
        810 First Street, NE, Suite 701
        Washington, DC 20002

*Defendant*

RECEIVED
CIVIL CLERK'S OFFICE
DEC - 5 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

SAE GROUP
JAN 07 2008

---

### COMPLAINT FOR TRIAL BY JURY FOR COMPENSATORY, PUNITIVE, AND TREBLE DAMAGES FOR OLIGOPOLISTIC CORPORATE BAD FAITH AND VIOLATION OF THE DISTRICT OF COLUMBIA UNLAWFUL TRADE PRACTICES ACT

Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

Unlawful Trade Practices act of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C.

Code § 28-3901 et seq., 28-3904(r), 28-3905(k)(1)( C), for enforcement of unconscionable interpretations

denying coverage under provisions of insurance policy contracts, and for bad faith violation of certain duties

and of the covenant of good faith and fair dealing [incorporating by reference allegations and findings in

Athridge v. Aetna Cas. & Sur. Co., 351 F.3d 1166, 1171 (D.C. Cir. 2003) hereinafter "Athridge"];

      1.  plaintiffs Janette and Jasmyne Cooper [together with Jeramia Cooper, collectively

"Cooper"] are claimants against Farmers' insured Robert A. Bean, policy number 59-0157868727, claim

number 10090-670320-1-5 for injuries sustained in an October 3, 2006 motor vehicle accident, having since

September, 2007 attempted to negotiate with Farmers, and entered into extorted settlements under duress under

protest, as to which this claim against the insurer was neither released nor disposed of.  Plaintiff John F. Lillard,

III ["Lillard"] is resident practicing Washington, D.C. attorney, Farmers' insured homeowner, under policy

91992-02-15, Farmers' claimant in loss which occurred in May 2003 when a tree struck Lillard's home

insured by Farmers, 8 Loudon Lane, Annapolis, Md. 21401, and automobile accident claimants' attorney for

the Coopers' bodily injury claim negotiation with Farmers.

      2.  defendant Farmers Insurance Group  d/b/a Farmers New Century Insurance Company,

Farmers/Zurich NA, Farmers-Zurich Insurance Company, Zurich American Insurance Company, Farmers New

World Life Insurance Company, British American Tobacco Company [herein "Farmers"] are licensed insurance

companies for homeowners' and auto coverages, mandated to behave in the public interest, doing  business in

the District of Columbia, and amenable to jurisdiction under the doctrine of Athridge v. Aetna Cas. & Sur. Co.,

351 F.3d 1166, 1171 (D.C. Cir. 2003) [insurers liable under the CPPA].

COUNT ONE

      3.  Repeating and realleging paragraphs 1-2, Farmers' negotiation of the Coopers' claim

involved intentional disparagement, delays, obfuscation, and rude bad faith, falsely claiming in negotiations of a

bodily injury claim [also injuring her husband and daughter, when their car was totaled by Mr. Bean's

negligence] that Mrs. Cooper's kidney transplant [which had alleviated all pain], was the cause of her back pain,

numbness and tingling in her toes, left leg falling asleep, and objective test results demonstrating lipoma of the

filium terminale, which the doctor said was caused by Farmers' auto collision. During approximately 10 telephone conferences, Jeramia Cooper and counsel Lillard endured humiliating negotiations with Farmers representative Amanda J. Adams, characterized by Mr. Cooper as "rude and cruel to others. And I wonder are they able to sleep at night knowing they got over on someone again." Both Mr. Cooper's and Mrs. Cooper's settlement drafts were delayed as much as 10 days after settlement was reached, and Farmers' cavalier response showed no concern for the delay. Mr. Cooper, a disabled amputee, broke down and cried in response to Farmers' cavalier comments, and the adjuster indicated no reaction to his emotions but ratcheted up her aggression. The aforementioned conduct by the Defendant was extreme, outrageous, cruel, and beyond the limits of decency in society. The Defendant's aforementioned conduct was malicious, willful, and intentional.

4. Plaintiffs have suffered damage uncompensated by Farmers intimidating plaintiffs to accept far less than the proper value of the claim , and continue to be damaged, including suffering great mental anguish and psychological damage, by Farmers' bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations.

### . COUNT TWO

5. Repeating and realleging paragraphs 1-2, Farmers' negotiation of the Lillard homeowners' repair and loss of use claim involved intentional disparagement, delays, obfuscation, and rude bad faith, falsely claiming in negotiations that the structure was not a total loss, despite engineering reports to the contrary, denying the claim for the unreplaced pergola, denying the "loss of use" claim altogether, for which Farmers had an allowance of $51,600. Negotiations were ongoing with Farmers between May 2003 through October 2005, conducted by plaintiff Lillard, Lillard's contractor Insurance Repair Service, contractor-negotiator Richard Jamison, home-improvement contractor James Farrell, structural engineer David Wallace, and independent public adjuster Douglas Dinerman, demanding Farmers' offers for the uncompensated total loss tear-down value, for the unreplaced pergola after initial phase of reconstruction, and for the "loss of use" of personal property. Farmers was asked to consider the engineering report of serious fundamental major cracks in the foundation support beam transference which can even be seen on drywall, mis-alignment of doors and

6

windows, and is clear from the weak flooring, where repairs would be quite costly and ascertainable by a complete tear-out; but Farmers failed to re-visit the property to adjust these elements of damage.  Not only did Farmers ignore claims for approximately $100,000 needed for a tear-down and rebuild of the structure, but Farmers refused to return to inspect the printer and computers damaged in the home, nor to make an estimate offer for the pergola replacement, nor consider approximately $100,000 for the "loss of use of personal property" claim to reimburse actually-paid labor costs for 2 years and more, to reconstruct the files, data, and IT and communications equipment for Lillard's home use labor it has taken, and continues to take, for the files, computer network, and filing data entry and systems organization to be re-systematized, paid for casual labor to re-store the personal financial records, computer systems, files, and other personal property destroyed in the covered loss. Rather, conspiring with the restoration contractor Insurance Repair Service, Farmers paid approximately $35,000 for a 'cosmetic job,' leaving even to the present large cracks in the foundation, interior and exterior walls, and a gaping hole in the kitchen ceiling, not repaired despite 3 roofing repairs, not to mention IT equipment, systems, integration, networking, wiring, configuration, and data for personal use, which was destroyed by water from the damaged roof and partial tear down of the structure, and uneven door jams, etc. [with structural engineer's certificate requiring tear down and cabinet maker bill to re-shape an outside door], and falsely implied that all "loss of use" claimed was business use vs. covered personal use, as evidenced by Farmers' green highlighting on the attached $51,600 Homeowners Declarations excerpt of exclusions.  By these terms, none of the actual loss of use items were excluded: particularly the labor costs to reconstruct all personal property for which there was lost use.  Nor was there reimbursement for the damaged equipment for personal use, which was partially replaced in 2004 at a cost of approximately $10,000 to Dell computers and HP printer.

      6.  Lillard plaintiff has suffered damage of the total loss valuation of the structure, replacement cost of the pergola, and the loss of use of personal property, and continue to be damaged, including suffering great mental anguish and psychological damage, by Farmers' bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations.

WHEREFORE, Plaintiffs demand judgment against defendants in accordance with D.C. Code § 28-3905(g)(5) remedies including punitive damages, treble damages, or reasonable attorney's fees, as are reasonable and necessary to identify, correct, or prevent the conduct which violated District law;

      7.  in the sum of TWO HUNDRED THOUSAND DOLLARS [$200,000] for compensatory damages to Cooper plaintiffs for abusive claims practices for bodily injury,

      8.  in the sum of TWO HUNDRED THOUSAND DOLLARS [$200,000] for compensatory damages to Lillard plaintiff for abusive claims practices and covered claim reimbursement for total loss of structure and loss of use;

      9.  in the sum of SIX HUNDRED THOUSAND DOLLARS [$600,000], being the trebled damages to Cooper plaintiffs for bodily injury,

      10. in the sum of SIX HUNDRED THOUSAND DOLLARS [$600,000], being the trebled damages to Lillard plaintiff for covered claim reimbursement for total loss of structure and loss of use;

      11. in the sum of TWO MILLION EIGHT HUNDRED SEVENTEEN THOUSAND SIX HUNDRED EIGHTY DOLLARS [$2,817,680], representing punitive damages of 2% of Farmers' latest available 2006 10-Q net income [http://yahoo.brand.edgar-online.com/EFX_dll/EDGARpro.dll?FetchFilingHTML1?SessionID=gMXgCuNdQ_fWRT_&ID=4574238] of TWO HUNDRED EIGHTY-ONE MILLION SEVEN HUNDRED SIXTY EIGHT THOUSAND DOLLARS [$281,768,000] for plaintiffs Cooper.

      12. in the sum of TWO MILLION EIGHT HUNDRED SEVENTEEN THOUSAND SIX HUNDRED EIGHTY  DOLLARS [$2,817,680], representing punitive damages of 2% of Farmers' latest available 2006 10-Q net income [http://yahoo.brand.edgar-online.com/EFX_dll/EDGARpro.dll?FetchFilingHTML1?SessionID=gMXgCuNdQ_fWRT_&ID=4574238] of TWO HUNDRED EIGHTY-ONE MILLION SEVEN HUNDRED SIXTY EIGHT THOUSAND DOLLARS [$281,768,000] for plaintiff Lillard.

      13. for attorneys fees with interest and costs.

Respectfully submitted,

JOHN F. LILLARD, III D.C. Bar 197194
8 LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se* & Interim counsel for Plaintiffs

## PRAYER FOR JURY TRIAL

Plaintiffs hereby pray a trial by jury on their claims as set forth in the above complaint.

JOHN F. LILLARD, III

DISTRICT OF COLUMBIA, ss:

John Lillard, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendants to the plaintiffs, exclusive of all set-offs and just grounds of defense.

_____

Subscribed and sworn to before me this_____day of December, 2007_____

(Notary Public/Deputy Clerk)

9

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| **JANETTE COOPER**, *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Case No. 2007 CA 007908 B** |
| **v.** | : | **Judge Judith E. Retchin** |
| | : | **Calendar 14** |
| **FARMERS GROUP, INC.** | : | |
| | : | |
| **Defendant.** | : | |

### *SUA SPONTE* NOTICE
(February 25, 2008)

This matter is before the Court *sua sponte*. The Court has recently received several courtesy copies of various filings in the mail from both the plaintiffs and the defendant. The Court notes that this case was dismissed without prejudice on February 14, 2008, by the Clerk's Office pursuant to Super. Ct. Civ. R. 4(m) because no affidavit of service of process as to defendant Farmers Group, Inc. had been filed by the plaintiffs. The Court's review of the electronic filing system reveals the defendant's electronic filings have been rejected due to an improper District of Columbia bar number used during the filing process. Additionally, although the Court eventually received a courtesy copy of a filing from the plaintiffs, that filing was not electronically filed,[1] but was instead improperly mailed to the Chief Judge's chambers. Therefore, this case is

---

[1] Although John F. Lillard, III, notes he is representing the plaintiffs as the "*Pro-se* & Interim counsel for Plaintiffs," Mr. Lillard must at least electronically file his filings for those plaintiffs whom he represents and must, at a minimum, properly file with the Clerk's Office any filings filed *pro se* on his own behalf (though he may electronically file filings on his own behalf).

currently closed, there are no motions are pending before the Court, and the previously

scheduled March 7, 2008, Initial Scheduling Conference has been vacated.

Judith E. Retchin
Associate Judge

Copies Electronically Served to:

John F. Lillard, III, Esq.
D.C. Bar No. 197194

George J. Vorgin, Esq.
D.C. Bar No. 456892

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
500 Indiana Ave., N.W., Rm-JM-170
Washington, D.C. 20001

JANETTE COOPER, et al.,

       *Plaintiffs,*

  *v.*                       CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

       *Defendants*

### PLAINTIFF'S PRAECIPE - *SUA SPONTE* NOTICE NOW MOOT CASE SHOULD BE REINSTATED

Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully replies to today's

notice, which is now moot, and in support states:

1. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs

   had inadvertently neglected to file the affidavit of service,

   > *SUA SPONTE* NOTICE (February 25, 2008) This matter is before the Court *sua sponte*. The Court has recently received several courtesy copies of various filings in the mail from both the plaintiffs and the defendant. The Court notes that this case was dismissed without prejudice on February 14, 2008, by the Clerk's Office pursuant to Super. Ct. Civ. R. 4(m) because no affidavit of service of process as to defendant Farmers Group, Inc. had been filed by the plaintiffs.

   but that was cured on February 21, 2008 the same day as the court's February 14, 2008 notice

   was received by mail.  Plaintiffs both mailed the original signed certified mail green card

   affidavit of service to the clerk, and uploaded a copy by e-filing.

2. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs

   had uploaded e-filings filings with counsel's bar number, whose inactive status was not known to

   plaintiffs' counsel,

   > The Court's review of the electronic filing system reveals the defendant's electronic filings have been rejected due to an improper District of Columbia bar number used during the filing process. ₁ Although John F. Lillard, III, notes he is representing the plaintiffs as the *"Pro-se* & Interim counsel for

> Plaintiffs," Mr. Lillard must at least electronically file his filings for those plaintiffs whom he represents and must, at a minimum, properly file with the Clerk's Office any filings filed *pro se* on his own behalf(though he may electronically file filings on his own behalf).

but that issue was cured by reinstatement filed today.

3. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs had misdirected courtesy pleadings to the chief judge

> Additionally, although the Court eventually received a courtesy copy of a filing from the plaintiffs, that filing was not electronically filed,1 but was instead improperly mailed to the Chief Judge's chambers.

but by courtesy copy to Judith E. Retchin Associate Judge today, plaintiffs today cure this regrettable error.

WHEREFORE, as the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008

> Therefore, this case is currently closed, there are no motions are pending before the Court, and the previously scheduled March 7, 2008, Initial Scheduling Conference has been vacated.

the Court is respectfully asked to reinstate this case, and advise regarding the Initial Scheduling Conference.

Respectfully submitted,

*[signature]*

JOHN F. LILLARD, III D.C. Bar 197194
8 LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se & Interim* counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of February, 2008, a copy of the foregoing is being served by e-filing, by email attachment, and via first-class mail, postage pre-paid, to

George J. Vogrin
120 BROADWAY, SUITE 955
New York, N.Y. 10271

*[signature]*

JOHN F. LILLARD, III

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION
500 Indiana Ave., N.W., Rm-JM-170
Washington, D.C. 20001

JANETTE COOPER, et al.,

   *Plaintiffs,*

 *v.*         CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

   *Defendants*

ORDER REINSTATING CASE

   Upon consideration of the Plaintiffs' praecipe noting the court's receipt of the affidavit of service

and e-filings, it is this _____ day of _____, 2008,

   ORDERED, the case is reinstated and the Initial Scheduling Conference is scheduled for

_____2008.

             _____

                      JUDGE

cc:   John F. Lillard, III     George J. Vogrin
    8 LOUDON LANE     120 BROADWAY, SUITE 955
    ANNAPOLIS, MD. 21401-9805  New York, N.Y. 10271

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER, et al.,

        *Plaintiffs,*

   *v.*                               CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

        *Defendants*

## PLAINTIFF'S PRAECIPE-CORRECTION

        Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully asks the court to reinstate the case

with the above corrected caption, and in support states:

        1.  With regret for any mischaracterization, defense counsel has taken exception to plaintiffs' previous

praecipe, which she believes indicated that she had agreed to, or sought, reinstatement. Defense counsel has clearly

clarified that she has not "agreed or requested reinstatement."

        2.  Please note that Janette Cooper, by 3-way conference with both counsel, believes a correct characterization

that defense counsel indicated she did "not object to an amendment to name the correct party" and "there is no objection to

reinstatement and re-caption;" Ms. Cooper also heard clerk Monroe suggest filing that praecipe indicating no objection.

        WHEREFORE, the Court is respectfully asked to reinstate, re-caption, and re-set for Initial Scheduling.

                              Respectfully submitted,

                              *[signature]*

                              JOHN F. LILLARD, III D.C. Bar 197194
                              8  LOUDON  LANE
                              ANNAPOLIS, MD. 21401-9805
                              (410) 268-1900
                              *Pro-se & Interim* counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of March, 2008, a copy of the foregoing is being served by e-filing to

George J. Vogrin
120 BROADWAY, SUITE 955
New York, N.Y. 10271

JOHN F. LILLARD, III

LAW OFFICES

# LILLARD & LILLARD

8 LOUDON LANE

ANNAPOLIS, MD. 21401-9805

(410) 268-1900

JOHN F. LILLARD, III
JOHN F. LILLARD, SR. (1882-1962)
JOHN F. LILLARD, JR. (1911-1997)
J. BOWIE LILLARD (1921-1991)

FACSIMILE: (410) 268-5544
TOLL FREE: 800- CAR-LAW- 1 (800-227-5291)
E-MAIL:johnlillard@toad.net

MARCH 5, 2008

OTHER LOCATIONS

12 COURTHOUSE DRIVE
LEONARDTOWN, MD. 20650
(301) 863-7400

1460 SOUTHERN MARYLAND BLVD.
PRINCE FREDERICK, MD. 20659
(410) 535-5600

50 POST OFFICE ROAD
WALDORF, MD. 20601
(301) 645-4000

300 TALBOT STREET
EASTON, MD. 21601
(410) 820-9200

ONE PLAZA EAST
SALISBURY, MD. 21803
(800) 227-5291

624 DEL RHODES AVENUE
QUEENSTOWN, MD. 21658
(800) 227-5291

903 WASHINGTON AVENUE, SUITE 1A
CHESTERTOWN, MD. 21620
(800) 227-5291

526 POPLAR STREET
CAMBRIDGE, MD. 21613
(800) 227-5291

7305 BALTIMORE AVENUE, SUITE 301
COLLEGE PARK, MD. 20740
(800) 227-5291

1776 K STREET, N.W. SUITE 800
WASHINGTON, D.C. 20006
(800) 227-5291

The Honorable Judith E. Retchin
Associate Judge
Superior Court of the District of Columbia
500 Indiana Avenue N.W., Room 3520
Washington, DC 20001

RE:     COOPER ET AL. V.
        FARMERS, 2007 CA
        007908 B

Dear Judge Retchin:

    With respect, defense counsel came down from Philadelphia to meet with plaintiffs and counsel yesterday and has asked that you be contacted regarding reinstatement of the case, so that settlement negotiations can resume. Likewise may it please the court, might your honor reschedule the Initial Conference to provide defense counsel enough time to conclude her evaluation of the claims files and engineering findings?

    Trusting it may please the court, this courtesy transmittal will re-send enclosed herewith 2nd copies of Plaintiff's February 25, 2008 Praecipe - *Sua Sponte* Notice Now Moot-Case Should Be Reinstated and likewise February 21, 2008 affidavit of service and courtesy copy transmittal letter [mistakenly sent to Judge King] both transmitted with orders to reinstate, likewise duly e-filed and pre-paid with bar number and motion fees.

    Thank you for your kind consideration of this matter.

                                            Respectfully submitted,

                                            John F. Lillard, III

JFLIII/s

cc: George J. Vogrin, Esquire
    Nelson, Levine, deLuca & Horst
    120 BROADWAY, SUITE 955
    New York, N.Y. 10271

    Claudia D. McCarron, Esquire
    Nelson, Levine, deLuca & Horst
    518 Township Line Road, Suite 300
    Blue Bell, Pa. 19422

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER, et al.,

     *Plaintiffs,*

*v.*                                      CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

     *Defendants*

## PLAINTIFF'S PRAECIPE - *SUA SPONTE* NOTICE NOW MOOT- CASE SHOULD BE REINSTATED

Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully replies to today's

notice, which is now moot, and in support states:

1. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs

   had inadvertently neglected to file the affidavit of service,

   > *SUA SPONTE* NOTICE (February 25, 2008) This matter is before the Court *sua sponte*. The Court has recently received several courtesy copies of various filings in the mail from both the plaintiffs and the defendant. The Court notes that this case was dismissed without prejudice on February 14, 2008, by the Clerk's Office pursuant to Super. Ct. Civ. R. 4(m) because no affidavit of service of process as to defendant Farmers Group, Inc. had been filed by the plaintiffs.

   but that was cured on February 21, 2008 the same day as the court's February 14, 2008 notice

   was received by mail. Plaintiffs both mailed the original signed certified mail green card

   affidavit of service to the clerk, and uploaded a copy by e-filing.

2. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs

   had uploaded e-filings filings with counsel's bar number, whose inactive status was not known to

   plaintiffs' counsel,

   > The Court's review of the electronic filing system reveals the defendant's electronic filings have been rejected due to an improper District of Columbia bar number used during the filing process. [1] Although John F. Lillard, III, notes he is representing the plaintiffs as the "*Pro-se &* Interim counsel for Plaintiffs," Mr. Lillard must at least electronically file his filings for those plaintiffs whom he represents and must, at a minimum, properly file with the Clerk's Office any filings filed *pro se* on his own behalf(though he may electronically file filings on his own behalf).

   but that issue was cured by reinstatement filed today.

3. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs

had misdirected courtesy pleadings to the chief judge

> **Additionally, although the Court eventually received a courtesy copy of a filing from the plaintiffs, that filing was not electronically filed,1 but was instead improperly mailed to the Chief Judge's chambers.**

but by courtesy copy to Judith E. Retchin Associate Judge today, plaintiffs today cure this

regrettable error.

WHEREFORE, as the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008

> **Therefore, this case is currently closed, there are no motions are pending before the Court, and the previously scheduled March 7, 2008, Initial Scheduling Conference has been vacated.**

the Court is respectfully asked to reinstate this case, and advise regarding the Initial Scheduling Conference.

Respectfully submitted,

*[signature]*

JOHN F. LILLARD, III D.C. Bar 197194
8 LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se & Interim* counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of February, 2008, a copy of the foregoing is being served by e-filing, by email attachment, and via first-class mail, postage pre-paid, to

George J. Vogrin
120 BROADWAY, SUITE 955
New York, N.Y. 10271

*[signature]*

JOHN F. LILLARD, III

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER, et al.,

       *Plaintiffs,*

  *v.*                                          CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

      *Defendants*

<u>ORDER REINSTATING, RE-CAPTIONING, AND RESCHEDULING INITIAL CONFERENCE</u>

Upon consideration of the Plaintiffs' praecipe noting proper filing of the affidavit of service

and e-filings, and without objection to the amendment and re-captioning with the properly-named defendant

FARMERS NEW CENTURY INSURANCE COMPANY it is this _____ day of _____, 2008,

ORDERED, the case is reinstated and recaptioned with FARMERS NEW CENTURY INSURANCE

COMPANY defendant and the Initial Scheduling Conference is scheduled for _____2008.

_____
                                                   JUDGE

cc:      John F. Lillard, III           George J. Vogrin
          8 LOUDON LANE        120 BROADWAY, SUITE 955
          ANNAPOLIS, MD. 21401-9805   New York, N.Y. 10271

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER, et al.,

        *Plaintiffs,*

   v.                             CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

        *Defendants*

## PLAINTIFF'S PRAECIPE-DEFENSE COUNSEL INDICATES THERE IS NO OBJECTION TO REINSTATEMENT AND RE-CAPTION

Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully asks the court to reinstate the case with the above corrected caption, and in support states:

1. Defense counsel by teleconference indicated she does not object to an amendment to name the correct party FARMERS NEW CENTURY INSURANCE COMPANY. The complaint having listed the correct party but as FARMERS GROUP, INC. d/b/a FARMERS NEW CENTURY INSURANCE COMPANY, re-captioning the case will result in no prejudice.

2. Responding immediately to the court's Sua Sponte Notice February 25, 2008, the case was properly filed with the affidavit of service and other counsel filings.

WHEREFORE, the Court is respectfully asked to reinstate, re-caption, and re-set this case for Initial Scheduling Conference.

                            Respectfully submitted,

                            *[signature]*

                            JOHN F. LILLARD, III D.C. Bar 197194
                            8  LOUDON LANE
                            ANNAPOLIS, MD. 21401-9805
                            (410) 268-1900
                            *Pro-se & Interim* counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of March, 2008, a copy of the foregoing is being served by e-filing to

George J. Vogrin
120 BROADWAY, SUITE 955
New York, N.Y. 10271

                            *[signature]*

                 _____     _____
                 JOHN F. LILLARD, III

LAW OFFICES
## LILLARD & LILLARD

JOHN F. LILLARD, III
JOHN F. LILLARD, SR. (1882-1962)
JOHN F. LILLARD, JR. (1911-1997)
J. BOWIE LILLARD (1921-1991)

8 LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900

FACSIMILE: (410) 268-5544
TOLL FREE: 800- CAR-LAW- 1 (800-227-5291)
E-MAIL:johnlillard@toad.net

MARCH 5, 2008

OTHER LOCATIONS

12 COURTHOUSE DRIVE
LEONARDTOWN, MD. 20650
(301) 863-7400

1460 SOUTHERN MARYLAND BLVD.
PRINCE FREDERICK, MD. 20639
(410) 535-5600

50 POST OFFICE ROAD
WALDORF, MD. 20601
(301) 645-4000

300 TALBOT STREET
EASTON, MD. 21601
(410) 820-9200

ONE PLAZA EAST
SALISBURY, MD. 21803
(800) 227-5291

624 DEL RHODES AVENUE
QUEENSTOWN, MD. 21658
(800) 227-5291

903 WASHINGTON AVENUE, SUITE 1A
CHESTERTOWN, MD. 21620
(800) 227-5291

526 POPLAR STREET
CAMBRIDGE, MD. 21613
(800) 227-5291

7305 BALTIMORE AVENUE, SUITE 301
COLLEGE PARK, MD. 20740
(800) 227-5291

1776 K STREET, N.W. SUITE 800
WASHINGTON, D.C.  20006
(800) 227-5291

The Honorable Judith E. Retchin
Associate Judge
Superior Court of the District of Columbia
500 Indiana Avenue N.W., Room 3520
Washington, DC 20001

RE:     COOPER ET AL. V.
FARMERS, 2007 CA
007908 B

Dear Judge Retchin:

    With respect, defense counsel came down from Philadelphia to meet with plaintiffs and counsel yesterday and has asked that you be contacted regarding reinstatement of the case, so that settlement negotiations can resume.  Likewise may it please the court, might your honor reschedule the Initial Conference to provide defense counsel enough time to conclude her evaluation of the claims files and engineering findings?

    Trusting it may please the court, this courtesy transmittal will re-send enclosed herewith 2nd copies of Plaintiff's February 25, 2008 Praecipe - *Sua Sponte* Notice Now Moot-Case Should Be Reinstated and likewise February 21, 2008 affidavit of service and courtesy copy transmittal letter [mistakenly sent to Judge King] both transmitted with orders to reinstate, likewise duly e-filed and pre-paid with bar number and motion fees.

    Thank you for your kind consideration of this matter.

Respectfully submitted,

John F. Lillard, III

JFLIII/s

cc:  George J. Vogrin, Esquire
Nelson, Levine, deLuca & Horst
120 BROADWAY, SUITE 955
New York, N.Y. 10271

Claudia D. McCarron, Esquire
Nelson, Levine, deLuca & Horst
518 Township Line Road, Suite 300
Blue Bell, Pa.  19422

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER, et al.,

     *Plaintiffs,*

    *v.*                             CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

    *Defendants*

## PLAINTIFF'S PRAECIPE - *SUA SPONTE* NOTICE NOW MOOT- CASE SHOULD BE REINSTATED

Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully replies to today's

notice, which is now moot, and in support states:

1. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs

   had inadvertently neglected to file the affidavit of service,

   > ***SUA SPONTE* NOTICE (February 25, 2008)** This matter is before the Court *sua sponte*. The Court has recently received several courtesy copies of various filings in the mail from both the plaintiffs and the defendant. The Court notes that this case was dismissed without prejudice on February 14, 2008, by the Clerk's Office pursuant to Super. Ct. Civ. R. 4(m) because no affidavit of service of process as to defendant Farmers Group, Inc. had been filed by the plaintiffs.

   but that was cured on February 21, 2008 the same day as the court's February 14, 2008 notice

   was received by mail.  Plaintiffs both mailed the original signed certified mail green card

   affidavit of service to the clerk, and uploaded a copy by e-filing.

2. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs

   had uploaded e-filings filings with counsel's bar number, whose inactive status was not known to

   plaintiffs' counsel,

   > The Court's review of the electronic filing system reveals the defendant's electronic filings have been rejected due to an improper District of Columbia bar number used during the filing process. ₁ Although John F. Lillard, III, notes he is representing the plaintiffs as the "*Pro-se &* Interim counsel for Plaintiffs," Mr. Lillard must at least electronically file his filings for those plaintiffs whom he represents and must, at a minimum, properly file with the Clerk's Office any filings filed *pro se* on his own behalf(though he may electronically file filings on his own behalf).

   but that issue was cured by reinstatement filed today.

3. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs

had misdirected courtesy pleadings to the chief judge

> **Additionally, although the Court eventually received a courtesy copy of a filing from the plaintiffs, that filing was not electronically filed,1 but was instead improperly mailed to the Chief Judge's chambers.**

but by courtesy copy to Judith E. Retchin Associate Judge today, plaintiffs today cure this

regrettable error.

WHEREFORE, as the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008

> **Therefore, this case is currently closed, there are no motions are pending before the Court, and the previously scheduled March 7, 2008, Initial Scheduling Conference has been vacated.**

the Court is respectfully asked to reinstate this case, and advise regarding the Initial Scheduling Conference.

Respectfully submitted,

*[signature]*

JOHN F. LILLARD, III D.C. Bar 197194
8  LOUDON  LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se & Interim* counsel for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of February, 2008, a copy of the foregoing is being served by e-filing, by email attachment, and via first-class mail, postage pre-paid, to

George J. Vogrin
120 BROADWAY, SUITE 955
New York, N.Y. 10271

*[signature]*

_____    _____

JOHN F. LILLARD, III

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER, et al.,

     *Plaintiffs,*

    *v.*                              CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

     *Defendants*

## ORDER REINSTATING, RE-CAPTIONING, AND RESCHEDULING INITIAL CONFERENCE

     Upon consideration of the Plaintiffs' praecipe noting proper filing of the affidavit of service

and e-filings, and without objection to the amendment and re-captioning with the properly-named defendant

FARMERS NEW CENTURY INSURANCE COMPANY it is this _____ day of _____, 2008,

     ORDERED, the case is reinstated and recaptioned with FARMERS NEW CENTURY INSURANCE

COMPANY defendant and the Initial Scheduling Conference is scheduled for _____ 2008.

                                                     _____
                                                           JUDGE

cc:      John F. Lillard, III         George J. Vogrin
         8 LOUDON LANE        120 BROADWAY, SUITE 955
         ANNAPOLIS, MD. 21401-9805   New York, N.Y. 10271

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **NELSON LEVINE de LUCA & HORST, LLC**<br>**BY:  GEORGE J. VOGRIN, ESQUIRE**<br>**IDENTIFICATION NO.: 456892**<br>**120 BROADWAY, SUITE 955**<br>**NEW YORK, NY 10271**<br>**(212) 233-0130** | **ATTORNEYS FOR DEFENDANT** |

**JANETTE COOPER, JERAMIA COOPER,**
**JASMYNE COOPER and JOHN LILLARD**

**v.**

**FARMERS INSURANCE GROUP d/b/a**
**FARMERS NEW CENTURY INS. CO.,**
**FARMERS/ZURICH, N.A., FARMERS-**
**ZURICH INS. CO., ZURICH AMERICAN**
**INS. CO., FARMERS NEW WORLD LIFE**
**INS. CO., BRITISH AMERICAN TOBACCO**
**CO. and MDU RESOURCES GROUP, INC.**

**CIVIL ACTION NO:**
**2007 CA 007908 B**

---

**OPPOSITION OF DEFENDANT FARMERS NEW CENTURY**
**INSURANCE COMPANY, incorrectly identified as Farmers Insurance Group,**
**TO "PLAINTIFF'S PRAECIPE – *SUA SPONTE* NOTICE NOW MOOT – CASE**
**SHOULD BE REINSTATED" DATED FEBRUARY 25, 2008,**
**"PLAINTIFF'S PRAECIPE" DATED MARCH 17, 2008 AND**
**"PLAINTIFF'S PRAECIPE – CORRECTION" DATED MARCH 19, 2008**
**AND MOTION TO STRIKE ALL THREE PRAECIPES**

Defendant Farmers New Century Insurance Company, incorrectly identified in the caption as Farmers Insurance Group, by and through its attorneys, Nelson Levine de Luca & Horst, LLC, hereby files this Opposition to the "Plaintiff's Praecipe – *Sua Sponte* Notice Now Moot – Case Should be Reinstated" dated February 25, 2008, "Plaintiff's Praecipe" dated March 17, 2008 and "Plaintiff's Praecipe – Correction" dated March 19, 2008 and Motion to Strike All Three Praecipes as follows:

1.     Plaintiffs Janette Cooper, Jeramia Cooper, Jasmyne Cooper and John Lillard commenced the instant action by filing a "Complaint For Trial by Jury for Compensatory, Punitive, and Treble Damages for Oligopolistic Corporate Bad Faith and Violation of the District of Columbia Unlawful Trade Practices Act" with the Superior Court of the District of Columbia.

2.     On or about February 25, 2008, the Honorable Judith E. Retchin issued a *Sua Sponte* Notice, which noted that the case was dismissed without prejudice on February 14, 2008 by the Clerk's Office, and that the case is currently closed. A true and correct copy of the *Sua Sponte* Notice is attached hereto and marked as Exhibit "A."

3.     In response to the *Sua Sponte* Notice, on February 25, 2008, Plaintiffs filed a "Plaintiff's Praecipe - *Sua Sponte* Notice Now Moot – Case Should be Reinstated." A true and correct copy of this Praecipe is attached hereto and marked as Exhibit "B."

4.     Thereafter, on March 5, 2008, John F. Lillard, III, Esquire, a plaintiff and also counsel for the Cooper Plaintiffs, sent a letter to the Honorable Judge Retchin wherein he represented that defense counsel had requested that the Superior Court reinstate this case. A true and correct copy of this March 5, 2008 letter is attached hereto and marked as Exhibit "C."

5.     By letter dated March 10, 2008, defense counsel informed Judge Retchin that Mr. Lillard's representation was incorrect and that she was not requesting reinstatement of the case. A true and correct copy of this March 10, 2008 letter is attached hereto and marked as Exhibit "D."

6.     Subsequent to this series of correspondence, counsel for Plaintiffs and Defendant discussed the fact that if the Plaintiffs were successful in having their case reinstated, the parties could address correcting the pleadings to name the correct defendant by agreement.

7.    Following that conversation, on March 17, 2008, Plaintiffs' counsel filed "Plaintiff's Praecipe." A true and correct copy of the "Plaintiff's Praecipe" is attached hereto and marked as Exhibit "E."

8.    This Praecipe again mischaracterizes the position of the Defendant and suggests to the Court that the Defendant is not opposed to and has actually agreed to reinstatement of this case. This is not true.

9.    In fact, the Defendant does not agree to the reinstatement of this matter and now formally objects to reinstatement.

10.    The Defendant's objection to the Praecipe was communicated to Plaintiffs' counsel on March 19, 2008, who subsequently filed a "Plaintiff's Praecipe-Correction." A true and correct copy of the "Plaintiff's Praecipe-Correction" is attached hereto and marked as Exhibit "F."

11.    Defendant objects to the "Plaintiff's Praecipe – *Sua Sponte* Notice Now Moot – Case Should be Reinstated" dated February 25, 2008, "Plaintiff's Praecipe" dated March 17, 2008 and "Plaintiff's Praecipe – Correction" dated March 19, 2008.

12.    Even if this matter were to be reinstated, Defendant Farmers New Century Insurance Company, incorrectly identified in the caption as Farmers Insurance Group, believes and avers that there is absolutely no indication that the Plaintiffs' claims have any contact with the District of Columbia and, as a result, this Honorable Court does not have jurisdiction over the matter.

13.    Defendant also believes and avers that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

14.    As a result, Defendant respectfully objects to the February 25, 2008, March 17, 2008 and March 19, 2008 Praecipes and requests that this Honorable Court strike the Praecipes and this matter remain marked as "closed."

**WHEREFORE,** defendant Farmers New Century Insurance Company, incorrectly identified in the caption as Farmers Insurance Group, respectfully requests that this Honorable Court strike the Plaintiff's Praecipes dated February 25, 2008, March 17, 2008 and March 19, 2008.

**NELSON LEVINE de LUCA & HORST, LLC**

**BY:**  s/George J. Vogrin
GEORGE J. VOGRIN, ESQUIRE
ATTORNEYS FOR DEFENDANT
D.C. BAR NO. 456892
120 BROADWAY, SUITE 955
NEW YORK, NY 10271

Dated: March 19, 2008

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

NELSON LEVINE de LUCA & HORST, LLC      ATTORNEYS FOR DEFENDANT
BY: GEORGE J. VOGRIN, ESQUIRE
IDENTIFICATION NO.: 456892
120 BROADWAY, SUITE 955
NEW YORK, NY 10271
(212) 233-0130

---

JANETTE COOPER, JERAMIA COOPER,
JASMYNE COOPER and JOHN LILLARD

     v.

FARMERS INSURANCE GROUP d/b/a
FARMERS NEW CENTURY INS. CO.,
FARMERS/ZURICH, N.A., FARMERS-
ZURICH INS. CO., ZURICH AMERICAN
INS. CO., FARMERS NEW WORLD LIFE
INS. CO., BRITISH AMERICAN TOBACCO
CO. and MDU RESOURCES GROUP, INC.

CIVIL ACTION NO:
     2007 CA 007908 B

---

POINTS AND AUTHORITIES IN SUPPORT OF THE
OPPOSITION OF DEFENDANT FARMERS NEW CENTURY
INSURANCE COMPANY, incorrectly identified as Farmers Insurance Group,
TO "PLAINTIFF'S PRAECIPE – *SUA SPONTE* NOTICE NOW MOOT – CASE
SHOULD BE REINSTATED" DATED FEBRUARY 25, 2008,
"PLAINTIFF'S PRAECIPE" DATED MARCH 17, 2008 AND
"PLAINTIFF'S PRAECIPE – CORRECTION" DATED MARCH 19, 2008
AND MOTION TO STRIKE ALL THREE PRAECIPES

I.      CONCISE STATEMENT OF MATERIAL FACTS

Plaintiffs Janette Cooper, Jeramia Cooper, Jasmyne Cooper and John Lillard commenced

the instant action by filing a "Complaint For Trial by Jury for Compensatory, Punitive, and

Treble Damages for Oligopolistic Corporate Bad Faith and Violation of the District of Columbia

Unlawful Trade Practices Act" with the Superior Court of the District of Columbia. Thereafter,

on February 14, 2008, the Clerk's Office dismissed the case without prejudice pursuant to Super. Ct. Civ. R. 4(m) and on or about February 25, 2008, the Honorable Judith E. Retchin issued a *Sua Sponte* Notice which noted that the case was currently closed.

In response to the *Sua Sponte* Notice, on February 25, 2008, Plaintiffs filed a "Plaintiff's Praecipe - *Sua Sponte* Notice Now Moot – Case Should be Reinstated." Thereafter, on March 5, 2008, John F. Lillard, III, Esquire, a plaintiff and also counsel for the Cooper Plaintiffs, sent a letter to the Honorable Judge Retchin wherein he represented that defense counsel had requested that the Superior Court reinstate this case. Because Mr. Lillard misrepresented the position of the Defendant, defense counsel informed Judge Retchin that Mr. Lillard's representation was incorrect and that she was not requesting reinstatement of the case in a letter dated March 10, 2008.

Subsequent to this series of correspondence, counsel for Plaintiffs and Defendant Farmers discussed the fact that if the Plaintiffs were successful in having their case reinstated, the parties could address correcting the pleadings to name the correct defendant by agreement. Following that conversation, on March 17, 2008, Plaintiffs' counsel filed "Plaintiff's Praecipe." This Praecipe again mischaracterizes the position of the Defendant and suggests to the Court that the Defendant is not opposed to, and has actually agreed to, reinstatement of this case. This, however, is not true. In fact, the Defendant does not agree to the reinstatement of this matter and now formally objects to reinstatement. The Defendant's objection to the Praecipe was communicated to Plaintiffs' counsel on March 19, 2008, who subsequently filed a "Plaintiff's Praecipe-Correction." Defendant objects to the "Plaintiff's Praecipe – *Sua Sponte* Notice Now Moot – Case Should be Reinstated" dated February 25, 2008, "Plaintiff's Praecipe" dated March 17, 2008 and "Plaintiff's Praecipe – Correction" dated March 19, 2008.

Furthermore, Defendant Farmers New Century Insurance Company, incorrectly identified in the caption as Farmers Insurance Group believes and avers that the Plaintiffs cannot maintain a valid cause of action under the facts set forth in their Complaint and have failed to demonstrate that this Honorable Court has jurisdiction over their case. Thus, in response to the Praecipes, Defendant Farmers New Century has filed its Opposition to the February 25, 2008, March 17, 2008 and March 19, 2008 Praecipes and Motion to Strike All Three Praecipes. In support of the Motion, said Defendant now files its Points and Authorities.

## II.    LEGAL ARGUMENT

Rule 12(f) of the District of Columbia Rules of Civil Procedure allows for the filing of a Motion to Strike and states the following:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these Rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the Court's own initiative at any time, the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

D.C. R.C.P. 12(f). Here, a Motion to Strike is requested given that the Defendant objects to the reinstatement of this matter and Plaintiffs' mischaracterizations in this regard. As set forth above, the Plaintiffs have continually misrepresented to this Honorable Court that the Defendant is agreeable to reinstatement, a fact that is not true.

Furthermore, defendant Farmers New Century believes and avers that even if this matter was reinstated, that this Honorable Court does not have jurisdiction over this matter. Defendant also believes that the Plaintiffs cannot maintain a valid cause of action under the facts set forth in their Complaint and thus have failed to state claims upon which relief can be granted.

Reinstatement of this matter will not cure the procedural and substantive deficiencies contained within the Plaintiffs' cause of action. Thus, defendant Farmers New Century believes and avers that the Plaintiffs' February 25, 2008, March 17, 2008 and March 19, 2008 Praecipes should be stricken pursuant to D.C. R.C.P. 12(f).

## III.  **CONCLUSION**

Based on the foregoing discussion and the case law cited therein, defendant Farmers New Century Insurance Company, incorrectly identified in the caption as Farmers Insurance Group, respectfully requests that this Honorable Court strike the Plaintiffs' February 28, 2008, March 17, 2008 and March 19, 2008 Praecipes and this matter remain marked as closed.

**NELSON LEVINE de LUCA & HORST, LLC**

BY:  s/George J. Vogrin
      GEORGE J. VOGRIN, ESQUIRE
      ATTORNEYS FOR DEFENDANT
      D.C. BAR NO. 456892
      120 BROADWAY, SUITE 955
      NEW YORK, NY 10271

Dated: March 19, 2008

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| JANETTE COOPER, JERAMIA COOPER, JASMYNE COOPER and JOHN LILLARD<br><br>v.<br><br>FARMERS INSURANCE GROUP d/b/a FARMERS NEW CENTURY INS. CO., FARMERS/ZURICH, N.A., FARMERS-ZURICH INS. CO., ZURICH AMERICAN INS. CO., FARMERS NEW WORLD LIFE INS. CO., BRITISH AMERICAN TOBACCO CO. and MDU RESOURCES GROUP, INC. | CIVIL ACTION NO:<br>2007 CA 007908 B |

## O R D E R

AND NOW, this _____ day of _____, 2008, upon

consideration of the Defendant's Opposition to the Plaintiff's "Plaintiff's Praecipe – *Sua Sponte*

Notice Now Moot – Case Should be Reinstated" dated February 25, 2008, "Plaintiff's Praecipe"

dated March 17, 2008 and "Plaintiff's Praecipe – Correction" dated and Motion to Strike All

Three Praecipes, and any response thereto, it is hereby **ORDERED** and **DECREED** that the

Motion to Strike is **GRANTED** and the February 25, 2008, March 17, 2008 and March 19, 2008

Praecipes for Reinstatement are hereby **STRICKEN** and this matter shall remain **CLOSED**.

**BY THE COURT:**

_____
J.

To be serviced via United States Mail:

John F. Lillard, III, Esquire
8 Loudon Lane
Annapolis, MD 21401-9805

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

NELSON LEVINE de LUCA & HORST, LLC        ATTORNEYS FOR DEFENDANT
BY:  GEORGE J. VOGRIN, ESQUIRE
IDENTIFICATION NO.: 456892
120 BROADWAY, SUITE 955
NEW YORK, NY 10271
(212) 233-0130

JANETTE COOPER, JERAMIA COOPER,
JASMYNE COOPER and JOHN LILLARD

                    v.                        CIVIL ACTION NO:
                                                      2007 CA 007908 B

FARMERS INSURANCE GROUP d/b/a
FARMERS NEW CENTURY INS. CO., et al

---

## CERTIFICATE OF SERVICE

I, George J. Vogrin, Esquire, hereby certify that a true and correct copy of the Opposition of Defendant Farmers New Century Insurance Company, incorrectly identified as Farmers Insurance Group, to the Plaintiff's "Plaintiff's Praecipe – *Sua Sponte* Notice Now Moot – Case Should be Reinstated" dated February 25, 2008, "Plaintiff's Praecipe" dated March 17, 2008 and "Plaintiff's Praecipe – Correction" dated and Motion to Strike All Three Praecipes, Points and Authorities, and Proposed Order were served on March 19, 2008, upon counsel listed below by United States Mail, postage prepaid.

John F. Lillard, III, Esquire
8 Loudon Lane
Annapolis, MD 21401-9805

NELSON LEVINE de LUCA & HORST, LLC

BY:  _s/George J. Vogrin_____
        GEORGE J. VOGRIN, ESQUIRE
        ATTORNEYS FOR DEFENDANT
        D.C. Bar No. 456892
        120 Broadway, Suite 955
        New York, NY 10271

Dated:  March 19, 2008

# EXHIBIT

# "A"

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

JANETTE COOPER, *et al.*,                                  :
                                                          :
                    Plaintiffs,                            :
                                                          :       Case No. 2007 CA 007908 B
v.                                                        :       Judge Judith E. Retchin
                                                          :       Calendar 14
FARMERS GROUP, INC.                                       :
                                                          :
                    Defendant.                             :

### *SUA SPONTE* NOTICE
(February 25, 2008)

This matter is before the Court *sua sponte*. The Court has recently received

several courtesy copies of various filings in the mail from both the plaintiffs and the

defendant. The Court notes that this case was dismissed without prejudice on February

14, 2008, by the Clerk's Office pursuant to Super. Ct. Civ. R. 4(m) because no affidavit

of service of process as to defendant Farmers Group, Inc. had been filed by the plaintiffs.

The Court's review of the electronic filing system reveals the defendant's electronic

filings have been rejected due to an improper District of Columbia bar number used

during the filing process. Additionally, although the Court eventually received a courtesy

copy of a filing from the plaintiffs, that filing was not electronically filed,[1] but was

instead improperly mailed to the Chief Judge's chambers. Therefore, this case is

---

[1] Although John F. Lillard, III, notes he is representing the plaintiffs as the *"Pro-se* & Interim counsel for Plaintiffs," Mr. Lillard must at least electronically file his filings for those plaintiffs whom he represents and must, at a minimum, properly file with the Clerk's Office any filings filed *pro se* on his own behalf (though he may electronically file filings on his own behalf).

currently closed, there are no motions are pending before the Court, and the previously

scheduled March 7, 2008, Initial Scheduling Conference has been vacated.


Judith E. Retchin
Associate Judge

<u>Copies Electronically Served to:</u>

John F. Lillard, III, Esq.
D.C. Bar No. 197194

George J. Vorgin, Esq.
D.C. Bar No. 456892

# EXHIBIT

# "B"

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER, et al.,

       *Plaintiffs,*

  *v.*                                CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

       *Defendants*

## PLAINTIFF'S PRAECIPE - *SUA SPONTE* NOTICE NOW MOOT- CASE SHOULD BE REINSTATED

Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully replies to today's notice, which is now moot, and in support states:

1. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs had inadvertently neglected to file the affidavit of service,

> *SUA SPONTE* NOTICE (February 25, 2008) This matter is before the Court *sua sponte.* The Court has recently received several courtesy copies of various filings in the mail from both the plaintiffs and the defendant. The Court notes that this case was dismissed without prejudice on February 14, 2008, by the Clerk's Office pursuant to Super. Ct. Civ. R. 4(m) because no affidavit of service of process as to defendant Farmers Group, Inc. had been filed by the plaintiffs.

but that was cured on February 21, 2008 the same day as the court's February 14, 2008 notice was received by mail. Plaintiffs both mailed the original signed certified mail green card affidavit of service to the clerk, and uploaded a copy by e-filing.

2. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs had uploaded e-filings filings with counsel's bar number, whose inactive status was not known to plaintiffs' counsel,

> The Court's review of the electronic filing system reveals the defendant's electronic filings have been rejected due to an improper District of Columbia bar number used during the filing process. ⸱ Although John F. Lillard, III, notes he is representing the plaintiffs as the "*Pro-se* & Interim counsel for Plaintiffs," Mr. Lillard must at least electronically file his filings for those plaintiffs whom he represents and must, at a minimum, properly file with the Clerk's Office any filings filed *pro se* on his own behalf(though he may electronically file filings on his own behalf).

but that issue was cured by reinstatement filed today.

3. the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008 that plaintiffs

    had misdirected courtesy pleadings to the chief judge

> **Additionally, although the Court eventually received a courtesy copy of a filing from the plaintiffs, that filing was not electronically filed,1 but was instead improperly mailed to the Chief Judge's chambers.**

but by courtesy copy to Judith E. Retchin Associate Judge today, plaintiffs today cure this

regrettable error.

WHEREFORE, as the court correctly notes in its *Sua Sponte* Notice dated today February 25, 2008

> **Therefore, this case is currently closed, there are no motions are pending before the Court, and the previously scheduled March 7, 2008, Initial Scheduling Conference has been vacated.**

the Court is respectfully asked to reinstate this case, and advise regarding the Initial Scheduling Conference.

Respectfully submitted,

*[signature]*

JOHN F. LILLARD, III D.C. Bar 197194
8  LOUDON  LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se & Interim* counsel for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of February, 2008, a copy of the foregoing is being served by e-filing, by email attachment, and via first-class mail, postage pre-paid, to

George J. Vogrin
120 BROADWAY, SUITE 955
New York, N.Y. 10271

*[signature]*

JOHN F. LILLARD, III

# EXHIBIT

## "C"

JOHN F. LILLARD, III
JOHN F. LILLARD, SR. (1882-1962)
JOHN F. LILLARD, JR. (1911-1997)
J. BOWIE LILLARD (1921-1991)

LAW OFFICES
# LILLARD & LILLARD
8 LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900

FACSIMILE: (410) 268-5544
TOLL FREE: 800- CAR-LAW- 1 (800-227-5291)
E-MAIL:johnlillard@toad.net

OTHER LOCATIONS

12 COURTHOUSE DRIVE
LEONARDTOWN, MD. 20650
(301) 863-7400

1460 SOUTHERN MARYLAND BLVD.
PRINCE FREDERICK, MD. 20639
(410) 535-5600

50 POST OFFICE ROAD
WALDORF, MD. 20601
(301) 645-6000

300 TALBOT STREET
EASTON, MD. 21601
(410) 820-9200

ONE PLAZA EAST
SALISBURY, MD. 21803
(800) 227-5291

624 DEL RHODES AVENUE
QUEENSTOWN, MD. 21658
(800) 227-5291

903 WASHINGTON AVENUE, SUITE 1A
CHESTERTOWN, MD. 21620
(800) 227-5291

526 POPLAR STREET
CAMBRIDGE, MD. 21613
(800) 227-5291

7305 BALTIMORE AVENUE, SUITE 301
COLLEGE PARK, MD. 20740
(800) 227-5291

1776 K STREET, N.W. SUITE 800
WASHINGTON, D.C. 20006
(800) 227-5291

MARCH 5, 2008

The Honorable Judith E. Retchin
Associate Judge
Superior Court of the District of Columbia
500 Indiana Avenue N.W., Room 3520
Washington, DC 20001

RE:    COOPER ET AL. V.
FARMERS, 2007 CA
007908 B

Dear Judge Retchin:

    With respect, defense counsel came down from Philadelphia to meet with plaintiffs and counsel yesterday and has asked that you be contacted regarding reinstatement of the case, so that settlement negotiations can resume. Likewise may it please the court, might your honor reschedule the Initial Conference to provide defense counsel enough time to conclude her evaluation of the claims files and engineering findings?

    Trusting it may please the court, this courtesy transmittal will re-send enclosed herewith 2nd copies of Plaintiff's February 25, 2008 Praecipe - *Sua Sponte* Notice Now Moot-Case Should Be Reinstated and likewise February 21, 2008 affidavit of service and courtesy copy transmittal letter [mistakenly sent to Judge King] both transmitted with orders to reinstate, likewise duly e-filed and pre-paid with bar number and motion fees.

    Thank you for your kind consideration of this matter.

Respectfully submitted,

John F. Lillard, III

JFLIII/s

cc:  George J. Vogrin, Esquire
Nelson, Levine, deLuca & Horst
120 BROADWAY, SUITE 955
New York, N.Y. 10271

Claudia D. McCarron, Esquire
Nelson, Levine, deLuca & Horst
518 Township Line Road, Suite 300
Blue Bell, Pa.  19422

# EXHIBIT

# "D"



**NELSON • LEVINE • de LUCA & HORST**
A LIMITED LIABILITY COMPANY
**ATTORNEYS AT LAW**

Claudia D. McCarron
Direct: 215.358.5138
cmccarron@nldhlaw.com

PHILADELPHIA    CHERRY HILL    COLUMBUS    NEWARK    NEW YORK    LONDON

www.nldhlaw.com
518 Township Line Road
Suite 300
Blue Bell, PA 19422
Phone: 215.358.5100
Fax: 215.358.5101

March 10, 2008

The Honorable Judith E. Retchin
Associate Judge
Superior Court of the District of Columbia
500 Indiana Avenue NW, Room 3520
Washington, DC 20001

> **Re:** **Cooper, et al v. Farmers Insurance Group**
> **Superior Court of the District of Columbia**
> **Civil Action No.: 2007 CA 007908 B**

Dear Judge Retchin:

I have Mr. Lillard's letter to you of March 5, 2008. I did not request that Mr. Lillard contact you. I am not requesting that the case be reinstated. I have suggested to Mr. Lillard that he needs to take whatever steps are necessary under the rules of court to reinstate or re-file this action if he wishes to proceed, as it is now dismissed, and, I trust that he will proceed accordingly.

Very truly yours,

NELSON LEVINE de LUCA & HORST, LLC

Claudia D. McCarron

CM/mys

# EXHIBIT

# "E"

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER, et al.,

   *Plaintiffs,*

  *v.*            CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

   *Defendants*

## PLAINTIFF'S PRAECIPE

  Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully asks the court to reinstate the case with the above corrected caption, and in support states:

1. Defense counsel by teleconference indicated she does not object to an amendment to name the correct party FARMERS NEW CENTURY INSURANCE COMPANY. The complaint having listed the correct party but as FARMERS GROUP, INC. d/b/a FARMERS NEW CENTURY INSURANCE COMPANY, re-captioning the case will result in no prejudice.

2. Responding immediately to the court's Sua Sponte Notice February 25, 2008, the case was properly filed with the affidavit of service and other counsel filings.

  WHEREFORE, the Court is respectfully asked to reinstate, re-caption, and re-set this case for Initial Scheduling Conference.

        Respectfully submitted,

        *[signature]*

        JOHN F. LILLARD, III D.C. Bar 197194
        8 LOUDON LANE
        ANNAPOLIS, MD. 21401-9805
        (410) 268-1900
        *Pro-se & Interim* counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of March, 2008, a copy of the foregoing is being served by e-filing to

George J. Vogrin
120 BROADWAY, SUITE 955
New York, N.Y. 10271

        *[signature]*

        JOHN F. LILLARD, III

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION
500 Indiana Ave., N.W., Rm-JM-170
Washington, D.C. 20001

JANETTE COOPER, et al.,

      *Plaintiffs,*

    *v.*                                CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

      *Defendants*

### ORDER REINSTATING, RE-CAPTIONING, AND RESCHEDULING INITIAL CONFERENCE

Upon consideration of the Plaintiffs' praecipe noting proper filing of the affidavit of service

and e-filings, and without objection to the amendment and re-captioning with the properly-named defendant

FARMERS NEW CENTURY INSURANCE COMPANY it is this _____ day of _____, 2008,

ORDERED, the case is reinstated and recaptioned with FARMERS NEW CENTURY INSURANCE

COMPANY defendant and the Initial Scheduling Conference is scheduled for _____2008.

 

_____
                                                JUDGE

cc:       John F. Lillard, III        George J. Vogrin
           8 LOUDON LANE       120 BROADWAY, SUITE 955
           ANNAPOLIS, MD. 21401-9805   New York, N.Y. 10271

# EXHIBIT

## "F"

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER, et al.,

   *Plaintiffs,*

  *v.*             CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

   *Defendants*

### PLAINTIFF'S PRAECIPE-CORRECTION

   Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully asks the court to reinstate the case with the above corrected caption, and in support states:

   1. With regret for any mischaracterization, defense counsel has taken exception to plaintiffs' previous praecipe, which she believes indicated that she had agreed to, or sought, reinstatement. Defense counsel has clearly clarified that she has not "agreed or requested reinstatement."

   2. Please note that Janette Cooper, by 3-way conference with both counsel, believes a correct characterization that defense counsel indicated she did "not object to an amendment to name the correct party" and "there is no objection to reinstatement and re-caption;" Ms. Cooper also heard clerk Monroe suggest filing that praecipe indicating no objection.

   WHEREFORE, the Court is respectfully asked to reinstate, re-caption, and re-set for Initial Scheduling.

          Respectfully submitted,

          *[signature]*

          JOHN F. LILLARD, III D.C. Bar 197194
          8  LOUDON LANE
          ANNAPOLIS, MD. 21401-9805
          (410) 268-1900
          *Pro-se & Interim* counsel for Plaintiffs

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of March, 2008, a copy of the foregoing is being served by e-filing to

George J. Vogrin
120 BROADWAY, SUITE 955
New York, N.Y. 10271

          *[signature]*

       _____ _____

       JOHN F. LILLARD, III

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
500 Indiana Ave., N.W., Rm-JM-170
Washington, D.C. 20001

JANETTE COOPER, et al.,

        *Plaintiffs,*

    *v.*                             CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

        *Defendants*

## PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE

Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully asks the court to reinstate the case

with the above corrected caption, opposing defense motion to strike regarding reinstatement, and in support state:

1. Plaintiffs already corrected defense misinterpretation of their statements by corrected praecipe,

and respectfully submit the following to support the same:

### AFFIDAVIT

2. Defense straw man argument says "agreed" or "request." Those words were not used. Nor is the

straw man relevant. Reinstatement is ministerial. Clerk dismissal for lack of an affidavit of service, in fact the

affidavit was filed the same day as the dismissal was received. Thus the case should be reinstated.

3. Plaintiff's counsel's statements are not only true but witnessed by both plaintiffs Cooper and Lillard. Both

    plaintiffs,

by 3-way teleconference and in person among the 3 persons heard defense counsel say Farmers needed the case to be reinstated before

negotiations and that plaintiffs should again contact the court to get the case reinstated. Ergo, "defense counsel . . . asked that you be

contacted regarding reinstatement" does not say "represented that defense counsel had requested that the Superior Court reinstate the

case." Likewise, it was a true statement that 'Janette Cooper, by 3-way conference with both counsel, believes a correct

characterization that defense counsel indicated she did "not object to an amendment to name the correct party" and "there is no

objection to reinstatement and re-caption;" filing that praecipe indicating no objection.'

WHEREFORE, plaintiff declares under penalty of perjury that the foregoing is true to the best of his knowledge

information, or belief, and the Court is respectfully asked to reinstate, re-caption, and re-set for Initial Scheduling.

                         Respectfully submitted,

JOHN F. LILLARD, III D.C. Bar 197194
8  LOUDON  LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se & Interim* counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of March, 2008, a copy of the foregoing is being served by e-filing to

George J. Vogrin
120 BROADWAY, SUITE 955
New York, N.Y. 10271

_____
JOHN F. LILLARD, III

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm-JM-170
### Washington, D.C. 20001

JANETTE COOPER, et al.,

        *Plaintiffs,*

  *v.*
                                    CIVIL Action No. 2007 CA 007908 B

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

        *Defendants*

## ORDER REINSTATING, RE-CAPTIONING, AND RESCHEDULING INITIAL CONFERENCE

Upon consideration of the Plaintiffs' praecipe noting proper filing of the affidavit of service

and e-filings, and without objection to the amendment and re-captioning with the properly-named defendant

FARMERS NEW CENTURY INSURANCE COMPANY it is this _____ day of _____, 2008,

ORDERED, the case is reinstated and recaptioned with FARMERS NEW CENTURY INSURANCE

COMPANY defendant and the Initial Scheduling Conference is scheduled for _____2008.

                                        _____
                                                    JUDGE

cc:      John F. Lillard, III         George J. Vogrin
           8 LOUDON LANE       120 BROADWAY, SUITE 955
           ANNAPOLIS, MD. 21401-9805   New York, N.Y. 10271

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

JANETTE COOPER, *et al.*,        :

                    :

      **Plaintiffs,**        :

                    :    **Case No. 2007 CA 007908 B**

**v.**                   :    **Judge Judith E. Retchin**

                    :    **Calendar 14**

**FARMERS GROUP, INC.**     :

                    :

      **Defendant.**       :

<u>**ORDER**</u>
(April 15, 2008)

This matter is before the Court on three praecipes filed by Plaintiffs and Defendant's

opposition to those praecipes. After reviewing the documents the Court treats Plaintiffs'

February 26, 2008, praecipe as a motion pursuant to Super. Ct. Civ. R. 41(b), grants in part the

motion, and provides the relief discussed below.

On December 3, 2007, Plaintiffs filed a complaint against Defendant Farmers Group, Inc.

This case was dismissed without prejudice on February 14, 2008, by the Clerk's Office pursuant

to Super. Ct. Civ. R. 4(m) because no affidavit of service of process as to Defendant had been

filed by Plaintiffs. On February 25, 2008, the Court issued a *Sua Sponte* Notice informing the

parties that the case had been dismissed. The Court issued the notice because the parties had

been incorrectly electronically filing documents and improperly attempting to file documents

through the mail. (Both parties are represented by counsel; therefore mandatory eFiling applies

to this case).

After the February 25, 2008, *Sua Sponte* Notice from the Court, the following four

documents were filed and docketed with the Court:

1) Plaintiff's Praecipe – *Sua Sponte* Notice Now Moot Case Should Be Reinstated (filed February 26, 2008)

2) Plaintiff's Praecipe – Correction (filed March 19, 2008)

3) Plaintiff's Praecipe – Defense Counsel Indicates there Is No Objection to Reinstatement and Re-Caption (filed March 19, 2008)

4) Opposition of Defendant Farmers New Century Insurance Company, incorrectly identified as Farmers Insurance Group, to "Plaintiff's Praecipe - *Sua Sponte* Notice Now Moot Case Should Be Reinstated" Dated February 25, 2008, "Plaintiff's Praecipe" Dated March 17, 2008 and "Plaintiff's Praecipe – Correction" Dated March 19, 2008 and Motion to Strike all Three Praecipes (filed March 20, 2008)

These are the only pertinent documents pending before the Court.

Ultimately, Plaintiffs seek to reinstate this case, have the Court acknowledge proper service of process upon Defendant, re-caption the case so that the named defendant reads "Farmers New Century Insurance Company" instead of "Farmers Group, Inc.," and reschedule this case for a Scheduling Conference.

Defendant opposes the reinstatement of this case. Defendant seeks to strike Plaintiffs' three praecipes and further argues that the Court lacks jurisdiction in this matter and additionally that Plaintiffs' complaint fails to set forth a claim upon which relief can be granted.

The Court will treat Plaintiffs' February 26, 2008, praecipe as a motion timely filed pursuant to Super. Ct. Civ. R. 41(b). The Court finds the motion establishes good cause why the case should not be dismissed because Plaintiffs appear to have been attempting to file proof of service of process as to Defendant but were improperly doing so. Reinstating this case is further supported by the District of Columbia Court of Appeals' well-established preference for deciding cases on their merits. *See, e.g., Redman v. Kelty*, 795 A.2d 684, 687 (D.C. 2002). Therefore, the Court reinstates this case.

2

Although the Court reinstates this case, Plaintiffs must effectuate service of process upon Defendant and file proof of service. To date, no proof of service appears on the Court's docket.[1] The Court has received from Plaintiffs a mailed original copy of a U.S. Postal Service Certified Mail Receipt with identification number 7007 1490 0002 4280 1715 and a PS Form 3811 certified mail green return request card addressed to Hon. Thomas E. Hampton containing identification number 7007 1490 0002 4280 1715. The Court does not consider this properly filed with the Court and does not accept it as proof of service.[2] Regardless, the Court additionally notes that a review of those forms leads the Court to conclude that even if they were properly before the Court, the Court would not accept them as proper proof of service upon Defendant because the Court cannot determine that the signature on the green return request card is that of the addressee Thomas E. Hampton. Plaintiff shall now have additional time, as indicated below, to effectuate service of process upon Defendant and to file proof of service. Failure to do so could lead to another dismissal of this case.

Based on the filings, the parties appear to agree that Plaintiffs improperly captioned this action as being against "Farmers Group, Inc." when the true defendant is "Farmers New Century Insurance Company." The Court will therefore amend the caption so that the named defendant is "Farmers New Century Insurance Company."

The Court does not address Defendant's arguments regarding the Court's potential lack of jurisdiction and the alleged insufficiency of Plaintiffs' complaint. If those issues remain

---

[1] Although Plaintiffs have mailed various original documents directly to the chambers of the undersigned judge or to the chief judge, the Court does not accept those documents as properly filed and directs the parties to properly file documents. Additionally, the parties shall not send letters directly to chambers unless otherwise directed by the Court. All documents must be filed with the Clerk's Office and served on the other party to avoid any *ex parte* contacts.

[2] The Court will mail these two documents back to Plaintiffs with a hard copy of this Order.

3

relevant after Plaintiffs have served process upon Defendant, Defendant can file a motion to address those, and any other, issues.

Wherefore, it is this 15th day of April 2008, hereby

**ORDERED** that Plaintiff's Praecipe – *Sua Sponte* Notice Now Moot Case Should Be Reinstated filed on February 26, 2008, and treated by the Court as a motion, is **GRANTED**; it is further

**ORDERED** that the February 14, 2008, Order dismissing this case is **VACATED** and this case is **REINSTATED**; it is further

**ORDERED** that the caption of this case is hereby amended so that the defendant is listed as Farmers New Century Insurance Company; it is further

**ORDERED** that Farmers New Century Insurance Company is added as a named defendant and Farmers Group, Inc. is **DISMISSED** as a named defendant; it is further

**ORDERED** that the Clerk of the Court shall issue a summons for defendant Farmers New Century Insurance Company; it is further

**ORDERED** that Plaintiff shall have until and including June 15, 2008, to effectuate service of process upon Farmers New Century Insurance Company and to file proof of service of process; it is further

**ORDERED** that this matter is scheduled for a Scheduling Conference on July 25, 2008, at 9:30 a.m. in Courtroom 316.

Judith E. Retchin
Associate Judge

4

<u>Copies Electronically Served to:</u>

John F. Lillard, III, Esq.
D.C. Bar No. 197194

George J. Vorgin, Esq.
D.C. Bar No. 456892

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Janette Cooper, et al_
Plaintiff

v.

Civil Action No.    **08 0844**

**MAY 15 2008**

_Farmers New Century Ins. Co._
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge _KOLLAR-KOTELLY, J.C.K.K._____. All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action.  (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice.  To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a).  Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer.  This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

cc: _John F. Lillard, III_

929A
Rev. 7/02