## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JANETTE COOPER**
**JERAMIA COOPER**
**JASMYNE COOPER**
**Route 249, P.O. Biox 188**
**Piney Point, MD  20674**

    **and**

**JOHN LILLARD**
**8 Louden Lane**
**Annapolis, MD  21401**

    **v.**

**FARMERS NEW CENTURY INSURANCE**
**COMPANY**
**2445 Sequoia Drive**
**Aurora, Illinois, 60506**

**NO. 1:08-cv-00844**
**Assigned to: Kollar-Kotelly, Colleen**
**Assign date: 5/15/08**
**Description: Contract**

## MOTION TO DISMISS PURSUANT TO RULE 12(b)
## OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Farmers New Century Insurance Company, by and through its attorneys, Nelson Levine de Luca & Horst, LLC, hereby files this Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure as follows:

1.    Plaintiffs Janette Cooper, Jeramia Cooper, Jasmyne Cooper and John Lillard commenced the instant action by filing a "Complaint For Trial by Jury for Compensatory, Punitive, and Treble Damages for Oligopolistic Corporate Bad Faith and Violation of the District of Columbia Unlawful Trade Practices Act" with the Superior Court of the District of Columbia. A true and correct copy of the Complaint is attached hereto and marked as Exhibit "A."

2.    On May 15, 2008, Defendant Farmers New Century Insurance Company filed a Notice of Removal, evoking the jurisdiction of the Court under the provisions of 28 U.S.C. §§ 1332 and 1441 and removing this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

3.    Rule 12(b) of the Federal Rules of Civil Procedure provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (3) improper venue, . . . (6) failure to state a claim upon which relief can be granted."

4.    Defendant Farmers New Century Insurance Company now files its Motion to Dismiss Pursuant to F.R.C.P. 12(b).

## MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(3) and 28 U.S.C. § 1404

5.    Defendant Farmers New Century Insurance Company hereby incorporates Paragraphs 1 though 5 of its Motion as though fully set forth herein at length.

6.    Plaintiffs' Complaint sets forth causes of action against Defendant Farmers based upon two separate occurrences: (a) the handling of a motor vehicle claim made by Plaintiffs Janette Cooper, Jeramia Cooper and Jasmyne Cooper after said Plaintiffs were involved in an October 3, 2006 motor vehicle accident with a Farmers insured; and (b) the handling of a homeowner's claims made by Plaintiff John Lillard after a tree struck Mr. Lillard's home.

7.    According to the Complaint, Plaintiffs Janette Cooper, Jeramia Cooper and Jasmyne Cooper were, at all times relevant hereto, residents of Maryland. Specifically, these Plaintiffs resided at Route 249, Piney Point, MD 20674." *See* Exhibit "A."

8.    The releases entered into by the Cooper Plaintiffs also indicate a residential address for them of 1662 Harvest Time Place, Galloway, Ohio. A true and correct copy of the Releases are attached hereto and marked as Exhibit "B."

9.    At all times relevant hereto, Farmers insured Robert A. Bean was a resident of Maryland, with an address of 45245 Coledorall Court, California, MD 20619. A true and correct copy of an October 24, 2006 letter to Robert A. Bean is attached hereto and marked as Exhibit "C."

10.    The underlying motor vehicle accident, the handling of which is the subject of the Cooper Plaintiffs' claim, occurred on or about October 3, 2006 at or near Buse Road at the Patuxent Naval Airstation. *See* Exhibit "B." Upon information and belief, the Patuxent Naval Airstation is located in Maryland.

11.    With regard to the homeowner's claim made by Plaintiff John Lillard, although Mr. Lillard states in his Complaint that he is a "resident practicing Washington, D.C. attorney," at all times relevant hereto, Mr. Lillard resided at 8 Louden Lane, Annapolis, MD 21401. *See* ¶ 1 of Exhibit "A."

12.    There is absolutely no indication that the Coopers' motor vehicle claim or Mr. Lillard's homeowner's claim have any contact with the District of Columbia. As such, defendant Farmers New Century Insurance Company respectfully submits that venue is improper and that this matter should be transferred to the United States District Court for the District of Maryland.

13.    In the alternative, Defendant asks that venue of this matter be transferred to Maryland in accordance with the mandates of 28 U.S.C. § 1404(a), as Maryland is a more convenient forum for this action.

14.    Defendant bases this request upon the facts, as set forth above, which demonstrate that (1) that the Cooper Plaintiffs reside in either Maryland or Ohio; (2) that the facts underlying the Cooper Plaintiffs claim occurred in Maryland; (3) that Plaintiff Lillard resides in Maryland; and (4) that the facts underlying Plaintiff Lillard's claim occurred in Maryland.

15.    Clearly, none of the Plaintiffs reside in the District of Columbia and the underlying facts upon which the Plaintiffs base their claims did not occur in the District of Columbia.

16.    Here, it would be inappropriate to waste the judicial resources of the courts of the District of Columbia with a claim arising out of acts that took place in Maryland.

17.    Furthermore, it is likely that Maryland law would apply to this case, and it would be burdensome for the District of Columbia courts to apply Maryland law when the case could have been brought in Maryland.

**WHEREFORE**, Defendant Farmers New Century Insurance Company respectfully requests that this Honorable Court grant the Motion to Dismiss and transfer this matter to the United States District Court for the District of Maryland.

## MOTION TO DISMISS PURSUANT TO D.C. R.C.P. 12(b)(6)

18.    Defendant Farmers New Century Insurance Company hereby incorporates Paragraphs 1 though 17 of its Motion as though fully set forth herein at length.

19.    In the event that this Honorable Court determines that venue is proper or that this matter should not be transferred on *forum non conveniens* grounds, Defendant Farmers New

4

Century believes and avers that the matter should be dismissed for the failure to state claim upon which relief can be granted.

20.    In Count I of the Complaint, the Cooper Plaintiffs have set forth a claim based upon the Defendant's handling of a claim for damages made following a motor vehicle accident that the Plaintiffs were involved in with a Farmers insured.

21.    Specifically, Plaintiffs Janette and Jasmyne Cooper were claimants against Farmers' insured Robert A. Bean for injuries sustained in an October 3, 2006 motor vehicle accident. This action was resolved by Farmers on behalf of its insured, Robert Bean. *See* ¶ 1 and 3 of Exhibit "A" and Exhibit "B."

22.    Plaintiffs have alleged that Farmers was "rude and cruel" and that they suffered mental anguish and psychological damages as a result of their interaction with Mr. Bean's insurance carrier. As a result, the Cooper Plaintiffs have alleged "bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations." *See* ¶ 3-4 of Exhibit "A."

23.    However, the Cooper plaintiffs are not entitled to recover since they were not parties to the insurance contract with Farmers. *See, e.g., Messina v. Nationwide Mut. Ins. Co.*, 998 F.2d 2, 302 U.S. App. D.C. 384 (C.A.D.C. 1993) (finding that injured party could not recover on claim since he was not party to insurance contract between insurer and driver of automobile).

24.    Furthermore, courts in a number of jurisdictions, including the District of Columbia, who recognize the bad faith tort, have determined that it is not available to individuals like the Coopers, who are "strangers" to the insurance contract. *Messina, supra,* at 5, 302 U.S. App. D.C. at 387.

25.    Here, the contract of insurance at issue was entered into between Farmers New Century and Robert Bean, a fact recognized in the Plaintiffs' Complaint. The Cooper Plaintiffs were not a party to the insurance contract and therefore have no viable cause of action against Defendant Farmers New Century under the law of the District of Columbia.

26.    Similarly, Plaintiff Lillard has failed to state a valid cause of action.

27.    In Count II of the Complaint, Plaintiff Lillard has alleged a claim against Defendant Farmers arising out of his homeowner's claim. According to the Complaint, in May 2003 a tree struck Plaintiff's home, causing damages.

28.    Plaintiff Lillard alleges that Farmers refused to pay for the tear-down and rebuild of the property and failed to pay the loss of use of personal property damages.

29.    As a result, Plaintiff Lillard appears to have set forth a claim for bad faith, noting that the Defendant acted in "bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations." *See* ¶ 6 of Exhibit "A."

30.    However, District of Columbia law does not recognize cause of action for bad faith refusal to pay insurance claim. *See Brand v. Government Employees Ins. Co.*, 2005 WL 3201322, \*5 (D.D.C. Nov. 29, 2005); *Washington v. Government Employees Ins. Co.*, 769 F.Supp. 383 (D.D.C. 1991). *See also, Fireman's Fund Ins. Co. v. CTIA*, 480 F.Supp.2d 7, 11 (D.D.C. 2007) (discussing *Washington, supra* and noting that this case is consistent with Maryland law, which is the basis for the District of Columbia's common law and therefore is an especially persuasive authority when the District's common law is silent).

31.    As a result, Plaintiff Lillard does not have a viable cause of action for bad faith under the law of the District of Columbia or Maryland.

32    Finally, it is anticipated that the Plaintiffs may argue that their claim is brought under the District of Columbia's Unlawful Trade Practices Act, D.C. ST § 28-3901, *et seq.*

33.    Specifically, it would appear from their Complaint that the Plaintiffs are attempting to apply D.C. ST § 28-3904(r) to the instant action.

34.    However, the clear and unambiguous language of D.C. ST § 28-3904(r) demonstrates that this section of the Act applies to the making or enforcing of "unconscionable terms or provisions of **sales or leases**." D.C. ST § 28-3904(r) (emphasis added).

35.    Here, the facts set forth in the Complaint do not allege any issues that occurred during the sale of a good or service. In fact, the Cooper Plaintiffs have not purchased any insurance policy from the Defendant and the Lillard Plaintiff's complaint arises not from the purchase of an insurance policy but rather from the adjustment of a claim made under that policy.

36.    Given these facts, Defendant Farmers New Century Insurance Company believes and avers that the Plaintiffs have failed to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant Farmers New Century Insurance Company respectfully requests that this Honorable Court grant the Motion to Dismiss and dismiss this matter, with prejudice.

**WRIGHT, CONSTABLE & SKEEN, LLP**

BY:  s/Robert W. Hesselbacher, Jr.
       Robert W. Hesselbacher, Jr., Esquire
       Attorneys for Defendant
       DC 414412
       100 N. Charles Street, 16th Floor
       Baltimore, MD 21201-3812
       (410) 659-1317
       (410) 659-1350 fax
       rhesselbacher@wcslaw.com

Date: May 21, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JANETTE COOPER**
**JERAMIA COOPER**
**JASMYNE COOPER**
**Route 249, P.O. Biox 188**
**Piney Point, MD  20674**

    **and**

**JOHN LILLARD**
**8 Louden Lane**
**Annapolis, MD  21401**

    **v.**

**FARMERS NEW CENTURY INSURANCE**
**COMPANY**
**2445 Sequoia Drive**
**Aurora, Illinois, 60506**

**NO. 1:08-cv-00844**
**Assigned to: Kollar-Kotelly, Colleen**
**Assign date: 5/15/08**
**Description: Contract**

## BRIEF IN SUPPORT OF THE MOTION TO DISMISS PURSUANT
## TO RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### I.    CONCISE STATEMENT OF MATERIAL FACTS

In this action, commenced by Plaintiffs Janette Cooper, Jeramia Cooper, Jasmyne Cooper and John Lillard, the Plaintiffs have set forth causes of action against Defendant Farmers based upon two separate occurrences: (a) the handling of a motor vehicle claim made by Plaintiffs Janette Cooper, Jeramia Cooper and Jasmyne Cooper after said Plaintiffs were involved in an October 3, 2006 motor vehicle accident with a Farmers insured; and (b) the handling of a homeowner's claims made by Plaintiff John Lillard after a tree struck Mr. Lillard's home.  The relevant fact with regard to these two claims are as follows:

On October 3, 2006, Plaintiffs Janette Cooper, Jeramia Cooper and Jasmyne Cooper were involved in a motor vehicle accident with a Farmers insured, Robert A. Bean. The accident took place at or near Buse Road at the Patuxent Naval Airstation, Patuxent River, Maryland. At the time of the accident, the Cooper Plaintiffs were either residents of Maryland or Ohio. There are currently two residential addresses listed for the Plaintiffs, one, as designated in the Plaintiffs' Complaint, in Maryland at Route 249, Piney Point, MD 20674 and the second, as designated in certain Release, in Ohio at 1662 Harvest Time Place, Galloway, Ohio. *See* Exhibit "A" and "B." At all times relevant hereto, Farmers insured Robert A. Bean was a resident of Maryland, with an address of 45245 Coledorall Court, California, MD 20619. *See* Exhibit "C." In their Complaint, the plaintiffs have set forth allegations of bad faith against the Defendant based upon negotiations between Plaintiffs and Defendant in settling this claim.

Although the Complaint alleges that Plaintiff John Lillard is a "resident practicing Washington, D.C. attorney," Mr. Lillard resided at 8 Louden Lane, Annapolis, MD 21401 when a tree fell on his home. According to the Complaint, as a result of the damage from caused by the falling tree, Mr. Lillard made a claim under his homeowner's insurance policy, which had been issued to him by Farmers. Mr. Lillard alleges in the Complaint that the Defendant did not appropriately adjust the claim and, as a result, he sets forth a claim under D.C. Code § 28-3905(g)(5).

Defendant Farmers New Century Insurance Company asserts that venue of this matter is improper pursuant to F.R.C.P. 12(b)(3) and 28 U.S.C. § 1404(a), and that the case should be transferred to the United States District Court for the District of Maryland. Defendant also believes that the Plaintiffs have failed to state a cause of action upon which relief can be granted. As a result, Defendant Farmers New Century Insurance Company has filed a Motion to Dismiss

Pursuant to Rule 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Defendant now files this Brief / memorandum of law.

## II.    LEGAL ARGUMENT

Rule 12(b) of the Federal Rules of Civil Procedure provides, in part, that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (3) improper venue; . . . (6) failure to state a claim upon which relief can be granted." F.R.C.P. 12(b).  Defendant Farmers New Century Insurance Company believes and avers that this matter should be dismissed in accordance with F.R.C.P. 12(b)(3) and 12(b)(6).

## A.    MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(3) and 28 U.S.C. § 1404

Federal Rule of Civil Procedure 12(b)(3) allows a case to be dismissed for improper venue. *See* Fed.R.Civ.P. 12(b)(3). In cases challenging venue, "the plaintiff ... bears the burden of establishing that venue is proper." *Hunter v. Johanns*, 517 F. Supp.2d 340, 343 (D.D.C. 2007) (quoting *Varma v. Gutierrez*, 421 F. Supp.2d 110, 113 (D.D.C. 2006)). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Id. (quoting *Darby v. U.S. Dep't of Energy*, 231 F.Supp.2d 274, 276 (D.D.C.2002)). Thus, to prevail on a motion to dismiss for improper venue, a defendant must present facts sufficient to defeat a plaintiff's assertion of venue. *Id.*

In the instant action, this Honorable Court retains jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1)-(2), which provides for original jurisdiction based upon diversity of citizenship. Under these circumstances, 28 U.S.C.A. § 1391 governs venue and provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C.A. § 1391(a). Finally, in reviewing issues of venue in accordance with this statute, due process requires that a defendant have minimum contacts with the forum state such that being sued there comports with traditional notions of fair play and substantial justice. *Fogle v. Ramsey Winch Co., Inc.*, 774 F.Supp. 19, 21 (D.D.C. 1991) (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

Here, there is no evidence to suggest that Defendant Farmers New Century Insurance Company was ever domiciled in, organized under the law of, or maintaining its principal place of business in the District of Columbia. Furthermore, there is no evidence to suggest that Defendant Farmers was transacting any business in the District of Columbia, contracted to supply services in the District of Columbia or caused tortious injury in the District of Columbia. Rather, the evidence clearly demonstrates that the Coopers' motor vehicle claim and Mr. Lillard's homeowner's claim have absolutely no contacts with the District of Columbia. As a

result, the Defendant believes and avers that venue is improper and this matter should be transferred to the United States District Court for the District of Maryland.

In the alternative, Defendant respectfully submits that venue should be transferred pursuant to 28 U.S.C. § 1404, which provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a). Thus, when venue is proper in more than one locale, and convenience and justice favor adjudication in a different venue, the case may be transferred pursuant to 28 U.S.C. § 1404(a). *Hunter*, 517 F. Supp.2d at 343. In reviewing the request for transfer on convenience grounds, a district court must balance case-specific factors along with the private and public interests that promote convenience and fairness. *Id.* The relevant private interests include:

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. The relevant public interests include (1) the transferee court's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.

*Id.* at 344 n. 2 (citations omitted). While there is a strong presumption against disturbing a plaintiff's initial forum choice, the presumption is weakened when the forum is not plaintiff's home forum and most of the relevant events occurred elsewhere. Id. at 344.

Applying this case law to the instant action, it is clear that the Plaintiffs cannot meet their burden of proof in demonstrating the convenience of this forum. In fact, the evidence, as set forth in the Complaint, clearly proves that (1) that the Cooper Plaintiffs reside in either Maryland or Ohio; (2) that the facts underlying the Cooper Plaintiffs claim occurred in Maryland; (3) that

Plaintiff Lillard resides in Maryland; and (4) that the facts underlying Plaintiff Lillard's claim occurred in Maryland. None of the Plaintiffs reside in the District of Columbia and the underlying facts upon which the Plaintiffs base their claims did not occur in the District of Columbia. Furthermore, Defendant Farmers New Century Insurance Company respectfully submits that it would be inappropriate to clog the Courts of the District of Columbia with a claim arising out of acts that took place in Maryland and that it is more likely than not that Maryland law would apply to this case. These facts place an unnecessary burden on the District of Columbia courts. As a result, Defendant Farmers New Century believes and avers that this matter should be dismissed and transferred to the United States District Court for the District of Maryland in accordance with 28 U.S.C.A. § 1404(a).

## B.    MOTION TO DISMISS PURSUANT TO D.C. R.C.P. 12(b)(6)

.    Should this Honorable Court determines that venue is proper and that this matter should not be transferred, Defendant Farmers New Century Insurance Company still believes and avers that the matter should be dismissed based upon the Plaintiffs' failure to state a claim upon which relief can be granted. Because the Complaint contains two separate claims brought by two categories of Plaintiffs, the deficiency of each claim will be addressed below.

### 1.    The Cooper Plaintiffs Have Failed To State A Valid Cause of Action

In Count I of the Complaint, the Cooper Plaintiffs have set forth a claim based upon the Defendant's handling of a claim for damages made following a motor vehicle accident that the Plaintiffs were involved in with a Farmers insured. Plaintiffs have alleged that Farmers was "rude and cruel" and that they suffered mental anguish and psychological damages. As a result,

the Cooper Plaintiffs have alleged "bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations." *See* ¶ 3-4 of Exhibit "A."

However, the Cooper plaintiffs are not entitled to recover since they were not parties to the insurance contract with Farmers. The case of *Messina v. Nationwide Mut. Ins. Co.*, 998 F.2d 2, 302 U.S.App.D.C. 384 (C.A.D.C. 1993) is particularly instructive in this regard. In *Messina*, plaintiff was a passenger in a taxi that ran a red light and collided with another car. The car that collided with the taxi was insured by Nationwide. Because the plaintiff did not own a car, he sought reimbursement for his injuries under the Compulsory/No-Fault Motor Vehicle Insurance Act of 1982. *Messina, supra* at 3, 302 U.S. App. D.C. at 384. Ultimately, a dispute arose between the plaintiff and Nationwide over payment of work loss benefits. Plaintiff subsequently filed a Complaint against Nationwide, wherein he alleged not only a claim for lost wages but also a claim for bad faith. *Id.* In addressing the plaintiff's bad faith claim, the Court noted that while the bad faith tort is grounded on the covenant of good faith and fair dealing that is implicit in all contracts, when there is no contractual relationship between the claimant and the insurer the implied covenant does not exist, and hence there is no doctrinal basis for holding the insurer liable in tort. *Id.* at 5, 302 U.S. App. D.C. at 387 (citation omitted). The Court went on to strike the plaintiff's bad faith claim, noting that the bad faith tort is not available to individuals who are "strangers" to the insurance contract. *Id.*

The facts underlying the instant action are almost the same as those reviewed by the Court in *Messina, supra.* Here, the Cooper Plaintiffs were involved in a motor vehicle accident with Robert Bean, a Farmers' insured. As a result, the Plaintiffs have attempted to set forth a claim for bad faith against Farmers New Century based upon contact that said Plaintiffs had with

this Defendant during the adjustment of their motor vehicle claim against Mr. Bean. However, the Plaintiffs were not insured by Farmers New Century and thus not a party to the insurance contract. As a result, the duties owed by an insurer to its insured did not apply and the Cooper Plaintiffs cannot maintain a cause of action for bad faith.

### 2.    Plaintiff Lillard Has Failed To State A Valid Cause of Action

Just as the Cooper Plaintiffs have failed to state a valid cause of action, so too has Plaintiff Lillard. In Count II of the Complaint, Plaintiff Lillard has alleged a claim against Defendant Farmers arising out of his homeowner's claim. According to the Complaint, in May 2003 a tree struck Plaintiff's home, causing damages. Plaintiff Lillard alleges that Farmers refused to pay for the tear-down and rebuild of the property and failed to pay the loss of use of personal property damages. As a result, Plaintiff Lillard has set forth a claim for the "bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations." *See* ¶ 6 of Exhibit "A."

However, the District of Columbia law does not recognize cause of action for bad faith refusal to pay insurance claim. *See Brand v. Government Employees Ins. Co.*, 2005 WL 3201322, *5 (D.D.C. Nov. 29, 2005); *Washington v. Government Employees Ins. Co.*, 769 F.Supp. 383 (D.D.C. 1991). In the most recent decision of *Fireman's Fund Ins. Co. v. CTIA*, 480 F.Supp.2d 7, 11 (D.D.C. 2007), the United States District Court for the District of Columbia recognized that while the D.C. Court of Appeals has not squarely addressed the question whether bad faith denial of an insurance claim constitutes an independent tort under D.C. law, on a number of occasions the District Court has explicitly refused to recognize such a bad-faith claim. *Fireman's Fund Ins. Co*, 480 F.Supp.2d at 9. In siding with these cases, the Court in Fireman's

Fund noted that such a holding is consistent with Maryland law, "which is the basis for the District of Columbia's common law and therefore is 'an especially persuasive authority when the District's common law is silent.'" *Id.* at 11 (quoting *Napoleon v. Heard*, 455 A.2d 901, 903 (D.C. 1983)). The District Court went on to note that the Courts in Maryland "ha[ve] not recognized a bad faith claim against an insurer in a first-party context, that is, holding an insurer liable in tort for failing to pay [a] ... claim." *Id.* (citations omitted). Applying this law to the instant action, Defendant believes and avers that Plaintiff Lillard has failed a state a claim upon which relief can be granted under the law of the District of Columbia or Maryland.


### 3.   Plaintiffs Have Failed to State a Valid Cause of Action Under the Unlawful Trade Practices Act

Finally, it is anticipated that the Plaintiffs may argue that their claim is brought under the District of Columbia's "Unlawful Trade Practices Act", D.C. ST § 28-3901, *et seq.* Specifically, it would appear from their Complaint that the Plaintiffs are attempting to apply D.C. ST § 28-3904(r) to the instant action. This section of the Consumer Protection Procedures Act provides that it shall be a violation of this chapter for any person to:

> make or enforce unconscionable terms or provisions of sales or leases; in applying this subsection, consideration shall be given to the following, and other factors:
> (1) knowledge by the person at the time credit sales are consummated that there was no reasonable probability of payment in full of the obligation by the consumer;
> (2) knowledge by the person at the time of the sale or lease of the inability of the consumer to receive substantial benefits from the property or services sold or leased;
> (3) gross disparity between the price of the property or services sold or leased and the value of the property or services measured by the price at which similar property or services are readily obtainable in transactions by like buyers or lessees;
> (4) that the person contracted for or received separate charges for insurance with respect to credit sales with the effect of making the sales, considered as a whole, unconscionable; and

(5) that the person has knowingly taken advantage of the inability of the consumer reasonably to protect his interests by reasons of age, physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of the agreement, or similar factors.

DC ST § 28-3904(r).  While Plaintiffs have pled the application of this Act, the clear and unambiguous language of Section 28-3904(r) demonstrates that this Section of the Act applies to the making or enforcing of "unconscionable terms or provisions of **sales or leases**." D.C. ST § 28-3904(r) (emphasis added).  Here, however, the facts set forth in the Complaint do not allege any issues that occurred during the sale of a good or service.  In fact, the Cooper Plaintiffs have not purchased any insurance policy from the Defendant and the Mr. Lillard's complaints arise not from the purchase of an insurance policy but rather from the adjustment of a claim made under that policy.  Given these facts, Defendant Farmers New Century Insurance Company believes and avers that the Plaintiffs have failed to state a claim upon which relief can be granted.

## III.    <u>CONCLUSION</u>

Based on the foregoing discussion and the case law cited therein, defendant Farmers New Century Insurance Company respectfully requests that this Honorable Court grant the Motion to Dismiss and dismiss this matter, with prejudice.

                          **WRIGHT, CONSTABLE & SKEEN, LLP**

                          BY:  __s/Robert W. Hesselbacher, Jr_____
                               Robert W. Hesselbacher, Jr., Esquire
                               Attorneys for Defendant
                               DC 414412
                               100 N. Charles Street, 16th Floor
                               Baltimore, MD 21201-3812
                               (410) 659-1317
                               (410) 659-1350 fax
                               rhesselbacher@wcslaw.com

Dated: <u>May 21, 2008</u>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**JANETTE COOPER, JERAMIA COOPER,
JASMYNE COOPER and JOHN LILLARD**

v.

**FARMERS NEW CENTURY INSURANCE
COMPANY**

**NO. 1:08-cv-00844**
**Assigned to: Kollar-Kotelly, Colleen**
**Assign date: 5/15/08**
**Description: Contract**

### CERTIFICATE OF SERVICE

I, Robert W. Hesselbacher, Jr., Esquire, hereby certify that true and correct copies of the

Motion to Dismiss and Supporting Brief were served on May 21, 2008, upon counsel listed

below by United States Mail, postage prepaid.

John F. Lillard, III, Esquire
8 Loudon Lane
Annapolis, MD 21401-9805

**WRIGHT, CONSTABLE & SKEEN, LLP**

**BY:**   s/Robert W. Hesselbacher, Jr
Robert W. Hesselbacher, Jr., Esquire
Attorneys for Defendant
DC 414412
100 N. Charles Street, 16th Floor
Baltimore, MD 21201-3812
(410) 659-1317
(410) 659-1350 fax
rhesselbacher@wcslaw.com

Dated: May  21, 2008

100106032 0  100313711.4  20-002562  08-0059
D.O.C 10/3/06  Ins: John Lillard
Ins: Robert Dean  D.O.L 5/16/03
15786-87-27  9992-02-15
21-103812  7-15-02 to 7-15-03

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm JM-170
### Washington, D.C. 20001

JANETTE COOPER
JERASHA COOPER
JASMYNE COOPER
Route 249, P.O. Box 188
Piney Point, Md. 20674

AND

JOHN LILLARD
1776 K STREET, N.W. SUITE 800
WASHINGTON, D.C. 20006
MAIL:   8 LOUDON LANE
        ANNAPOLIS, MD. 21401-9805



Plaintiffs,

v.                                    CIVIL Action No.

FARMERS GROUP, INC.
d/b/a  FARMERS NEW CENTURY INSURANCE COMPANY
       FARMERS/ZURICH N.A.
       FARMERS-ZURICH INSURANCE COMPANY
       ZURICH AMERICAN INSURANCE COMPANY
       FARMERS NEW WORLD LIFE INSURANCE COMPANY
       BRITISH AMERICAN TOBACCO COMPANY
       MDU RESOURCES GROUP, INC.
4680 Wilshire Blvd.
Los Angeles, CA 90010

**SAE GROUP**

**JAN 07 2008**

Serve:  Thomas E. Hampton
        Department of Insurance, Securities and Banking
        810 First Street, NE, Suite 701
        Washington, DC 20002

Defendant.

### COMPLAINT FOR TRIAL BY JURY FOR COMPENSATORY, PUNITIVE, AND TREBLE DAMAGES FOR OLIGOPOLISTIC/CORPORATE BAD FAITH AND VIOLATION OF THE DISTRICT OF COLUMBIA UNLAWFUL TRADE PRACTICES ACT

Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921,

Unlawful Trade Practices act of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C.



**EXHIBIT**

**A**

4

Code § 28-3901 et seq., 28-3904(r), 28-3905(k)(1)( C), for enforcement of unconscionable interpretations denying coverage under provisions of insurance policy contracts, and for bad faith violation of certain duties and of the covenant of good faith and fair dealing [incorporating by reference allegations and findings in Athridge v. Aetna Cas. & Sur. Co., 351 F.3d 1166, 1171 (D.C. Cir. 2003) hereinafter "Athridge"];

    1.  plaintiffs Janette and Jasmyne Cooper [together with Jeramia Cooper, collectively "Cooper"] are claimants against Farmers' insured Robert A. Bean, policy number 59-0157868727, claim number 10090-670320-1-5 for injuries sustained in an October 3, 2006 motor vehicle accident, having since September, 2007 attempted to negotiate with Farmers, and entered into extorted settlements under duress under protest, as to which this claim against the insurer was neither released nor disposed of. Plaintiff John F. Lillard, III ["Lillard"] is resident practicing Washington, D.C. attorney, Farmers' insured homeowner, under policy 91992-02-15, Farmers' claimant in loss which occurred in May 2003 when a tree struck Lillard's home insured by Farmers, 8 Loudon Lane, Annapolis, Md. 21401, and automobile accident claimants' attorney for the Coopers' bodily injury claim negotiation with Farmers.

    2.  defendant Farmers Insurance Group  d/b/a Farmers New Century Insurance Company, Farmers/Zurich NA, Farmers-Zurich Insurance Company, Zurich American Insurance Company, Farmers New World Life Insurance Company, British American Tobacco Company [herein "Farmers"] are licensed insurance companies for homeowners' and auto coverages, mandated to behave in the public interest, doing  business in the District of Columbia, and amenable to jurisdiction under the doctrine of Athridge v. Aetna Cas. & Sur. Co., 351 F.3d 1166, 1171 (D.C. Cir. 2003) [insurers liable under the CPPA].

COUNT ONE

    3.  Repeating and realleging paragraphs 1-2, Farmers' negotiation of the Coopers' claim involved intentional disparagement, delays, obfuscation, and rude bad faith, falsely claiming in negotiations of a bodily injury claim [also injuring her husband and daughter, when their car was totaled by Mr. Bean's negligence] that Mrs. Cooper's kidney transplant [which had alleviated all pain], was the cause of her back pain, numbness and tingling in her toes, left leg falling asleep, and objective test results demonstrating lipoma of the

filium terminale, which the doctor said was caused by Farmers' auto collision. During approximately 10 telephone conferences, Jeramia Cooper and counsel Lillard endured humiliating negotiations with Farmers representative Amanda J. Adams, characterized by Mr. Cooper as "rude and cruel to others. And I wonder are they able to sleep at night knowing they got over on someone again." Both Mr. Cooper's and Mrs. Cooper's settlement drafts were delayed as much as 10 days after settlement was reached, and Farmers' cavalier response showed no concern for the delay. Mr. Cooper, a disabled amputee, broke down and cried in response to Farmers' cavalier comments, and the adjuster indicated no reaction to his emotions but ratcheted up her aggression. The aforementioned conduct by the Defendant was extreme, outrageous, cruel, and beyond the limits of decency in society. The Defendant's aforementioned conduct was malicious, willful, and intentional.

4. Plaintiffs have suffered damage uncompensated by Farmers intimidating plaintiffs to accept far less than the proper value of the claim , and continue to be damaged, including suffering great mental anguish and psychological damage, by Farmers' bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations.

### . COUNT TWO

5. Repeating and realleging paragraphs 1-2, Farmers' negotiation of the Lillard homeowners' repair and loss of use claim involved intentional disparagement, delays, obfuscation, and rude bad faith, falsely claiming in negotiations that the structure was not a total loss, despite engineering reports to the contrary, denying the claim for the unreplaced pergola, denying the "loss of use" claim altogether, for which Farmers had an allowance of $51,600. Negotiations were ongoing with Farmers between May 2003 through October 2005, conducted by plaintiff Lillard, Lillard's contractor Insurance Repair Service, contractor-negotiator Richard Jamison, home-improvement contractor James Farrell, structural engineer David Wallace, and independent public adjuster Douglas Dinerman, demanding Farmers' offers for the uncompensated total loss tear-down value, for the unreplaced pergola after initial phase of reconstruction, and for the "loss of use" of personal property. Farmers was asked to consider the engineering report of serious fundamental major cracks in the foundation support beam transference which can even be seen on drywall, mis-alignment of doors and

windows, and is clear from the weak flooring, where repairs would be quite costly and ascertainable by a complete tear-out; but Farmers failed to re-visit the property to adjust these elements of damage. Not only did Farmers ignore claims for approximately $100,000 needed for a tear-down and rebuild of the structure, but Farmers refused to return to inspect the printer and computers damaged in the home, nor to make an estimate offer for the pergola replacement, nor consider approximately $100,000 for the "loss of use of personal property" claim to reimburse actually-paid labor costs for 2 years and more, to reconstruct the files, data, and IT and communications equipment for Lillard's home use labor it has taken, and continues to take, for the files, computer network, and filing data entry and systems organization to be re-systematized, paid for casual labor to re-store the personal financial records, computer systems, files, and other personal property destroyed in the covered loss. Rather, conspiring with the restoration contractor Insurance Repair Service, Farmers paid approximately $35,000 for a 'cosmetic job,' leaving even to the present large cracks in the foundation, interior and exterior walls, and a gaping hole in the kitchen ceiling, not repaired despite 3 roofing repairs, not to mention IT equipment, systems, integration, networking, wiring, configuration, and data for personal use, which was destroyed by water from the damaged roof and partial tear down of the structure, and uneven door jams, etc. [with structural engineer's certificate requiring tear down and cabinet maker bill to re-shape an outside door], and falsely implied that all "loss of use" claimed was business use vs. covered personal use, as evidenced by Farmers' green highlighting on the attached $51,600 Homeowners Declarations excerpt of exclusions. By these terms, none of the actual loss of use items were excluded: particularly the labor costs to reconstruct all personal property for which there was lost use. Nor was there reimbursement for the damaged equipment for personal use, which was partially replaced in 2004 at a cost of approximately $10,000 to Dell computers and HP printer.

6. Lillard plaintiff has suffered damage of the total loss valuation of the structure, replacement cost of the pergola, and the loss of use of personal property, and continue to be damaged, including suffering great mental anguish and psychological damage, by Farmers' bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations.

7

WHEREFORE, Plaintiffs demand judgment against defendants in accordance with D.C. Code § 28-3905(g)(5) remedies including punitive damages, treble damages, or reasonable attorney's fees, as are reasonable and necessary to identify, correct, or prevent the conduct which violated District law;

7.  in the sum of TWO HUNDRED THOUSAND DOLLARS [$200,000] for compensatory damages to Cooper plaintiffs for abusive claims practices for bodily injury,

8.  in the sum of TWO HUNDRED THOUSAND DOLLARS [$200,000] for compensatory damages to Lillard plaintiff for abusive claims practices and covered claim reimbursement for total loss of structure and loss of use;

9.  in the sum of SIX HUNDRED THOUSAND DOLLARS [$600,000], being the trebled damages to Cooper plaintiffs for bodily injury,

10. in the sum of SIX HUNDRED THOUSAND DOLLARS [$600,000], being the trebled damages to Lillard plaintiff for covered claim reimbursement for total loss of structure and loss of use;

11. in the sum of TWO MILLION EIGHT HUNDRED SEVENTEEN THOUSAND SIX HUNDRED EIGHTY DOLLARS [$2,817,680], representing punitive damages of 2% of Farmers' latest available 2006 10-Q net income [http://yahoo.brand.edgar-online.com/EFX_dll/EDGARpro.dll?FetchFilingHTML1?SessionID=gMXgCuNdQ_fWRT_&ID=4574238] of TWO HUNDRED EIGHTY-ONE MILLION SEVEN HUNDRED SIXTY EIGHT THOUSAND DOLLARS [$281,768,000] for plaintiffs Cooper.

12. in the sum of TWO MILLION EIGHT HUNDRED SEVENTEEN THOUSAND SIX HUNDRED EIGHTY  DOLLARS [$2,817,680], representing punitive damages of 2% of Farmers' latest available 2006 10-Q net income [http://yahoo.brand.edgar-online.com/EFX_dll/EDGARpro.dll?FetchFilingHTML1?SessionID=gMXgCuNdQ_fWRT_&ID=4574238] of TWO HUNDRED EIGHTY-ONE MILLION SEVEN HUNDRED SIXTY EIGHT THOUSAND DOLLARS [$281,768,000] for plaintiff Lillard.

13. for attorneys fees with interest and costs.

8

Respectfully submitted,

JOHN F. LILLARD, III D.C. Bar 197194
8 LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se* & Interim counsel for Plaintiffs

## PRAYER FOR JURY TRIAL

Plaintiffs hereby pray a trial by jury on their claims as set forth in the above complaint.

JOHN F. LILLARD, III

DISTRICT OF COLUMBIA, ss:

John Lillard, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendants to the plaintiffs, exclusive of all set-offs and just grounds of defense.

_____

Subscribed and sworn to before me this_____day of December, 2007_____

(Notary Public/Deputy Clerk)

9



**FARMERS**

National Document Center
P O Box 268993
Oklahoma City OK 73126 8993
claimsdocuments@farmersinsurance.com
Fax (877) 217-1389

October 26, 2007

Claim Unit Number 1009060320-1-5

## RELEASE IN FULL OF ALL CLAIMS AND RIGHTS

For and in consideration of the sum of Eleven Thousand Five Hundred Dollars and Zero Cents ($ 11500 00), RECEIPT OF WHICH IS ACKNOWLEDGED, I release and forever discharge Robert A Bean their principals, agents and representatives, insurers and assigns from any and all rights, claims, demands and damages of any kind, known or unknown, existing or arising in the future, resulting from or related to bodily injury arising from an accident that occurred on or about 10/03/2006 at or near Buse Rd at Patuxent Naval Airstation

This release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is made, or persons who may claim to be damaged by reason of the accident other than the undersigned to pursue any legal remedies they may have against the undersigned or any other person

I understand that this is a compromise settlement of all my claims arising out of the accident referred to above, and there is no admission of liability I understand that this is all the money or consideration I will receive from the above-described parties for any and all of my claims as a result of this accident

FURTHER, I agree to reimburse and indemnify all released parties of any amounts which any insurance carriers, government entities, hospitals or other persons or organizations may recover from them in reimbursement for amounts paid to me or on my behalf as a result of this accident by way of CONTRIBUTION, SUBROGATION, INDEMNITY or OTHERWISE

## I HAVE READ THIS RELEASE AND UNDERSTAND IT

Signed this 26th day of October 2007 at 1.20pm

_Janette A. Cooper_
Signature

_Janette A Cooper_
Signature

_____
Witness
1162 Harvest Time Pl
Galloway OH 43119

_____
Witness

For your protection please be advised of the following any person who knowingly presents a false or fraudulent claim for payment of a loss, or knowingly presents false or misleading information to an insurance company for the purposes of defrauding or attempting to defraud an insurance company, or provides false information concerning a material fact on an application for insurance, or helps any other person commit such acts, may be guilty of fraud, and may be subject to substantial civil and criminal penalties pursuant to the laws of the state in which those acts occur

```
EXHIBIT
C
```



**FARMERS**

National Document Center
P O Box 268994
Oklahoma City, OK 73126 8994
claimsdocuments@farmersinsurance com
Fax Number  (877) 217 1389

October 26, 2007

Claim Unit Number  1009060320-1-4

### RELEASE IN FULL OF ALL CLAIMS AND RIGHTS
### FROM MINOR & PARENT OR GUARDIAN

For and in consideration of the sum of One Thousand Two Hundred and Fifty Dollars and Zero Cents
($ 1250 00), RECEIPT OF WHICH IS ACKNOWLEDGED, the undersigned, a minor and the
parent (guardian) of Jasmyne Cooper releases and forever discharge Robert A Bean , Farmers Direct
Insurance Company, their principals, agents and representatives from any and all rights, claims,
demands and damages of any kind, known or unknown, existing or arising in the future, and
accordingly does hereby expressly, voluntarily, knowingly and advisedly WAIVE any and all rights
granted to Jasmyne Cooper or "said minor" resulting from or related to bodily injury arising from an
accident that occurred on or about 10/03/2006 at or near Buse Rd at Patuxtent Naval Airstation

This release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is
made, or persons who may claim to be damaged by reason of the accident other than the undersigned
to pursue any legal remedies they may have against the undersigned or any other person

It is understood that this is a compromise settlement of all my claims arising out of the accident
referred to above, and there is no admission of liability  It is further understood that this is all the
money or consideration to be received from the above-described parties for any and all of my claims as
a result of this accident

FURTHER, the undersigned agree to reimburse and indemnify all released parties of any amounts
which any insurance carriers, government entities, hospitals or other persons or organizations may
recover from them in reimbursement for amounts paid to me or on my behalf as a result of this
accident by way of CONTRIBUTION, SUBROGATION, INDEMNITY or OTHERWISE

The undersigned represents that all other medical expenses, lost wages, loss of household services, or
other losses or claims shall be his/her own responsibility to pay  The undersigned agrees that the
consideration paid to her/him for this Release by the parties being released herein is good and
sufficient consideration to cover such expenses, claims, and losses

### I/WE HAVE READ THIS RELEASE AND UNDERSTAND IT

Signed this 26th  day of October 20 __, at 1 20 pm

_Janelle A Cooper_                          _Signature_          _Cooper_
Signature (Parent or Guardian)              Signature
                                            _Janelle a Cooper_
_Witness Cooper_                            Witness  1662 Harvest Time Pl
                                            Galloway OH 43119


For your protection please be advised of the following  any person who knowingly presents a
false or fraudulent claim for payment of a loss, or knowingly presents false or misleading
information to an insurance company for the purposes of defrauding or attempting to defraud
an insurance company, or provides false information concerning a material fact on an
application for insurance, or helps any other person commit such acts, may be guilty of fraud,
and may be subject to substantial civil and criminal penalties pursuant to the laws of the state

0T154WTW3

 **FARMERS**

National Document Center
P.O. Box 268993
Oklahoma City, OK 73126-8993
claimsdocuments@farmersinsurance.com
Fax (877) 217-1389

October 10, 2006

Claim Unit Number: 1009060320-1-3

### RELEASE IN FULL OF ALL CLAIMS AND RIGHTS

*Seventeen hundred and Fifty Dollars ($1750.00)*

For and in consideration of the sum of ~~Various Installments~~
RECEIPT OF WHICH IS ACKNOWLEDGED, I release and forever discharge Robert A Bean and
the Insurer their principals, agents and representatives, insurers and assigns from any and all rights,
claims, demands and damages of any kind, known or unknown, existing or arising in the future,
resulting from or related to bodily injury arising from an accident that occurred on or about
10/03/2006 at or near PATUXENT NAVAL AIRSTATION, MD.

This release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is
made, or persons who may claim to be damaged by reason of this accident other than the undersigned
to pursue any legal remedies they may have against the undersigned or any other person.

I understand that this is a compromise settlement of all my claims arising out of the accident referred
to above, and there is no admission of liability. I understand that this is all the money or consideration
I will receive from the above-described parties for any and all of my claims as a result of this accident.

FURTHER, I agree to reimburse and indemnify all released parties of any amounts which any
insurance carriers, government entities, hospitals or other persons or organizations may recover from
them in reimbursement for amounts paid to me or on my behalf as a result of this accident by way of
CONTRIBUTION, SUBROGATION, INDEMNITY or OTHERWISE.

I HAVE READ THIS RELEASE AND UNDERSTAND IT.

Signed this **18** day of **October** 20 **06** at **11:00 Am**

_____              _____
Signature                                                            Signature

_____              _____
Witness                                                               Witness

For your protection please be advised of the following: any person who knowingly presents a
false or fraudulent claim for payment of a loss, or knowingly presents false or misleading
information to an insurance company for the purposes of defrauding or attempting to defraud
an insurance company, or provides false information concerning a material fact or on an
application for insurance, or helps any other person commit such acts, may be guilty of fraud,
and may be subject to substantial civil and criminal penalties pursuant to the laws of the state
in which those acts occur.

292DHMLF41

 **FARMERS**

Send all correspondence to:
Farmers National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389
Email: claimsdocuments@farmersinsurance.com

October 24, 2006

Robert A Bean
45245 Coledorall Ct
California, MD 20619

RE:  Insured:            Robert A Bean
     Claim Unit Number:  1009060320-1-4
     Policy Number:      59-0157868727
     Loss Date:          10/03/2006
     Claimants:          Janette & Jasmyn Cooper

Dear Mr. Bean:

My name is Amanda Adams and I am the adjuster now handling this file. Please be advised that I am in the process of investigating the injury claims that have been presented by the claimants, Mrs. Janette Cooper and her daughter, Miss Jasmyn Cooper. At this time I just want you to be aware that the Coopers have retained an attorney regarding injuries that they sustained as a result of this loss. It is possible that the Coopers may present a suit in the event that we are unable to settle their injury claims. Please be aware that if you do receive any legal papers related to this loss it is imperative that you forward them to me immediately.

Should you have any questions regarding this process, please feel free to contact me directly at 1-800-355-6458 x5828 Monday through Friday between the hours of 8:30am and 4:30pm Eastern Standard Time.

Sincerely,
Farmers Direct Insurance Company

*Amanda Adams*

Amanda J Adams
Special Claims Representative

WHB5TH951



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JANETTE COOPER, JERAMIA COOPER,
JASMYNE COOPER and JOHN LILLARD**

**v.**

**FARMERS NEW CENTURY INSURANCE
COMPANY**

**NO. 1:08-cv-00844
Assigned to: Kollar-Kotelly, Colleen
Assign date: 5/15/08
Description: Contract**

## O R D E R

      **AND NOW**, this _____ day of _____, 2008, upon

consideration of the Defendant's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules

of Civil Procedure, and any response thereto, it is hereby **ORDERED** and **DECREED** that said

Motion is **GRANTED** and the instant action is **DISMISSED**, with prejudice.

                                   **BY THE COURT:**

                                    _____
                                               **J.**

To be serviced via United States Mail:

John F. Lillard, III, Esquire
8 Loudon Lane
Annapolis, MD 21401-9805