IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**
**JUN - 9 2008**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JANETTE COOPER, et al.,

    *Plaintiffs,*

v.

CIVIL Action No. 1:08-cv-00844

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

    *Defendants*

## PLAINTIFFS' GOOD CAUSE REQUEST FOR LEAVE TO FILE INITIAL PLEADINGS BY U.S. MAIL, PENDING ATTORNEY RENEWAL AND E-FILING REGISTRATION

Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully prays leave of court to file their initial pleadings by U.S. mail, and in support states:

1. that good cause is shown by plaintiffs' filings herewith upon removal, for acceptance with leave of court in the interest of justice, as they are submitted along with the U.S. mail $25 renewal fee and information form, with the Attorney e-filing registration form, regarding Farmers motion to dismiss, as was already similarly submitted below in the Superior Court,

2. accepting the initial filings will save the court's time and avoid delay, since the clerk must now email plaintiffs'' counsel the password and log-in for e-filing, and plaintiffs' counsel must familiarize himself with the federal e-filing system.

3. accepting the initial filings by mail will bring about joinder of issues, so that the court may schedule the matter for initial scheduling and hearing on the motion.

WHEREFORE, the Court is respectfully prayed for leave to file accompanying pleadings.

Respectfully submitted,

*[signature]*

JOHN F. LILLARD, III D.C. Bar 197194
8 LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se & Interim* counsel for Plaintiffs

### CERTIFICATE OF SERVICE

8

I HEREBY CERTIFY that on the 5th day of June, 2008, a copy of the foregoing opposition and accompanying points and authorities was duly served by email upon:

Robert W. Hesselbacher, Jr.
100 N. Charles Street, 16th Floor
Baltimore, Md. 21201-3812
rhesselbacher@wcslaw.com

*[signature]*
JOHN F. LILLARD, III

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN - 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JANETTE COOPER, et al.,

        *Plaintiffs,*

v.                          CIVIL Action No. 1:08-cv-00844

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

        *Defendants*

### PLAINTIFFS' OPPOSITION TO FARMERS' MOTION TO DISMISS SUPPLEMENTING ON REMOVAL PLAINTIFFS' POINTS AND AUTHORITIES IN OPPOSITION TO AMENDED MOTION TO DISMISS BELOW

Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully oppose the motion to dismiss filed by Farmers New Century Insurance Company, et al, and in support submit points and authorities herewith.

WHEREFORE, the Court is respectfully asked to deny the motion to dismiss.

                                            Respectfully submitted,

                                            JOHN F. LILLARD, III D.C. Bar 197194
                                            8 LOUDON LANE
                                            ANNAPOLIS, MD. 21401-9805
                                            (410) 268-1900
                                            *Pro-se & Interim* counsel for Plaintiffs

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of June, 2008, a copy of the foregoing opposition and accompanying points and authorities was duly served by email upon:

Robert W. Hesselbacher, Jr.
100 N. Charles Street, 16th Floor
Baltimore, Md. 21201-3812
rhesselbacher@wcslaw.com

                                            JOHN F. LILLARD, III

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JANETTE COOPER, et al.,

    *Plaintiffs,*

v.                                    CIVIL Action No. 1:08-cv-00844

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

    *Defendants*

## PLAINTIFFS' POINTS AND AUTHORITIES IN OPPOSITION TO FARMERS' MOTION TO DISMISS SUPPLEMENTING ON REMOVAL PLAINTIFFS' POINTS AND AUTHORITIES IN OPPOSITION TO AMENDED MOTION TO DISMISS BELOW

### TABLE OF CASES AND OTHER AUTHORITIES             PAGE

*Athridge v. Aetna Cas. & Stir. Co., 351* F.3d 1166, 1171 (D.C. Cir. 2003).    4,5

*Celluteeh, Inc. v. Centennial Cellalor Corp.,* 871 F.Supp. 46 (D.D.C. 1994)    5

*International Shoe Co. v. Washington,* 326 U.S. 310 (1945)    6

*McGee v. International Life,* 355 U S 220 *(1957)*    6

*Richardson v. Nationwide Mut. Ins. Co.*, 826 A.2d 310 (DC 2003)    6

### OTHER AUTHORITIES

7th Amendment, U.S. Constitution    3,4

FRCP 4(k)(1)(a), 4(k)(1)(b)    5

FRCP 12(b)(3), 12(b)(6)    2

28 U.S.C. §1331    5

28 U.S.C. §1367    5

D.C. Code §31-2231    6

D.C. Code § 28-3901 et seq., 28-3904(r), 28-3905(k)(l)( C)    2,4,5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANETTE COOPER, et al.,

    *Plaintiffs,*

v.                                              CIVIL Action No. 1:08-cv-00844

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

    *Defendants*

## PLAINTIFFS' POINTS AND AUTHORITIES IN OPPOSITION TO FARMERS' MOTION TO DISMISS SUPPLEMENTING ON REMOVAL PLAINTIFFS' POINTS AND AUTHORITIES IN OPPOSITION TO AMENDED MOTION TO DISMISS BELOW

Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully oppose the motion to dismiss filed by Farmers New Century Insurance Company, et al, and in support states:

### I. CONCISE STATEMENT OF MATERIAL FACTS

Plaintiffs reply to Farmers' 3rd motion to dismiss, now on removal. The motion must be denied. This claim is a consumer law case under District of Columbia statute. Two plaintiffs bring to jury trial a pattern of the same cavalier insurance adjuster behavior, a 'course of conduct' case, and it matters not whether plaintiff Lillard is a 'first party' Farmers' policy holder while plaintiffs Cooper are 3rd party, nor that the insurance claims were tort and contract, nor that the Coopers' tort release ***only releasing the tortfeasor not Farmers.***

### II. LEGAL ARGUMENT

Farmers' 3rd motion to dismiss must be denied. It has not met its burden under FRCP 12(b)(3) and 12(b)(6). Raising 'straw man' arguments about venue, about residence, about location of events, about the "label" of 'bad faith," Farmers' mentions only as a 'by the way' response, that this claim is a consumer law case under District of Columbia statute, Unlawful Trade Practices act of the District of Columbia Consumer Protection. Procedures Act ("CPPA"), D.C. Code § 28-3901 et seq., 28-3904(r), 28-3905(k)(l)( C), but fails to cite support for the statute's applicability to Farmers behavior, and plaintiffs' eligibility to avail themselves of that statute and this jurisdictions courts. Ergo, statutory support for this claim having not been disproven, and

2

Farmers having been unable to cite any authority for application of the statute, its motion must be denied.

### 1. This District of Columbia Consumer Law Claim Could Only be Brought in the District Of Columbia. Cavils about Venue, "Bad Faith," Residence, transfer, and Location of Causes of Action are Inapposite

This action is based upon District of Columbia consumer law. One may ignore Farmers 'straw man' points, regarding: tort, venue, residence, transfer, release, *res judicata,* collateral estoppel, or 'bad faith,' and "release," which relate to tort claims. This is not a tort claim. It is a consumer case. Moreover Farmers' release inartfully neglected to include Farmers as a released party, naming only the tortfeasor excluding Farmers as indemnitor. Arguments based upon venue or transfer are inapposite: this case is a D.C. consumer law case; filed in the D.C. trial court, it is Farmers who removed the case here. Transparently, Baltimore counsel would choose the federal court in Baltimore, but for what purpose would a Maryland jury determine rights under the D.C. consumer statute? Plaintiffs stand on their 7th Amendment rights to trial by D.C. jury, and respectfully pray and beg the court to be merciful in allowing these Farmers' victims' claim to proceed, to redress clear damages within the contemplation of this jurisdiction's protection of consumers. Therefore, there is no other 'forum' than the District of Columbia, where plaintiffs Cooper have been federal employees and where plaintiff Lillard is a practicing attorney, regardless of where the violations of consumer statute occurred, as *lex locus delicti* would govern only if this were a tort case. 28 U.S.C.§1391, 1404 do not prevent this action. Manifestly, this court's venerable Judge Harold Greene denied motions to dismiss trusting that nothing promotes settlement more than the imminent prospect of a jury trial. Self-evidently, Farmers' pattern refusal to negotiate should not be rewarded by a motion protecting its refusal to negotiate.

### 2. District of Columbia Consumer Law Claim Could Only be Brought in the District Of Columbia; Farmers' Improper Behavior is Contemplated by Statute Regardless of Gloss on 'Sales or Leases.'

This claim involves shocking behavior of Farmers under the District of Columbia's consumer law. Farmers asserts that the insurance industry is "untouchable" in the District of Columbia,[1] but transparently,

---

[1] The court need hardly give weight to Farmers' hyperbole: "absolutely no basis," "no evidence to suggest," "clear and unambiguous language," "inappropriate to clog the Courts *[sic]* of the District of Columbia," "facts place an unnecessary burden on the District of Columbia courts," "incorrectly identified," "no viable cause of action," "thoroughly discussed," "evidence clearly demonstrates," and "absolutely no contacts."

3

plaintiffs chose the only jurisdiction where they could sue under a D.C. statute.[2] There is no other jurisdiction to interpret that law, which Farmers ironically asks herein to be interpreted, in spite of contrary holding in *Athridge v. Aetna Cas. & Stir. Co., 351* F.3d 1166, 1171 (D.C. Cir. 2003). Paradoxically trying to escape what Farmers calls the "wrong court," Farmers was sued and served here through the D.C. Insurance Commissioner, under a D.C. statute, where Farmers does business. Farmers has continued its condescending refusal to negotiate, even suggesting that Farmers answer for its wrongs under a D.C. consumer statute by being "transferred" to Maryland. This case presents Farmers' course of conduct in handling claims, showing the same scandalous conduct in 2 separate claims, and must not be dismissed denying 7th Amendment jury trial. This case sues an insurance company here for violation of our consumer law. Farmers cannot be allowed by motion to tell the court that insurance companies are invulnerable.[3] This case rests upon D.C. law, not Maryland law. It is a D.C. consumer case. D.C. consumer law applies, and was violated by behavior of Farmers in interstate commerce. Defense positions must be ignored, as this is not a motor tort case, nor a homeowners' contract "bad faith" case, but rather is a consumer statute violation case, and Farmers' label of improper behavior in violation of that consumer protection law need hardly be nit-picked whether the adjective is "bad faith" or "bad behavior." It is a D.C. statute which was violated by Farmers adjusters. It appears the only dispositive argument in the *amended* motion/memo is that the statute relates only to **sales or leases**, not insurance policies. The defense is again misguided, despite its patronizing "clear and unambiguous language" label. Ironically, that was Aetna's failed argument in *Athridge v. Aetna Cas. & Sur. Co., 351* F.3d 1166, 1171 (D.C. Cir. 2003) [hereinafter *"Athridge"*],

> "These definitions make clear that Jorge, as a person potentially insured by Aetna's policy with the Iglesiases, is a person who "would TTT receive consumer goods or services,' and as such is a "consumer" for purposes of the Act, even if he was not the party who purchased the insurance. Similarly, because Aetna's insurance contract could effectuate the transfer of consumer services to Jorge, the contract between Aetna and the Iglesiases is a "trade practice," even if Jorge was not a party to the contract. See also *Banks v. District of Columbia Dep't of Consumer & Regulatory Affairs*, 634 A.2d 433, 437 (D.C. 1993) (discussing "trade practices" under the Act)."

*Athridge* was not only cited in plaintiffs' original opposition but in the complaint itself. Plaintiffs sue Farmers where it does business. Plaintiffs invoke a District of Columbia statute, not a Maryland

---

[2] Unlawful Trade Practices act of the District of Columbia Consumer Protection. Procedures Act ("CPPA"), D.C. Code § 28-3901 et seq., 28-3904(r), 28-3905(k)(1)(C), applicable to insurance companies, *Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1171 (D.C. Cir. 2003).
[3] The instant motion is smoke screen or shotgun of jurisdictional irrelevance. All references to residence, domicile, incorporation, principal place of business, and *non conveniens* are irrelevant and inapposite.

4

statute. *See* 28 USC 1331 ["arising under"], predicate to D.C. rules regarding jurisdiction. Plaintiffs chose this jurisdiction solely to apply D.C. law to Farmers behavior. The acts of motor tort parties are irrelevant, as well as their residence. Maryland forums would not apply D.C. law. This is not a motor vehicle tort case, nor homeowner's claim;[5] thus *lex locus delicti* is inapplicable. It matters not where plaintiffs reside[6] or where certain impertinent Farmers contacts were initiated.[7]

*In personam* and subject matter jurisdiction is based upon defendant Farmers' business in the District of Columbia. This case sues Farmers for outrageous claims handling practices conducted in interstate commerce.[8] It arises under the Unlawful Trade Practices act of the District of Columbia Consumer Protection. Procedures Act ("CPPA"), D.C. Code § 28-3901 et seq., 28-3904(r), 28-3905(k)(1)( C), since Farmers "enforce[d] unconscionable terms" denying claims coverage of its insurance policy provisions, and for bad faith violation of certain duties and of the covenant of good faith and fair dealing [incorporating by reference allegations and findings in *Athridge*, which hold insurance companies responsible for their behavior under CPPA our D.C. consumer law. This case sues Farmers for outrageous claims handling practices conducted in interstate commerce in violation of DCCPPA, D.C. Code § 28-3901 et seq., 28-3904(r), 28-3905(k)(1)( C). *See Athridge*.

> since the issues arise out of the handling of Maryland insurance policies and all of the plaintiffs reside in Maryland. There is absolutely no indication that the Coopers' motor vehicle claim or Mr. Lillard's homeowner's claim have any contact with the District of Columbia. Plaintiffs have not demonstrated any minimum contacts between the Defendant and the District of Columbia that would warrant the exercise of jurisdiction. In the instant action, there is absolutely no basis for this Honorable Court to maintain Columbia, contracted to supply services in the District of Columbia or caused tortious injury in the District of

---

[4] *Arguendo* were this a pendent claim, 28 USC 1367 whether claim that would be added shares a common nucleus of operative facts with the original claim, would warrant the court's discretion to deny jurisdictional challenge in the interests of judicial economy, convenience, fairness, etc.

[5] Preposterous, of what consequence is the residence of Farmers' 3rd party insured Bean, likewise the Coopers' releases of Bean?

[6] Nor can it be said that plaintiffs lack District of Columbia contacts: plaintiff Cooper is employed by the Navy Department and plaintiff Lillard practices law in the District of Columbia. To say that practicing law in our Nations Capital does not establish contacts here is to demean virtually every lawyer who practices here, many of whom raise their families in Maryland and Virginia. Defense mis-cites *Celluteeh, Inc. v. Centennial Cellalor Corp.*, 871 F.Supp. 46 (D.D.C. 1994) about the lawyer's client using the lawyer's D.C. license for jurisdiction. That is not the case. The lawyer here is the plaintiff himself. the court is respectfully advised to ignore the superfluous observation : **There are currently two residential addresses listed for the Plaintiffs, one, as designated in the Plaintiffs' Complaint, in Maryland at Route 249, Piney Point, MD 20674 and the second, as designated in certain Release, in Ohio at 1662 Harvest Time Place, Galloway, Ohio.** Indeed, the Coopers have again moved to Odenton Maryland. Destitute, the Coopers have moved with family as their circumstances dictate.

[7] Nor is this a Maryland case. Notwithstanding the foregoing, the FRCP 4(k)(1)(b) "bulge rule" encompasses all activities within 100 mile radius of the District of Columbia Federal courts including this Article 1 Court. Annapolis is 32 miles from this courthouse, and Patuxent River Navy base is 70 miles from this courthouse. Moreover, the Maryland long-arm statute might likewise apply to confer jurisdiction FRCP 4(k)(1)(a): allows federal courts to borrow state long-arm statues and thereby extend their jurisdiction to a degree exactly co-extensive with the courts of the state in which they sit.

[8] This is a lawsuit by 2 parties, client and lawyer, and 2 transactions, negotiation of 3rd party injury claim and 1st party catastrophic property damage homeowner's claim. Both parties, witnessing every word by teleconference, engaging in interstate commerce with Farmers representatives in Maryland, Pennsylvania, California, and elsewhere, and otherwise together had telephone, email, fax, and mail contact with Farmers in interstate commerce, and complain of Farmers' outrageous unconscionable behavior, and by plaintiff Lillard through agents who are witnesses to this action

5

Columbia. causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia

The court need simply ignore the defense condescending and hypocritical "Straw Man" pedantic point, since plaintiffs can choose any jurisdiction where defendant does business, and whose contacts confer jurisdiction and it is preposterous to argue that Farmers does no business in the District of Columbia. Plaintiffs could live in Canada and use our court to sue a District of Columbia business.

Moreover, this is not a claim against just any business, but the insurance business, and it is disingenuous to suggest that this Article I court lacks jurisdiction over the behavior of an insurance company doing business in the District of Columbia.[9] Self-evidently, <u>McGee v. International Life</u>, 355 U S 220 *(1957)* by simple payment of insurance premiums confers personal jurisdiction is conferred under the commerce clause. <u>See Richardson v. Nationwide Mut. Ins. Co.</u>, 826 A.2d 310 (DC 2003) "the Commissioner [of insurance states that] the business of insurance is closely regulated." The insurance law invokes jurisdiction over any plaintiff's complaints. D.C. Code § 31-2231. Ironically, Farmers itself cites the most pervasive support for jurisdiction over Farmers, <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) personal jurisdiction over defendant which had "sufficient minimum contacts" with the forum state, such that the exercise of jurisdiction "will not offend traditional notions of fair play and substantial justice . . ." 326 U.S. 310 (1945).

WHEREFORE, the Court is respectfully asked to deny the motion to dismiss.

Respectfully submitted,

*[signature]*

JOHN R. LILLARD, III D.C. Bar 197194
8 LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se & Interim* counsel for Plaintiffs

---

[9] Consequently, all reference to service outside D.C., long-arm, contacts, and forum non conviens