UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JANETTE COOPER, *et al.*,

    Plaintiffs,

      v.

FARMERS NEW CENTURY INSURANCE
COMPANY,

    Defendant.

---

Civil Action No. 08-844 (CKK)

**MEMORANDUM OPINION**
(December 29, 2008)

Plaintiffs Janette Cooper, Jeramia Cooper, Jasmyne Cooper and John Lilliard,[1] filed the

instant lawsuit against Defendant Farmers Century Insurance Company ("Farmers Century

Insurance") on December 3, 2007, alleging that Defendant violated the District of Columbia's

Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901 *et seq.*  Originally filed

in the Superior Court of the District of Columbia, Defendant removed the above-captioned

matter to this Court on May 15, 2008 on the basis of diversity jurisdiction pursuant to 28 U.S.C.

§ 1332.  Presently before the Court is Defendant's Amended Motion to Dismiss.[2]  Defendant

argues in the first instance that this case should be dismissed for improper venue, pursuant to

---

[1]Plaintiff John Lilliard, an attorney licensed in the District of Columbia, is serving as *pro se* counsel for himself as well as counsel for Plaintiffs Janette Cooper, Jeramia Cooper and Jasmyne Cooper in the instant lawsuit.

[2]Defendant originally filed its Motion to Dismiss on May 21, 2008.  *See* Docket No. [3]. Shortly thereafter, on May 23, 2008, Defendant submitted an Amended Motion to Dismiss, incorporating a table of contents and table of authorities that had been inadvertently left out of the original Motion to Dismiss.  *See* Docket No. [5] (hereinafter "Def.'s Am. MTD").

Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, be transferred to the United States

District Court for the District of Maryland, pursuant to 28 U.S.C. § 1404(a).  In the event the

Court finds that venue is proper and denies Defendant's request to transfer, Defendant further

argues that the instant matter should be dismissed for failure to state a claim, pursuant to Federal

Rule of Civil Procedure 12(b)(6).  Plaintiffs oppose Defendant's motion seeking to dismiss, or, in

the alternative, to transfer venue.  Upon searching consideration of the parties' briefs, the exhibits

attached thereto, the relevant statues and case law, and the entire record herein, the Court shall

DENY IN PART and HOLD IN ABEYANCE IN PART Defendant's Amended Motion to

Dismiss, for the reasons stated below.

## I. BACKGROUND

This case was originally filed in the Superior Court of the District of Columbia on

December 3, 2007.  *See* Defendant's Amended Motion to Dismiss, Docket No. [5] (hereinafter

"Def.'s Am. MTD"), Ex. A (Complaint (hereinafter "Compl.")).  Defendant removed the above-

captioned matter to this Court on May 15, 2008 solely on the basis of diversity jurisdiction

pursuant to 28 U.S.C. § 1332.  *See* Defendant's Notice of Removal, Docket No. [1] (hereinafter

"Not. of Removal").  As set forth in the Complaint, Plaintiffs seek to bring this lawsuit pursuant

to section 29-3904(r) and section 29-3905(k)(1) of the CPPA "for enforcement of

unconscionable interpretations denying coverage under provisions of insurance policy contracts,

and for bad faith violation of certain duties and of the covenant of good faith and fair dealing . . .

."[3]  *See* Compl.  Specifically, Plaintiffs allege two separate violations of the CPPA.  In Count

---

[3]Defendant, in its Amended Motion to Dismiss, assumed that Plaintiffs' Complaint set
forth both claims under the CPPA as well as common law tort claims.  *See* Def.'s Am. MTD at
6-7.  However, as discussed in greater detail below, Plaintiffs clarified in their Opposition that

One of the Complaint, Plaintiffs Janette Cooper, Jeramia Cooper and Jasmyne Cooper (collectively the "Coopers") allege that Defendant acted contrary to the CPPA in processing the Coopers' third-party insurance claims. *See id.* ¶¶ 1, 3-4. According to the Complaint, on October 3, 2006, the Coopers were involved in a motor vehicle accident with another vehicle, the driver of which was insured by Defendant. *Id.* As a result of the accident, the Coopers filed claims against Defendant for their resulting injuries. *Id.* ¶ 1. Plaintiffs allege that, in processing the Coopers' claims, Defendant engaged in "intentional disparagement, delays, obfuscation, and rude bad faith." *Id.* ¶ 3. Plaintiffs further allege that the Coopers were harmed by Defendant's "bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations." *Id.* ¶ 4.

In Count Two of the Complaint, Plaintiff Lilliard alleges that Defendant acted contrary to the CPPA in processing his first-party insurance claim. *See id.* ¶¶ 2, 5-6. According to the Complaint, Plaintiff Lilliard owns a homeowner's insurance policy issued by Defendant and has filed a claim with Defendant for losses resulting from a May 2003 incident in which a tree struck his home in Annapolis, Maryland. *See id.* ¶ 1. Plaintiffs allege that, in processing Lilliard's claim, Defendant engaged in "intentional disparagement, delays, obfuscation, and rude bad faith" and made "false[] claims[] in negotiations." *Id.* ¶ 5. Plaintiffs further allege that Plaintiff Lilliard was harmed by Defendant's "bad faith violation of certain duties and of the covenant of good faith and fair dealing, and enforcement of unconscionable policy terms in negotiations." *Id.*

Presently before the Court is Defendant's Amended Motion to Dismiss. Docket No. [5]. Plaintiffs filed their Opposition to Defendant's Amended Motion to Dismiss on June 9, 2008.

---

they assert claims solely under the CPPA. *See infra* 12-14.

*See* Docket No. [8] (hereinafter "Pls.' Opp'n").  Although the time for filing Defendant's Reply

has since passed, Defendant did not file any such Reply with this Court.  Accordingly,

Defendant's Amended Motion to Dismiss is now ripe.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss for Improper Venue Pursuant to Rule 12(b)(3).

Defendant first argues that venue in this case is improper in the District of Columbia, and

that the instant matter should therefore be dismissed for improper venue pursuant to Federal Rule

of Civil Procedure ("Rule") 12(b)(3).  Federal Rule of Civil Procedure 12(b)(3) allows a case to

be dismissed for improper venue.  FED. R. CIV. P. 12(b)(3); *see also* 28 U.S.C. § 1406(a) ("The

district court of a district in which is filed a case laying venue in the wrong division or district

shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in

which it could have been brought.").  "[T]he plaintiff . . . bears the burden of establishing that

venue is proper." *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (internal

quotations omitted).  "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's

well-pled factual allegations regarding venue as true, draws all reasonable inferences from those

allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."

*Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002).  "To prevail on a

motion to dismiss for improper venue, a defendant must present facts that will defeat a plaintiff's

assertion of venue." *Id.*  Finally, "[w]hen deciding a Rule 12(b)(3) motion to dismiss for lack of

venue, the court may consider extrinsic evidence." *Smith v. U.S. Investigations Servs., Inc.*, Civ.

Act. No. 04-0711, 2004 WL 2663143, *1 n.1 (D.D.C. Nov. 18, 2004); *see also Argueta v. Banco

Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Moore v. AT & T Latin America Corp.*, 177 F.

Supp. 2d 785, 788 (N.D. Ill. 2001); *ESI, Inc. v. Coastal Power Prod. Co.*, 995 F. Supp. 419, 422

(S.D.N.Y.1998).

      *B. Motion to Transfer Pursuant to 28 U.S.C. § 1404(a).*

      Defendant alternatively argues that, even if this Court concludes that venue might lie in

the District of Columbia, the Court should nevertheless exercise its discretion to transfer this case

to the District of Maryland pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the

convenience of parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought." 28 U.S.C. §

1404(a). The Court must therefore first determine the threshold question under 28 U.S.C. §

1404(a) of whether this action "might have been brought" in the District of Maryland. *Van

Dusen v. Barrack*, 376 U.S. 612, 616 (1964). However, even if venue is proper in the District of

Maryland, the Court may transfer a case only if the balance of private and public interests weighs

in favor of transfer. *Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 127

(D.D.C. 2001). "Courts have discretion to adjudicate motions to transfer according to

case-by-case considerations of convenience and fairness." *Id.* Finally, as in considering motions

to dismiss for improper venue, a court may consider undisputed facts outside the pleadings. *See

Thayer/Patricof Educ. Funding, LLC v. Pryor Res., Inc.*, 196 F. Supp. 2d 21, 33 (D.D.C. 2002);

*see also Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill.

1983) ("In ruling upon a motion to transfer under 28 U.S.C. § 1404(a), the Court may consider

only undisputed facts presented to the Court by affidavit, deposition, stipulation or other relevant

documents.").

C. *Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6).*

Finally, in the event the Court declines to transfer venue, Defendant argues that Plaintiffs'

Complaint should be dismissed for failure to state a claim.  The Federal Rules of Civil Procedure

require that a complaint contain "'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct.

1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although "detailed

factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide

the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and

conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id*. at 1964-65; *see

also Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Instead, the complaint's "[f]actual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp*., 127 S. Ct. at

1965 (citations omitted).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a

claim, a court must construe the complaint in a light most favorable to the plaintiff and must

accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  *In re

United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C.

1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint

must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all

inferences that can be derived from the facts alleged.").

Where, as here, an action is brought by a *pro se* plaintiff, albeit an attorney representing

himself, the Court must take particular care to construe the plaintiff's filings liberally for such

complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (D.C. Cir. 1999); *see also Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). The District of Columbia Circuit has instructed that lower courts may use supplemental materials to clarify a *pro se* plaintiff's claims without converting a motion to dismiss into one for summary judgment. *See Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (explaining that lower courts may "consider supplemental material filed by a pro se litigant in order to clarify the precise claims being urged") (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1054 (D.C. Cir. 1998)). The Court is nevertheless mindful that "a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

## III. DISCUSSION

*A. Motion to Dismiss for Improper Venue Pursuant to Rule 12(b)(3).*

Defendant first argues that this case should be dismissed for improper venue pursuant to Rule 12(b)(3). The instant lawsuit was removed to this Court solely on the basis of diversity jurisdiction. Not. of Removal ¶ 15. Accordingly, pursuant to 28 U.S.C. § 1391(a), suit in this case may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Furthermore, for purposes of venue, "a defendant that is a corporation shall

be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c).

It is clear that venue is not proper in the District of Columbia under section 1391(a)(2), as Plaintiffs have not asserted that any portion, much less a "substantial part," of the events or omissions giving rise to their claims occurred within the District. As discussed above, Plaintiffs' claims stem from two alleged incidents. The first involved a motor vehicle accident between the Coopers and a third-party insured by Defendant. Compl. ¶ 1. The second involved a tree striking Plaintiff Lilliard's home, which is located in Annapolis, Maryland. *Id.* The Complaint itself does not allege that any of these underlying events occurred in the District of Columbia. *See generally id.* Nor have Plaintiffs, in their Opposition, directed the Court to any related activity that took place within the District of Columbia. *See generally* Pls.' Opp'n. Moreover, although the Complaint does not specify, Defendant has submitted documentary evidence,[4] undisputed by Plaintiffs, that the motor vehicle accident that forms the basis of Count One occurred "at or near Buse Rd at Patuxent Naval Airstation," which is located in the state of Maryland. *See* Def.'s Am. MTD at 1; *see also id.*, Ex. B[5] (Release in Full of All Claims and Rights). Additionally, although it is unclear from the record specifically where the Coopers were residing at the time of the accident, it is undisputed that the Coopers have not, at any time relevant to the instant matter, resided within the District of Columbia. Rather, at all relevant times, the record demonstrates

---

[4]As stated above, *supra* 4, "[w]hen deciding a Rule 12(b)(3) motion to dismiss for lack of venue, the court may consider extrinsic evidence." *Smith,* 2004 WL 2663143, *1 n.1.

[5]Exhibit B to Defendant's Amended Motion to Dismiss was mistakenly labeled "Exhibit C," with the result that Defendant has attached two "Exhibit Cs" to its Motion. For clarity, the Court shall refer to the second attached exhibit (and the first "Exhibit C") as Exhibit B.

that the Coopers have resided in either Maryland or Ohio.[6]  Accordingly, as Defendant points out

in its Amended Motion to Dismiss—a point not refuted by Plaintiffs—"the evidence clearly

demonstrates that the Coopers' motor vehicle claim and Mr. Lillard's homeowner's claim have

absolutely no contacts with the District of Columbia."  Def.'s Mot. at 4.[7]

The Court therefore turns to section 1391(a)(1), which provides that a diversity action

may be properly brought in a judicial district in which a defendant resides.  28 U.S.C. §

1391(a)(1).  Defendant appears to dispute that it resides in the District of Columbia, arguing that:

> [T]here is no evidence to suggest that Defendant Farmers New Century Insurance
> Company was ever domiciled in, organized under the law of, or maintaining its
> principal place of business in the District of Columbia. Furthermore, there is no
> evidence to suggest that Defendant Farmers was transacting any business in the
> District of Columbia, contracted to supply services in the District of Columbia or
> caused tortious injury in the District of Columbia . . . .

Def.'s Am. MTD at 4.  Defendant, however, fails to acknowledge that, under 28 U.S.C. §

1391(c), a corporation—such as Defendant—is, for purposes of venue, "deemed to reside in any

judicial district in which it is subject to personal jurisdiction at the time the action is

---

[6]According to the face of the Complaint, at the time of its filing, the Coopers resided at an
address in Piney Point, Maryland.  *See* Compl.  As Defendant points out, however, it appears that
at some undisclosed time after the Complaint was filed, the Coopers' residence changed to an
address in Galloway, Ohio.  *See* Def.'s Am. MTD, Ex. B (Release in Full of All Claims and
Rights).  In addition, as provided in Plaintiffs' Opposition to Defendant's Amended Motion to
Dismiss, it appears that the Coopers now reside once again in Maryland.  *See* Pl.'s Opp'n at 5 n.6
(representing that the Coopers have moved to Odenton, Maryland).  Notwithstanding the
ambiguity as to when the Coopers resided at each specific address in Maryland and Ohio,
Plaintiffs' Opposition does not dispute that the Coopers have resided in *either* Maryland or
Ohio—and *not* within the District of Columbia—at all times relevant to the instant lawsuit.  *See
generally* Pl.'s Opp'n.

[7]Indeed, Plaintiffs appear to believe that it is irrelevant that the underlying events
occurred outside the District of Columbia, arguing—without any supporting legal authority—that
the "[l]ocation of [the] [c]auses of [a]ction" is "inapposite" to the question of venue.  *See* Pl.'s
Opp'n at 3.  On this point, however, Plaintiffs are clearly wrong as a legal matter.

commenced." 28 U.S.C. § 1391(c).  Plaintiffs aver in their Complaint that Defendant is "doing

business in the District of Columbia , and [is] amenable to jurisdiction."  Compl. ¶ 2.  Although

Defendant argues generally that "there is no evidence to suggest that Defendant Farmers was

transacting business in the District of Columbia," Defendant has failed to provide any affirmative

factual evidence specifically defeating Plaintiffs' assertion of venue.[8]  *See Darby*, 231 F. Supp.

2d at 276 ("To prevail on a motion to dismiss for improper venue, the defendant must present

facts that will defeat the plaintiff's assertion of venue.").  Moreover, despite Defendant's protests

against *venue* in the District of Columbia, Defendant has not raised any affirmative objections to

*personal jurisdiction* in the District of Columbia.  *See generally* Def.'s Am. MTD.  The Court

therefore concludes that there is no basis on the record before it to find that the Defendant

corporation does not "reside" in the District of Columbia, such that venue in this Court is

improper.  Accordingly, Defendant's motion is denied to the extent it requests the Court dismiss

Plaintiff's Complaint for improper venue pursuant to Rule 12(b)(3).

   *B.  Motion to Transfer to the District of Maryland Pursuant to 28 U.S.C. § 1404(a).*

   Nonetheless, the Court may exercise its discretion to transfer the action under 28 U.S.C. §

1404(a) to the District of Maryland.  Accordingly, the Court now turns to Defendant's request, in

the alternative, to transfer venue.  First, the Court must determine the threshold question of

whether this action "might have been brought" in the District of Maryland.  *Van Dusen*, 376 U.S.

at 616.  As stated above, venue is proper, *inter alia*, in "a judicial district in which a substantial

---

   [8]The Court notes that Defendant not only failed to provide sufficient facts in its opening
motion, but, having been presented with Plaintiffs' Opposition in which Plaintiffs averred that
Defendant does business in the District of Columbia, Defendant declined to file a reply disputing
Plaintiffs' allegations.

part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(a).  It is undisputed that a substantial part of the events giving rise to Plaintiffs' claims—*i.e.,* the Coopers' motor vehicle accident and Plaintiff Lilliard's homeowner's claim—occurred in the District of Maryland.  Accordingly, on first glance it appears that Plaintiffs could have brought the instant action in the District of Maryland, pursuant to 28 U.S.C. § 1391(a).[9]

The Court, however, directs the parties to 28 U.S.C. § 1332(c)(1), which provides that, for purposes of diversity jurisdiction:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).  Although Defendant is an Illinois corporation with its principal place of business in Illinois, Not. of Removal ¶ 16, Defendant also appears to be an "insurer of a policy or contract of liability insurance," as referenced in section 1332(c)(1).  The Court notes that if this provision were to apply, such that Defendant is deemed to be a citizen of Maryland as well as a citizen of Illinois for purposes of diversity jurisdiction, it would appear that transfer of this matter to the United States District Court for the District of Maryland would destroy diversity jurisdiction in this matter, as Plaintiffs are also residents of Maryland.  Neither party, however, has raised or briefed the effect of this provision on Defendant's citizenship for purposes of this

---

[9]The Court notes that Plaintiffs appear to be under the mistaken belief that their claims "[c]ould be [b]rought only in the District of Columbia."  *See* Pls.' Opp'n at 3 ("there is no other 'forum' than the District of Columbia").  The plain language of 28 U.S.C. § 1391(a), however, demonstrates that Plaintiffs are wrong as a legal matter.

diversity action.  Accordingly, the Court shall require the parties to submit supplemental briefing

to the Court addressing the following narrow issues: (1) whether section 1332(c)(1) applies to the

determination of Defendant's citizenship in this case; (2) if section 1332(c)(1) does apply,

whether it requires that Defendant be deemed a citizen of Maryland for purposes of this action;

and (3) if Defendant is deemed a citizen of Maryland, such that the District Court of Maryland

would lack diversity jurisdiction over this matter if venue were transferred, whether this Court is

nonetheless permitted to transfer venue pursuant to 28 U.S.C. § 1404(a).  The Court therefore

shall hold in abeyance Defendant's request for transfer of venue pursuant to 28 U.S.C. § 1404(a)

pending submission of the parties' supplemental briefing.

   C.  *Motion to Dismiss Pursuant to Rule 12(b)(6).*

   Finally, Defendant contends that Plaintiffs' Complaint should be dismissed for failure to

state a claim pursuant to Rule 12(b)(6).  As an initial matter, the Court notes that Defendant, in

filing its motion, assumed that Plaintiffs' Complaint alleged both claims under the CPPA as well

as tort claims for violation of bad faith duties under the common law.  *See* Def.'s Am. MTD at 6-

9.  Plaintiffs, however, in their Opposition, clarify that their Complaint asserts only claims under

the CPPA:  "This action is based upon District of Columbia consumer law.  One may ignore

Farmers [*sic*] 'straw man' points . . . which relate to tort claims.  This is not a tort claim.  It is a

consumer claim."  Pls.' Opp'n at 3; *see also id.* at 4 ("[T]his is not a motor tort case, nor a

homeowners' contract "bad faith" case, but rather is a consumer statute violation case . . . ."), 5

("This case sues Farmers for outrageous claims handling practices conducted in violation of

DCCPPA, D.C. Code § 28-3901 *et seq.*").  Accordingly, the Court proceeds with the assumption

-12-

that Plaintiffs bring the instant lawsuit solely under the CCPA.[10]

As to Plaintiffs' CPPA claims, Defendant argues that the claims should be dismissed pursuant to Rule 12(b)(6) because the specific CPPA section cited by Plaintiffs in their Complaint, D.C. Code § 28-2904(r), applies on its face only to "sales or leases." Def.'s Am. MTD at 8-9. Setting aside for the moment Defendant's argument, the Court itself sees a larger and more fundamental problem with Plaintiffs' CPPA claims. Specifically, it does not appear to the Court that Plaintiffs are among the consumers that CPPA is intended to protect. As the district court in *Shaw v. Marriott Int'l, Inc.*, 570 F. Supp. 2d 78 (D.D.C. 2008) observed, "The purposes of the CPPA are to assure that a just mechanism exists to remedy all improper trade practices [and to] promote, through effective enforcement, fair business practices *throughout the community. . . .*" 570 F. Supp. 2d at 86-87 (emphasis added) (internal quotation marks omitted). In *Shaw*, as here, the plaintiffs sought "to apply the CPPA to remedy allegedly improper trade practices which took place outside the District of Columbia 'community' to a plaintiff [] who is not a resident of the District of Columbia, to address injuries allegedly caused by a corporation which is neither incorporated nor headquartered in the District of Columbia." *Id.* at 87. The court in *Shaw* concluded that, based on such facts, the plaintiffs in that case were "not among the consumers the CPPA was drafted to protect" nor was the defendant corporation

---

[10]Moreover, the Court notes that Plaintiffs failed to respond to Defendant's arguments that Plaintiffs' common law bad faith tort claims, if asserted, should be dismissed pursuant to Rule 12(b)(6). *See generally* Pls.' Opp'n. Accordingly, even if Plaintiffs had intended to assert such claims, the Court would dismiss such claims as conceded in light of Plaintiffs' failure to respond to Defendant's arguments. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)).

"among the corporations the CPPA was drafted to police." *Id.* Given that the CPPA was

intended to remedy unfair trade practices "throughout the community"—*i.e.,* the District of

Columbia—and that Plaintiffs have failed to identify any material connection between the events

underlying their Complaint and the District of Columbia,[11] the Court is unclear how the CPPA is

applicable to the case at hand. However, because Defendant itself did not raise this issue and

Plaintiffs have not had a chance to respond, the Court shall permit both parties to submit

supplemental briefing addressing the narrow issue of whether Plaintiffs may assert claims under

the CPPA as a legal matter. Accordingly, to the extent Defendant sought to dismiss Plaintiffs'

CPPA claims for failure to state a claim under Rule 12(b)(6), the Court shall hold Defendant's

motion in abeyance pending submission of the supplemental briefing required herein.

## IV.  CONCLUSION

Accordingly, for the reasons stated above, the Court DENIES IN PART and HOLDS IN

ABEYANCE IN PART Defendant's [5] Amended Motion to Dismiss. Specifically, Defendant's

Motion is DENIED as to its request to dismiss for improper venue pursuant to Rule 12(b)(3), but

is HELD IN ABEYANCE as to Defendant's requests, in the alternative, for transfer of venue

pursuant to 28 U.S.C. § 1404(a) or for dismissal pursuant to Rule 12(b)(6) for failure to state a

claim. Furthermore, the parties are required to submit supplemental briefing addressing the

---

[11]Indeed, on the record currently before the Court, the only specific factual connection alleged between the District of Columbia and the events underlying Plaintiffs' lawsuit is that two of the Plaintiffs work in the District. *See* Compl. ¶ 1 (alleging that Plaintiff Lilliard is an attorney who practices in the District of Columbia); *see also* Pls.' Opp'n at 3, 5 n.6 (alleging that one of the Coopers is employed by the Navy Department in the District of Columbia and that Plaintiff Lilliard practices law in the District of Columbia). The only other alleged connection is Plaintiffs' conclusory assertion in their Complaint that Defendant is "doing business in the District of Columbia." *See* Compl. ¶ 2.

following narrow issues raised by the Court in this Memorandum Opinion.  First, as to

Defendant's request to transfer venue, the parties shall provide the Court with supplemental

briefing addressing:  (1) whether 28 U.S.C. § 1332(c)(1) applies to the determination of

Defendant's citizenship in this diversity action; (2) if 28 U.S.C. § 1332(c)(1) does apply, whether

it requires that Defendant be deemed a citizen of Maryland for purposes of this action; and (3) if

Defendant is deemed a citizen of Maryland, such that the District Court of Maryland would lack

diversity jurisdiction over this matter if venue were transferred, whether this Court is nonetheless

permitted to transfer venue pursuant to 28 U.S.C. § 1404(a).  Second, as to Defendant's request

in the alternative that Plaintiffs' Complaint be dismissed for failure to state a claim, the parties

shall provide the Court with supplemental briefing addressing the specific question of whether

Plaintiffs may assert claims under the CPPA as a legal matter.  The parties' supplemental briefs

on these issues—and on these issues only—shall be filed on or before January 30, 2009.  The

parties shall be permitted to file oppositions to the other party's supplemental briefing, with such

oppositions due on or before February 13, 2009.  Replies, if any, shall be due on or before

February 26, 2009.

Date: December 29, 2008

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

-15-