IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANETTE COOPER, JERAMIA COOPER JASMYNE COOPER and JOHN LILLARD<br><br>v.<br><br>FARMERS NEW CENTURY INSURANCE COMPANY | NO. 1:08-cv-00844<br>Assigned to: Kollar-Kotelly, Colleen |

**Statement of Points and Authorities in Support of Defendant's**
**Motion to Enforce Settlement as to the Claims of Plaintiff John Lillard**
**And Supplemental Motion to Dismiss as to Plaintiffs Cooper**

In accordance with this Honorable Court's January 16, 2009 Order, defendant Farmers New Century Insurance Company (hereinafter "Farmers") submits this Statement of Points and Authorities in support of its Motion to Enforce Settlement as to the Claims of Plaintiff John Lillard and Supplemental Motion to Dismiss as to Plaintiffs Cooper.

**I.    LEGAL ARGUMENT**

**(A).    The Settlement with Plaintiff John Lillard is Binding.**

As set forth in its Motion to Dismiss, Defendant Farmers has settled the claims made by Plaintiff John Lillard for $20,000 and a Release of that claim has already been executed by Plaintiff Lillard.  Under the law of the District of Columbia, a release is a form of contract, by which the parties to it are bound by its terms unless it is invalid for some reason.  *Derzavis v. Security Storage Co. of Washington*, 703 A.2d 839, 842 (D.C. App. 1997) (citation omitted).  As there is no claim in this case that the release is invalid, it is enforceable by its terms and this matter should be dismissed as to Plaintiff John Lillard.

**(B).    The Cooper Plaintiffs' Claims Could Have Been Filed in Maryland, Since This Is Not a "Direct Action" Within the Meaning of 28 U.S.C. 1332(c).**

This Court has subject matter jurisdiction notwithstanding the provisions of 28 U.S.C. § 1332(c). It is well established that the term "direct action" as used in § 1332(c) is defined "as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Carpentino v. Transport Ins. Co.*, 609 F. Supp. 556, 558 (D.C. Conn. 1985) (citing *Beckham v. Safeco Ins. Co. of America,* 691 F.2d 898, 902 (9th Cir. 1982). Thus, the term "direct action" in subsection (c) is a term of art. It was added to § 1332 in 1964 to address the situation in which states' "direct action" statutes permit tort actions which would ordinarily be brought against an insured to be brought directly against the tortfeasor's insurance company, i.e., a direct action. *See, e.g., Irvin v. Allstate Ins. Co.,* 436 F. Supp. 575 (1977) (words "direct action" within § 1332(c) were used to refer to statutes which allow a party injured by negligence of an insured to pursue his right of action against insurer alone). Direct action statutes had the potential to convert tort actions between citizens of the same state into federal diversity cases when an out of state insurer was substituted as the defendant. To overcome this, in cases filed under direct action statutes, the insurer partakes of the citizenship of its insured. Subsection (c) does not apply when an insurer is sued based on its own conduct. *See* Wright & Miller, 13 F *Federal Practice & Procedure Juris.2d* § 3629 (2008).

This action "might have been brought" in the District of Maryland within the meaning of 28 U.S.C. § 1404(a) because it is not a "direct action" as that term is used in 28 U.S.C. § 1332(c). Thus, if this case is not dismissed for failure to state a claim, it can be transferred to the District of Maryland. However, Defendant Farmers believes and avers that the claims of

Plaintiffs Jeramia, Janette and Jasmyne Cooper should be dismissed since they fail to state a cause of action upon which relief can be granted.

### (C).  The Cooper Plaintiffs Have Failed to State a Valid Cause of Action Under the District of Columbia Consumer Protection Procedures Act.

Plaintiffs Jeramia, Janette and Jasmyne Cooper have set forth a claim against Defendant Farmers under the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901, *et seq*.  With regard to this claim, the decision of the United States District Court for the District of Columbia in *Shaw v. Marriott International, Inc.*, 570 F. Supp. 2d 78 (D. D.C. 2008) support's the Defendant's position that Plaintiffs Jeramia, Janette and Jasmyne Cooper do not have a valid claim under the CPPA.  In *Shaw*, the District Court noted that the CPPA was designed to "police trade practices arising only out of consumer-merchant relationships" and that civil actions under the CPPA may only be brought by "aggrieved consumers" for a claim that arises out of a "consumer transaction."  *Id*. at 83 (quoting *Ford v. ChartOne, Inc.*, 908 A.2d 72, 80-81 (D.C. 2006)).  Based on its very definition and purpose, the CPPA does not apply to the claims raised by Plaintiffs Jeramia, Janette and Jasmyne Cooper since these individuals had no consumer-merchant relationship with the Defendant Farmers, were never Farmers insureds, and have no complaint arising from a consumer transaction with Farmers.

Even assuming that a consumer-merchant relationship existed between the parties, the CPPA still does not apply because Plaintiffs Jeramia, Janette and Jasmyne Cooper are not residents of the District of Columbia and have not complained about improper trade practices that took place within the District of Columbia.  The CPPA was designed to "assure that a just mechanism exists to remedy all improper trade practices [and to] promote, through effective

enforcement, fair business practices throughout the community." *Shaw*, 570 A.2d at 87 (quoting *Williams v. Central Money Co.*, 974 F. Supp. 22, 27 (D.D.C. 1997) (internal citation omitted)). Thus, in *Shaw*, the District Court held that that CPPA was not an available remedy for a plaintiff who was not a resident of the District of Columbia nor was it available to address injuries allegedly caused by a corporation that was neither incorporated nor headquartered in the District of Columbia. *Id.* Just as in *Shaw, supra*, in the instant matter, as residents of either Maryland or Ohio, Plaintiffs Jeramia, Janette and Jasmyne Cooper are not the consumers that the CPPA was drafted to protect. Similarly, Defendant Farmers is not incorporated nor headquartered in the District of Columbia. As a result, the CPPA does not apply to the claims of Plaintiffs Jeramia, Janette and Jasmyne Cooper and for this very reason the Plaintiffs' Complaint should be dismissed, with prejudice.

**II.     CONCLUSION**

Based on the foregoing discussion and the case law cited therein, defendant Farmers New Century Insurance Company respectfully requests that this Honorable Court grant the Motion to Enforce the Settlement as to the Claims of Plaintiff John Lillard and Supplemental Motion to Dismiss as to Plaintiffs Cooper.

**NELSON, LEVINE, de LUCA & HORST, LLC**

BY: _s/Claudia D. McCarron_____
CLAUDIA D. MCCARRON, ESQUIRE
ATTORNEYS FOR DEFENDANT
FARMERS NEW CENTURY INSURANCE
COMPANY
DC BAR NO. PA0027
518 Township Line Road, Suite 300
Blue Bell, PA 19422
(215) 358-5138
(215) 358-5101 fax
Date: January 30, 2009         cmccarron@nldhlaw.com