IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANETTE COOPER, et al., *Plaintiffs*, v. FARMERS NEW CENTURY INSURANCE COMPANY, et al., *Defendants* | CIVIL ACTION No. 1:08-cv-00844 RECEIVED MAR 11 2009 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

<u>PLAINTIFFS' RESPONSE TO MOTION TO DISMISS [ENFORCE] AND REQUEST FOR SANCTIONS,</u>

<u>PLAINTIFFS' THIRD OFFER OF JUDGMENT [ATTORNEYS FEE/PUNITIVE DAMAGES],</u>

<u>AND COUNSEL'S REQUEST FOR WITHDRAWAL OF APPEARANCE,</u>

<u>BY REQUESTING LEAVE OF COURT TO FILE BY USPS MAIL</u>

Plaintiffs, complying before its March 13, 2009 deadline with and pursuant to the court's February 4, 2009 order, by undersigned *pro se interim* counsel John F. Lillard, III, replying to Defendant's Motion to Dismiss [to Enforce], respectfully submit this response and request for sanctions against Farmers requesting leave by USPS mailing to the clerk and Her Honor, and plaintiffs' third [3rd] FRCP Rule 68 "offer to allow judgment on specified terms, with the costs then accrued" to be answered within 10 days, to enter judgment against FARMERS NEW CENTURY INSURANCE COMPANY, et al., for $5,000 to the Cooper claimants and $10,000 to the Lillard claimant, to compensate them for the continued uncompensated litigation diversion of resources, responsibility, damages, and expenses, and for counsel's request for withdrawal of appearance under Local Civil Rule 83.6, and in support states:

1. Plaintiff Lillard has informed plaintiffs Cooper by the only means available, telephone numbers 443-758-6360 and 301-994-2534, of his request to withdraw, and Plaintiffs submit to

the court's discretion on the motion to dismiss [enforce], subject to Plaintiffs' request for the court to consider an award for attorneys fees or punitive damages;

2. Uniquely, the court is presented with an opportunity here. The insurance industry has created litigation bottlenecks to silence our citizenry. It is the court's prerogative, in the manifest administration of justice, to punish Farmers for its abuse, in a manner to show the court's displeasure with being used by the insurance industry, wasting the resources of the court, in a fashion proscribed by the cited statutory basis of this suit: " may include such other findings, stipulations, conditions, directives, and remedies including punitive damages, treble damages, or reasonable attorney's fees, as are reasonable and necessary to identify, correct, or prevent the conduct which violated District law" D.C. Code § 28-3905(g)(5);

3. Manifestly, this suit seeks compensation for insurance abuse, not tort damages. Tragically, triggering an insidious backlash of insurance abuse by paradox, Farmers ironically ratchets up its insurance abuse by these proceedings. After signing release, insurance draft, and other closing documents, and writing Farmers counsel of the expected defense filings of all necessary closing documents, Farmers has left the court in the dark, causing the court to expend its resources to research and write a needless opinion, all following nearly 50 telephone conference calls among plaintiffs Cooper and Lillard and Farmers representatives.

4. Fictitiously labeling this nothing but attempt to re-open a signed-release tort case, Farmers has never acknowledged it is rather a lawsuit charging Farmers with insurance abuse, nor owning up to the abuse Farmers is charged with, but rather foisting upon the court diversionary counterattacks, and the resulting harm to *pro se* plaintiff and his impecunious co-claimants continues. The 'release issue' is charade.

5. Dreadfully, the court now entertains yet another Farmers machination, which was wholly unnecessary. Rather than "walk the settlement consent judgment through chambers," Farmers purposefully drains plaintiffs through Farmers' maneuverings.

6. The poster child of insurance abuse in both liability and homeowners claims, Farmers' unrepentant tactics intentionally add insult to injury to force plaintiffs to cave in yet again, and now, after signing yet another round of releases, chooses not to "walk the settlement through chambers" relieving plaintiffs of any further responsibility, as is customary, but purposefully chooses to "rub plaintiffs' nose in" Farmers' detritus;

7. This D.C. Superior Court suit was filed [but un-served] solely to toll the statute of limitations, and open negotiations. A homeowner claim nearly 3 years old had been left unpaid by Farmers for a major portion of the structure not rebuilt, and other unpaid liquidated damages well over $50,000, but tragically forced to settle for $20,000. By coincidence, the homeowner was personal injury lawyer for another Farmers claimant similarly abused by delay, refusal to negotiate, hiding, and other forms of insurance abuse.

8. By contrast, rather than negotiate, Farmers compounded its intransigence and refusal to negotiate, unfazed by the suit under the D.C. statute with punitive damages teeth.

9. Rather than allow the process to proceed in Superior Court under the threat of a jury armed with a punitive damages trigger, Farmers chose to "make a federal case" out of the claim, with the express purpose to propagate abusive refusal to negotiate by forcing plaintiffs to read and write reams of pleadings, with the express strategy to wear plaintiffs down.

10. While it is true that one plaintiff is a lawyer, and is indeed licensed in D.C. and 32 years ago served in the Civil Division of the Justice Department, it must be borne in mind that he is an

out-of-court settlement negotiator who has for 20 years no longer litigated but refers all litigation to Wilson & Parlett. The instant suit was filed to toll the statue only, with the express purpose of opening negotiations with in-house 'bad-faith' legal team in California to resolve the matter promptly.

11. Herein before Her Honor, Farmers rather than reply to plaintiffs' counsel's modest request for billable time necessary to wrap up the matter, has now wheeled Farmers' steamroller legal machine before the court with the rallying cry: "millions for defense but not a penny for tribute." Attorneys' fees herein are manifestly just, as Farmers has spun up dozens of hours of unnecessary legal work.

WHEREFORE, plaintiffs respectfully pray the court

a. To award attorneys fees to plaintiff/counsel Lillard in the amount of $10,000 or such other larger amount as might punish Farmers for its malicious litigious behavior;

b. To award plaintiffs Cooper the amount of $5000 or such other larger amount as might punish Farmers for its malicious litigious behavior; for the abuse suffered at the hands of Farmers, compounding that complained of in this suit;

c. To punish Farmers for its abuse, in a manner to show the court's displeasure with being used by the insurance industry, wasting the resources of the court, in a manner and fashion "as are reasonable and necessary to identify, correct, or prevent the conduct which violated District law"

d. For such other & further relief as the court deems just in the premises.

Respectfully submitted,

    d. For such other & further relief as the court deems just in the premises.

Respectfully submitted,

*[signature]*

JOHN F. LILLARD, III D.C. Bar 197194
8 LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se & Interim* counsel for Plaintiffs

## POINTS & AUTHORITIES

    a. Local Civil Rule 83.6.

    b. FRCP Rules 12, 68

    c. D.C. Unlawful Trade Practices Act, D.C. Code § 28-3904(r); D.C. Code § 28-3905(g)(5) [remedies including punitive damages, treble damages, or reasonable attorney's fees, as are reasonable and necessary to identify, correct, or prevent the conduct which violated District law]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10TH day of March, 2009, a copy of the foregoing was duly served by email upon:

    Farmers, et al., by counsel
    Claudia McCarron, Esquire
    518 Township Line Road, Suite 300
    Blue Bell, PA 19422
    Fax: 215-358-5101
    cmccarron@nldhlaw.com

*[signature]*
JOHN F. LILLARD, III

cc:

    Ms. Cheryl Horn & Civil Clerk
    United States District Court
    333 Constitution Avenue, N.W.
    Washington, DC 20001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANETTE COOPER, et al.,

*Plaintiffs,*

v.

FARMERS NEW CENTURY INSURANCE COMPANY, et al.,

*Defendants*

CIVIL Action No. 1:08-cv-00844

<u>PLAINTIFFS' GOOD CAUSE REQUEST FOR LEAVE TO FILE ADDITIONAL INITIAL PLEADING BY U.S. MAIL, PENDING ATTORNEY RENEWAL AND E-FILING REGISTRATION</u>

Plaintiffs, by undersigned *pro se interim* counsel John F. Lillard, III, respectfully prays leave of court to file one additional initial pleading by U.S. mail, and in support states:

1. that good cause is shown by plaintiffs' filing herewith upon removal, for acceptance with leave of court in the interest of justice,

    a. as accepting the initial filings will save the court's time and avoid delay, and

    b. as it is submitted for purposes of resolution of the claim [for joint stipulation of dismissal], and

    c. as it is again submitted before receipt of the clerk's email plaintiffs' counsel the password and log-in for e-filing, and

    d. as plaintiffs' counsel must familiarize himself with the federal e-filing system.

WHEREFORE, the Court is respectfully prayed for leave to file accompanying pleading.

Respectfully submitted,

JOHN F. LILLARD, III D.C. Bar 197194
8 LOUDON LANE
ANNAPOLIS, MD. 21401-9805
(410) 268-1900
*Pro-se* & *Interim* counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10TH day of March, 2009, a copy of the foregoing was duly served by email upon:

Farmers, et al., by counsel
Claudia McCarron, Esquire
518 Township Line Road, Suite 300
Blue Bell, PA 19422
Fax: 215-358-5101
cmccarron@nldhlaw.com

JOHN F. LILLARD, III

cc:

Ms. Cheryl Horn & Civil Clerk
United States District Court
333 Constitution Avenue, N.W.
Washington, DC 20001