UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANETTE COOPER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FARMERS NEW CENTURY INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 08-844 (CKK) |

**MEMORANDUM OPINION**
(April 14, 2009)

Plaintiffs Janette Cooper, Jeramia Cooper, Jasmyne Cooper (hereinafter "Plaintiff Coopers") and John Lilliard (collectively "Plaintiffs"),[1] filed the instant lawsuit against Defendant Farmers Century Insurance Company ("Farmers") on December 3, 2007, alleging that Farmers violated the District of Columbia's Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901 *et seq.* Originally filed in the Superior Court of the District of Columbia, Farmers removed the above-captioned matter to this Court on May 15, 2008 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Presently before the Court is Farmers'

---

[1] Plaintiff John Lilliard, an attorney licensed in the District of Columbia, is serving as *pro se* counsel for himself as well as counsel for Plaintiffs Janette Cooper, Jeramia Cooper and Jasmyne Cooper in the instant lawsuit. Although Lilliard has recently "request[ed] for withdrawal of appearance," *see* Pls.' Opp'n/Mot. for Sanctions at 1, Lilliard, however, has not complied with Local Civil Rule 83.6, which governs withdrawals of appearance. As Lilliard has not provided the Court with Plaintiff Coopers' written consent to his withdrawal, he may withdraw "only by order of the Court upon motion by the attorney . . . accompanied by a certificate of service listing the part[ies'] last known address and stating that the attorney has served upon the part[ies] a copy of the motion and a notice advising the part[ies] to obtain other counsel, or, if the part[ies] intend[] to conduct the case pro se or to object to the withdrawal, to so notify the Clerk in writing within five days of service of the motion." LCvR 83.6(c). Lilliard has not done so. Accordingly, he remains counsel of record for Plaintiff Coopers.

Motion to Dismiss, as supplemented, and Plaintiffs' Motion for Sanctions. Upon searching consideration of the parties' briefs, the relevant statues and case law, and the entire record herein, the Court shall GRANT Farmers's Motion to Dismiss, as supplemented, and shall DENY Plaintiffs' Motion for Sanctions, for the reasons stated below.

## I. BACKGROUND

The procedural history of this case is, to say the least, a tortured one. Originally filed in the Superior Court of the District of Columbia, Farmers removed the above-captioned matter to this Court on May 15, 2008. *See* Defendant's Notice of Removal, Docket No. [1] (hereinafter "Not. of Removal"); *see also* Defendant's Amended Motion to Dismiss, Docket No. [5] (hereinafter "Def.'s MTD"), Ex. A (Complaint (hereinafter "Compl.")). As set forth in the Complaint, Plaintiffs seek to bring this lawsuit pursuant to section 29-3904(r) and section 29-3905(k)(1) of the CPPA "for enforcement of unconscionable interpretations denying coverage under provisions of insurance policy contracts, and for bad faith violation of certain duties and of the covenant of good faith and fair dealing . . . ."[2] *See* Compl.

On May 21, 2008, Farmers filed a Motion to Dismiss, in which it argues that this case should be dismissed for improper venue, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3), or, in the alternative, be transferred to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1404(a). Alternatively, Farmers argues that the instant matter should be dismissed for failure to state a claim, pursuant to Rule 12(b)(6). In a Memorandum

---

[2] Farmers, in its Motion to Dismiss, initially assumed that Plaintiffs' Complaint sets forth claims under the CPPA as well as common law tort claims. *See* Def.'s MTD at 6-7. Plaintiffs later clarified, however, that they assert claims solely under the CPPA. *See Cooper*, 593 F. Supp. 2d at 22-23.

Opinion and Order dated December 29, 2008, the Court denied in part and held abeyance in part Farmers' motion. *See Cooper v. Farmers New Century Ins. Co.*, 593 F. Supp. 2d 14 (D.D.C. 2008). Specifically, the Court denied Farmers' motion as to its request to dismiss for improper venue, but held the motion in abeyance as to Farmers' requests, in the alternative, for transfer of venue pursuant to 28 U.S.C. § 1404(a) and for dismissal pursuant to Rule 12(b)(6) for failure to state a claim, pending submission of supplemental briefing. by the parties *Id.* at 24.

Shortly thereafter, the Court became aware that the parties to this case *may* have reached a settlement of this dispute several months prior to the Court's December 29, 2008 Order. *See* 1/16/09 Order, Docket No. [12], at 2. The Court therefore issued an Order, dated January 16, 2009, which provided that

> in light of this recent notification of a potential settlement between the parties, the Court requires that, by no later than January 30, 2009, the parties file *either*: (a) the supplemental briefing as required by the Court's December 29, 2008 Order, so that the Court may proceed with the instant litigation and rule on Defendant's pending Motion to Dismiss; or (b) a pleading with the Court indicating whether the parties have, in fact, reached a settlement in this case (and if so, indicate to which claims and parties the settlement applies and whether the case may therefore be dismissed in part or in its entirety), or whether further action by either the Court and/or the parties is required before the instant matter may be settled and dismissed.

*Id.* at 3-4.

Significantly, Plaintiffs failed to file *any* response to the Court by January 30, 2009, in direct violation of the Court's December 29, 2008 and January 16, 2009 Orders requiring the parties *simultaneously* file supplemental briefing on or before January 30, 2009. *See* 12/29/08 Order; 1/16/09 Order. Farmers, however, timely filed a supplemental pleading, as required, advising the Court that it had previously reached a settlement with Plaintiff Lilliard, in which Lilliard agreed to release all claims against Farmers, but that it had not reached a settlement with

Plaintiff Coopers. *See* Docket No. [14], (hereinafter "Def.'s Supp. MTD"). With respect to Plaintiff Coopers' claim, Farmers therefore decided the best course of action was to file the supplemental briefing requested by the Court in its December 29, 2008 Order holding Farmers' motion to dismiss in abeyance in part. *Id.* at 3-5. With respect to Plaintiff Lilliard's claim, however, Farmers filed a "motion to enforce settlement." *Id.* at 1-3. Despite stylizing the pleading as a "motion to enforce settlement, " it is apparent upon review of the filing that Farmers actually seeks dismissal of Plaintiff Lilliard's claim on the basis that the claim is barred by the parties' release, and does not in fact seek to enforce a settlement agreement. *See id.* MTD at 2-3. Accordingly, to the extent Farmers moves for dismissal of Plaintiff Lilliard's claim on the basis that it is barred by the parties' release, Farmers' supplemental briefing is best understood as a supplemental Motion to Dismiss. Notably, Farmers raises this argument for the first time in its supplemental motion. Nonetheless, because the supplemental briefing was specifically requested by the Court and does not cause undue delay, the Court shall, in its discretion, consider Farmers' supplemental Motion to Dismiss.[3] *See Lindsey v. United States*, 448 F. Supp. 2d 37, 55-56 (D.D.C. 2006) (consideration of supplemental motion to dismiss in court's discretion where motion to dismiss still pending and no undue delay would result); *see also Campbell-El v. District of Columbia*, 881 F. Supp. 42, 43 (D.D.C. 1995) (same); *Butler v. Fairbanks Capital*, No. Civ. A. 04-367, 2005 WL 5108537, *2 (D.D.C. Jan. 3, 2005) (same). The Court notes that Plaintiffs themselves have not raised any objections to the Court's doing so. *See generally* Pls.' Opp'n/Mot. for Sanctions, Docket No. [17].

---

[3] For purposes of this Memorandum Opinion, the Court shall collectively refer to Farmers' Motion to Dismiss, together with Farmers' supplemental Motion to Dismiss, as Farmers' "Motion to Dismiss, as supplemented."

Plaintiffs thereafter filed an Opposition to Farmers' supplemental Motion to Dismiss,[4] and a Motion for Sanctions on March 11, 2009. *See* Pls.' Opp'n and Mot. for Sanctions, Docket Nos. [17] & [18]. Significantly, Plaintiffs' Opposition fails to directly address *any* of Farmers' arguments presented in its supplemental briefing. *See generally* Pls.' Opp'n. Indeed, Plaintiffs' Opposition provides only that "Plaintiffs submit to the court's discretion on the motion to dismiss." *Id.* at 1-2. Farmers thereafter filed an Opposition to Plaintiffs' Motion for Sanctions. *See* Def.'s Opp'n to Mot. for Sanctions, Docket No. [19]. Plaintiffs subsequently filed a Reply, s*ee* Pls.' Reply in Support of Mot. for Sanctions, Docket No. [20], and briefing is now complete as to both Farmers' Motion to Dismiss, as supplemented, and Plaintiffs' Motion for Sanctions.

## II.  LEGAL STANDARDS

   A.     *Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6).*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead,

---

[4] The Court notes that, pursuant to the D.C. Circuit's decision in *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court issued an Order on February 4, 2009, advising "Plaintiffs that they must respond to Farmers' Motion to Dismiss by no later than March 13, 2009," or the "Court shall treat the motion as conceded and dismiss Plaintiffs' Complaint." 2/4/09 Order, Docket No. [16].

the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 127 S. Ct. at 1965 (citations omitted).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged.").

      Where, as here, an action is brought by a *pro se* plaintiff, albeit an attorney representing himself, the Court must take particular care to construe the plaintiff's filings liberally for such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (D.C. Cir. 1999); *see also Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).  The District of Columbia Circuit has instructed that lower courts may use supplemental materials to clarify a *pro se* plaintiff's claims without converting a motion to dismiss into one for summary judgment.  *See Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (explaining that lower courts may "consider supplemental material filed by a pro se litigant in order to clarify the precise claims being urged") (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1054 (D.C. Cir. 1998)).  The Court is nevertheless mindful that "a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting *Crisafi v. Holland*, 655

F.2d 1305, 1308 (D.C. Cir. 1981)).

## III. DISCUSSION

*A.     Farmers' Motion to Dismiss, as Supplemented*

Farmers seeks dismissal of Plaintiffs' Complaint for failure to state a claim pursuant to Rule 12(b)(6). Specifically, Farmers argues that: (1) Plaintiff Lilliard's claim should be dismissed because his claim is barred by the parties' release agreement; and (2) Plaintiff Coopers' claim should be dismissed for failure to state a claim under the CPPA. Def.'s Supp. MTD at 1-5. Plaintiffs fail to respond to either argument in their Opposition to Farmers' Supplemental Motion to Dismiss. *See generally* Pls.' Opp'n. As discussed above, Plaintiffs' Opposition does not directly address *any* of Farmers' arguments presented in its supplemental briefing, stating only that "Plaintiffs submit to the court's discretion on the motion to dismiss." *Id.* at 1-2. Plaintiffs have therefore conceded Farmers' motion. *Hopkins v. Women's Div., General Bd. of Global Ministries,* 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd* 98 Fed. Appx. 8 (D.C. Cir. 2004). Accordingly, the Court shall GRANT as conceded Farmers' Motion to Dismiss, as supplemented, and shall DISMISS the case in its entirety.[5]

*B.     Plaintiffs' Motion for Sanctions*

The Court turns next to Plaintiffs' Motion for Sanctions. Plaintiffs request the Court

---

[5] Given the Court's disposition of Farmers' Motion to Dismiss, the Court need not address Farmers' argument in the alternative that the case should be transferred to the District of Maryland.

award attorneys' fees and punitive damages against Farmers as a sanction "to punish Farmers for its abuse." Pls.' Mot. for Sanctions at 2. The Court easily dispenses with Plaintiffs' motion for sanctions, as it is entirely without merit. Farmers has consistently acted in a professional manner, timely responding to the Court's orders and taking all steps necessary to resolve the instant litigation. Plaintiffs' claims to the contrary are wholly unfounded. The Court therefore DENIES Plaintiffs' Motion for Sanctions.

## IV.  CONCLUSION

Accordingly, for the reasons stated above, the Court GRANTS as conceded Defendant's [5] & [14] Motion to Dismiss, as supplemented, pursuant to Federal Rule 12(b)(6). In addition, the Court DENIES Plaintiffs' [18] Motion for Sanctions. This case is therefore DISMISSED in its entirety. An appropriate order accompanies this memorandum opinion.

Date: April 14, 2009

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge